Joseph Hawkins Low IV (SBN. 194897)
LAW FIRM OF JOSEPH H. LOW IV
One World Trade Center, Suite 2320
Long Beach, CA 90831
(562) 901-0840
(562) 901-0841 Facsimile
joseph@jhllaw.com

Attorney for Plaintiffs
DAVID RIBOT, et al

**FILED**
CLERK, U.S. DISTRICT COURT

MAR 2 2 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV11  02404  RSWL FMOx

| | |
|---|---|
| DAVID RIBOT, PERRY HALL, JR., DEBORAH MILLS, ANTHONY BUTLER, JENNIFER BUTLER, JONATHAN LUNA, and LOIS BARNES, individually, and on behalf of all others similarly situated<br><br>        Plaintiff,<br><br>    vs.<br><br>FARMERS INSURANCE GROUP, FARMERS INSURANCE EXCHANGE, 21ST CENTURY INSURANCE COMPANY, and AIG INSURANCE SERVICES, INC<br><br>        Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

DAVID RIBOT, ANTHONY BUTLER, JENNIFER BUTLER, PERRY

HALL, JR., DEBORAH MILLS, JONATHAN LUNA and LOIS BARNES

individually, and on behalf of all others similarly situated (hereinafter, "Plaintiffs"

and "Class Members") bring this action on behalf of themselves and other former employees and present employees of Defendants, FARMERS INSURANCE GROUP, FARMERS INSURANCE EXCHANGE, (hereinafter "Farmers Defendants"); 21ST CENTURY INSURANCE COMPANY, and AIG INSURANCE SERVICES, INC. (hereinafter, "21st Century Defendants") to recover unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs and would respectfully show as follows:

# I.

# OVERVIEW

1.1    This is a collective/class action, seeking unpaid wages, compensation and interest thereon, liquidated damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under *inter alia,* the Fair Labor Standards Act §§ 5 and 7, 29 U.S.C. §§ 206 and 207, under the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended.

1.2    This action further invokes diversity jurisdiction and the supplemental jurisdiction of this Court to consider claims arising under California law (e.g., Title 8 of the California *Code of Regulations, Labor Code* §§ 200-204, inclusive, 216-218.5, 221, 223, 226, 226.7, 400-410, 510, 1174, 1194, 1194.2, 1197 and 2802, *Business and Professions Code* §§ 17200 et seq. and *Code of Civil Procedure* § 1021.5; Texas law, Kansas law and Michigan law.

1.3    The Representative Plaintiffs bring this action on behalf of themselves and all other persons similarly situated (hereinafter referred to as the "Class Members," the "Plaintiff Classes" and/or, more specifically, the "FLSA Class," "California Class," "Kansas Class," "Texas Class" and "Michigan Class" who are, or have been, employed by the Defendants as Customer Service Representative ("CSR") or similar job position at Defendants' call centers within the applicable statutory periods.

///

1.4    The Farmers Defendants provide insurance services to consumers nationwide through its call centers.  The Farmers Defendants' practice and policy is to deny wages and overtime pay to its Customer Service Representatives ("CSR") employees at its call center facilities.  The Farmers Defendants' deliberate failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), California law, Kansas law, Texas law and Michigan law.

1.5    Named Plaintiffs, DAVID RIBOT, ANTHONY BUTLER, JENNIFER BUTLER PERRY HALL, JR., DEBORAH MILLS, JONATHAN LUNA and LOIS BARNES previously worked as Customer Service Representatives at the Farmers Defendants' call center facilities in:  Simi Valley, California; Woodland Hills, California; Austin, Texas; Round Rock, Texas; Overland Park, Kansas; Olathe, Kansas; and Grand Rapids, Michigan.  Named Plaintiffs ANTHONY BUTLER and JENNIFER BUTLER, previously worked as Customer Service Representatives at the 21st Century Insurance call center in Woodland Hills, California prior to 2009.

1.6    The United States Supreme Court recently held that, among other things, preparatory work duties that are integral and indispensable to the principal work activity are compensable under the FLSA. *IBP, Inc. v. Alvarez,* 126 S. Ct. 514 (2005). *Alvarez* arose in the donning and doffing context in a meat processing plant, and its holding is directly applicable to the customer service call centers operated by Defendants.

1.7    Plaintiffs, and similarly situated employees, engage in numerous preparatory activities, as well as related work activities performed over breaks and at the end of the work day, that are integral and indispensable for them to perform their customer service duties.  It is the policy and practice of all Defendants not to pay Customer Service Representatives for this work time, and consequently Customer Service Representatives are consistently working "off the clock," and

1  over 40 hours, without regular or overtime pay.  Accordingly, under the holding of

2  *Alvarez*, as well as under consistent rulings and interpretations of the United States

3  Department of Labor, Plaintiffs and all similarly situated employees are entitled to

4  compensation for the time they spend working pre-shift, post-shift and over unpaid

5  meal breaks.

6       1.8    During the respective statutory Class Periods, Defendants have had a

7  consistent policy of (1) permitting, encouraging, and/or requiring their non-exempt

8  "Customer Service Representatives," including the Representative Plaintiffs and

9  class members, to work uncompensated hours "off-the-clock" without paying them

10  compensation as required by the FLSA,  California law, Texas law,  Kansas law

11  and Michigan law; and (2) willfully failing to provide accurate wage statements of

12  the total number of hours each of them worked, and the applicable deductions.

13       1.9   The Fair Labor Standards Act of 1938, as amended, §§ 201 et seq.,

14  (hereinafter referred to as "the Act" or the "FLSA") provides  minimum standards

15  for wages and details administrative procedures by which covered work time must

16  be compensated.  The FLSA provides the Federal Courts with substantial authority

17  to stamp out labor abuses such as those at issue in this Complaint.

18       1.10  According to Congressional findings, the existence of labor conditions

19  detrimental to the maintenance of the minimum standard of living engenders unfair

20  commercial competition, labor disputes, barriers to commerce and the free flow of

21  goods in commerce, and interferes with the orderly fair marketing of goods.

22       1.11  California's *Labor Code* and Industrial Welfare Commission Wage

23  Orders provide even more expansive protection to hourly workers, including, but

24  not necessarily limited to, pay for all hours worked.

25  ///

26  ///

27

28

1.12  On information and belief the Representative Plaintiffs allege that, within the Class Periods, Defendants have operated numerous call centers throughout the United States.  In so doing, Defendants have employed thousands of individuals in recent years in hourly non-exempt "Customer Service Representative" positions or similar positions, and failed to pay them for all hours worked and failed to pay overtime wages under the FLSA.

1.13  Despite actual knowledge of these facts and legal mandates, Defendants have enjoyed an advantage over their competition and have disadvantaged their workers by electing not to pay these employees for all hours worked.

1.14  The Representative Plaintiffs are informed and believe and, based thereon, allege that officers of the Defendants knew of these facts and legal mandates, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

1.15  Despite Defendants' knowledge of the Plaintiff Classes' entitlement to compensation for all hours worked and overtime wages for all applicable work periods, Defendants failed to provide the same to members of the Plaintiff Classes in violation of the FLSA and California state statutes, Industrial Welfare Commission Orders, Title 8 of the California *Code of Regulations*, Kansas law, Texas Law and Michigan law.

1.16  This action is brought to redress and end this long-time pattern of unlawful conduct.

## II.

## PLAINTIFFS

2.1    The Representative Plaintiff, DAVID RIBOT, is an individual who resides in Canyon Country, California.  Plaintiff was employed by the Farmers Defendants, in Simi Valley, California, as a Customer Service Representative during the relevant statutory period.  Plaintiff was not compensated for all time

worked nor did he receive overtime compensation or benefits for hours worked in excess of forty (40) hours per week. RIBOT'S consent to this action is filed herewith as Exhibit "A."

2.2    Plaintiff, ANTHONY BUTLER, is an individual who resides in Van Nuys, California. Plaintiff was employed by the 21st Century Defendants and the Farmers Defendants, in Woodland Hills, California as a Customer Service Representative during the relevant statutory period. Plaintiff was not compensated for all time worked nor did he receive overtime compensation or benefits for hours worked in excess of 40 hours per week. BUTLER'S consent to this action is filed herewith as Exhibit "B."

2.3    Plaintiff, JENNIFER BUTLER, is an individual who resides in Van Nuys, California. Plaintiff was employed by 21st Century Defendants and the Farmers Defendants, in Woodland Hills, California as a Customer Service Representative during the relevant statutory period. Plaintiff was not compensated for all time worked nor did she receive overtime compensation or benefits for hours worked in excess of 40 hours per week. BUTLER'S consent to this action is filed herewith as Exhibit "C."

2.4    Plaintiff, PERRY HALL, JR., is an individual who resides in Pflugerville, Texas. Plaintiff was employed by the Farmers Defendants in Austin, Texas as a Customer Service Representative during the relevant statutory period. Plaintiff was not compensated for all time worked nor did he receive overtime compensation or benefits for hours worked in excess of 40 hours per week. HALL'S consent to this action is filed herewith as Exhibit "D."

2.5    Plaintiff, DEBORAH MILLS, is an individual who resides in Kansas City, Missouri. Plaintiff was employed by the Farmers Defendants in Olathe, Kansas as a Customer Service Representative during the relevant statutory period. Plaintiff was not compensated for all time worked nor did she receive overtime

compensation or benefits for hours worked in excess of 40 hours per week.
MILLS' consent to this action is filed herewith as Exhibit "E."

2.6   Plaintiff, LOIS BARNES, is an individual who resides in Grand
Rapids, Michigan. Plaintiff was employed by the Farmers Defendants in Grand
Rapids, Michigan as a Customer Service Representative during the relevant
statutory period.  Plaintiff was not compensated for all time worked nor did she
receive overtime compensation or benefits for hours worked in excess of 40 hours
per week.  BARNES' consent to this action is filed herewith as Exhibit "F."

2.7   Plaintiff, JONATHAN LUNA, is an individual who resides in Round
Rock, Texas.   Plaintiff was employed by the Farmers Defendants in Round Rock,
Texas as a Customer Service Representative during the relevant statutory period.
Plaintiff was not compensated for all time worked nor did he receive overtime
compensation or benefits for hours worked in excess of 40 hours per week.
LUNA'S consent to this action is filed herewith as Exhibit "G."

2.8   As used throughout this Complaint, the terms "Class Members"
and/or "Plaintiff Classes" refer to the named Plaintiffs herein as well as each and
every person eligible for membership in the Plaintiff Classes, as further described
and defined below.

## III.

## DEFENDANTS

3.1   Defendant, FARMERS INSURANCE GROUP, is a corporation duly
organized and existing under the laws of the State of California, having its
principal office and place of business located in the City of Los Angeles, State of
California, within the territorial jurisdiction of this Court, and, at all times
hereinafter mentioned, defendant employed Plaintiffs and Class Members in
several states.  FARMERS INSURANCE GROUP can be served through its
registered agent for service, Doren E. Hohl, 4680 Wilshire Blvd., Los Angeles,

California 90010.  Farmers Insurance Group does business in the State of California and nationwide.

    3.2     Defendant, FARMERS INSURANCE EXCHANGE, is a foreign reciprocal insurance exchange that is among a group of other insurance entities that utilize "Farmers Insurance Group of Companies" service mark.  On information and belief, Defendant's principal place of business is in the state of California. However, Defendant does business, and maintains offices, in states throughout the United States. Defendant, FARMERS INSURANCE EXCHANGE, may be served through its attorney for service, Chris Granger, 15700 Long Vista Drive, Austin, Texas 78728-3822.

    3.3     Defendant, 21ST CENTURY INSURANCE COMPANY, is a corporation duly organized and existing under the laws of the State of Delaware, having its principal office and place of business located in the State of California, within the territorial jurisdiction of this Court, and, at all times hereinafter mentioned, defendant employed Plaintiffs and Putative Class Members in several states. 21ST CENTURY INSURANCE COMPANY can be served through its registered agent for service, Corporation Service Company which does business in California as CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 65833.

    3.4     Defendant, AIG INSURANCE SERVICES, INC., is a corporation duly organized and existing under the State of California, having its principal office and place of business located in  the State of California, within the territorial jurisdiction of this Court, and, at all times hereinafter mentioned, Defendant employed Plaintiffs and Putative Class Members in several states. AIG INSURANCE SERVICES, INC. can be served through its registered agent for service, Ronita Zargari, 5715 Califa Pl., Woodland Hills, California 91367.

## IV.

## JURISDICTION AND VENUE

4.1    This Court has jurisdiction of this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., including under 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. § 1131), diversity jurisdiction under 28 U.S.C. § 1332, and supplemental jurisdiction to consider claims arising under California, Kansas, Texas and Michigan state law, pursuant to U.S.C. § 1367.

4.2    Jurisdiction is also invoked pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 14. The requirements of 28 U.S.C. § 1332 (d)(1) are met, in that the aggregate amount in controversy exceeds $5,000,000 (five million dollars) exclusive of interest and costs, and numerous class members are citizens of states other than those states in which one or more defendants are citizens. Upon information and belief, less than one-third of the Class members are citizens of California.

4.3    Jurisdiction in this Court is also proper under 28 U.S.C. § 1332(d)(2) because the representative plaintiffs, DAVID RIBOT, ANTHONY BUTLER AND JENNIFER BUTLER, are citizens of California while many of the proposed class members are citizens of states other than California.

4.4    Venue as to the Farmers Defendants is proper in this judicial district, pursuant to 28 U.S.C. § 1391. The Farmers Defendants maintain offices in the Central District of California, transact business, have agents, and are otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on the Representative Plaintiffs and those similarly situated within the State of California and within this judicial district. The Farmers Defendants operate said facilities and have employed numerous Class Members in this judicial district as well as throughout the State of California

4.5    Venue as to 21st Century is proper in this judicial district, pursuant to 28. U.S.C. § 1391. 21st Century maintains offices in the Central District of California, transact business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process.  The unlawful acts alleged herein have a direct effect on the Representative Plaintiffs and those similarly situated within the State of California and within this judicial district.  21st Century operates said facilities and has employed numerous Class Members in this judicial district as well as throughout the State of California.

4.6    Venue as to the AIG Insurance Services Inc. is proper in this judicial district, pursuant to 28. U.S.C. § 1391.  AIG Insurance Services Inc. maintains offices in the Central District of California, transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process.  The unlawful acts alleged herein have a direct effect on the Representative Plaintiffs and those similarly situated within the State of California and within this judicial district.  AIG Insurance Services Inc. operates said facilities and has employed numerous Class Members in this judicial district as well as throughout the State of California.

## V.

## COVERAGE UNDER THE FLSA

5.1    At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

5.2    At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

5.3    At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that they have and continue to have employees engaged in commerce, or employees handling selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and

in that said enterprises have had an annual gross volume of sales made or business none of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated). During the respective periods of Plaintiffs' and Class Members' employment by Defendants, Plaintiffs and Putative Class Members provided services for Defendants that involved interstate commerce. In performing the operations herein above described, Plaintiffs and Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the Act. (29 USCA §§ 203(b), 203(i), 203(j), 206(a), 207(a)).

    5.4   At all times hereinafter mentioned, Plaintiffs and Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

    5.5   During the relevant time period, FARMERS INSURANCE GROUP, FARMERS INSURANCE EXCHANGE, 21ST CENTURY INSURANCE COMPANY and AIG through their employees, created, ratified and implemented an unlawful payment scheme. Thus, FARMERS INSURANCE GROUP, FARMERS INSURANCE EXCHANGE, 21ST CENTURY INSURANCE COMPANY, and AIG have acted directly or indirectly as employers with respect to the named Plaintiffs and Putative Class Members within the meaning of the FLSA.

    5.6   The class of similarly situated employees, i.e., class members sought to be certified under 29 U.S.C. § 216(b) is defined as "all current and former employees of Defendants, Farmers Insurance Group, Farmers Insurance Exchange, 21st Century Insurance Company and AIG Insurance Services Inc., that held the position of "Customer Service Representative" or similar position during the relevant statutory period." The precise size and identity of the Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants, and their related and affiliated entities.

# VI.

# FACTS

6.1    The Farmers Defendants operate call centers in several states across the country.  Upon information and belief, Farmers operated/operates call centers in the following locations: Simi Valley, California; Woodland Hills, California; Austin, Texas; Round Rock, Texas; Overland Park, Kansas; Olathe, Kansas; and Grand Rapids, Michigan.

6.2    Prior to its acquisition by Farmers Insurance Group in 2009, 21st Century Insurance Company operated a call center in Woodland Hills, California. 21st Century Insurance was a wholly owned subsidiary of AIG until 2009 when AIG sold the 21st Century Insurance Company to Farmers Insurance Group.

6.3    The principal job duty of a Customer Service Representative is to handle in-bound telephone calls from insurance agents and policyholders, to answer questions concerning home and automobile insurance policies, provide agents with technical support, underwriting advice, and assistance with billing and customer service to policy holders.

6.4    Defendants paid Plaintiffs and its other Customer Service Representative workers on an hourly basis, and classified Plaintiffs and other Customer Service Representatives as "non-exempt" under the FLSA.

6.5    According to Defendants' policies, Customer Service Representatives must be "ready to work" at the beginning of their scheduled shift.  "Ready to work" means that the Customer Service Representative must be ready to answer a call from a customer.

6.6    A number of critical tasks must be performed before a Customer Service Representative is ready to answer a call from a customer.  Those tasks include: (1) booting up computers; (2) logging onto the company network; (3) opening relevant computer programs; and (4) completing other essential tasks. Customer Service Representatives perform these essential tasks before their shift

begins. Additionally, Plaintiffs are often required to work after their shifts are completed, when a phone call carries over after the end of their shift.

6.7    Defendants do not pay their Customer Service Representatives for these integral and indispensable tasks that are necessary for the Customer Service Representatives' principal activity of assisting Defendants' customers. Moreover, the time spent performing these tasks is not recorded by Defendants.

6.8    The net effect of the Defendants' policy and practice, instituted and approved by company managers, is that Defendants willfully fail to pay regular and overtime compensation and willfully failed to keep accurate time records in order to save payroll costs. Defendants enjoy ill-gained profits at the expense of its hourly employees.

6.9    Because they share common management, as well as common payroll policies and practices, Defendants' are liable to Customer Service Representatives for their unpaid wages and overtime.

## VII.

## COLLECTIVE ACTION ALLEGATIONS

7.1    Plaintiffs, DAVID RIBOT, PERRY HALL, JR., DEBORAH MILLS, ANTHONY BUTLER, JENNIFER BUTLER, JONATHAN LUNA, and LOIS BARNES bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons similarly situated and proximately damaged by Defendants' unlawful conduct.

7.2    The class of similarly situated employees, i.e. class members sought to be certified under 29 U.S.C. § 216(b) consist of Plaintiffs and class members employed by the Farmers Defendants and 21st Century Defendants that held the positions of "Customer Service Representative" or similar job position within the applicable statutory periods.

7.3    The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

7.4    Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record all hours worked, failing to pay employees for all time worked, and failing to pay employees overtime compensation for all hours over 40 hours per week.

7.5    All claims involving the FLSA Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

7.6    The number and identity of other Plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action

## COUNT I.

### (Claim for Violation of the Fair Labor Standards Act of 1938 Against All Defendants)

7.7    Plaintiffs' reassert and re-allege the allegations set forth in paragraphs 1.1 through 7.6.

7.8    At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits under the FLSA, 29 U.S.C. §§ 201, *et seq.*

7.9    The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

7.10    Defendants are subject to the overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

7.11  Defendants violated the FLSA by failing to pay for overtime.  In the course of perpetrating this unlawful practice, Defendants have also willfully failed to keep accurate records of all hours worked by their employees.

7.12  Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Plaintiffs.

7.13  Plaintiffs and all similarly situated employees are victims of uniform company-wide compensation policies of the Defendants.  These uniform policies, in violation of the FLSA, have been applied to all Customer Service Representatives, and similar job positions in the Farmers Defendants Simi Valley, California, Woodland Hills, California, Austin, Texas, Round Rock, Texas, Overland Park, Kansas, Olathe, Kansas and Grand Rapids, Michigan facilities, and in the 21st Century Defendants' Woodland Hills facility.   Upon information and belief, the Farmers Defendants continue to apply the same unlawful compensation policy to its hourly employees in its other call centers located nationwide.

7.14  Plaintiffs, and all similarly situated employees, are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, and periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard with regard to its practices prohibited by the FLSA.

7.15  Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendants

did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.

## CALIFORNIA CLASS ACTION ALLEGATIONS

8.1    The California Representative Plaintiffs, DAVID RIBOT, ANTHONY BUTLER and JENNIFER BUTLER, bring this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by the Farmers' Defendants' conduct, including, but not necessarily limited to, the following Plaintiff Classes:

Farmers' California Class:
All persons who are, or have been, employed by Defendant Farmers Insurance Group in the State of California as "Customer Service Representatives" or in a similar job position  within the applicable statutory periods.

8.2    Representative Plaintiffs, ANTHONY BUTLER and JENNIFER BUTLER bring this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by 21st Century Insurance and AIG's conduct, including, but not necessarily limited to, the following Plaintiff Class:

21st Century Insurance California Class:
All persons who are, or have been, employed by Defendant 21st Century Insurance Group in the State of California as a "Customer Service Representative" or in a similar job position  within the applicable statutory periods.

8.3    The Farmers and 21st Century Defendants and their officers and directors are excluded from each of these Classes.

## COUNT 2.

### (Claim For Failure to Pay Wages Owed in Violation of California Law Against All Defendants)

### (CALIFORNIA CLASSES)

8.4    The California Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.5    The California Representative Plaintiffs allege, on information and belief, that, as detailed more fully above, the Farmers Defendants and the 21st Century Defendants engaged in a company-wide practice of requiring and encouraging Plaintiffs and members of the Putative Class to work compensable hours "off the clock" and without pay.  As a result of the company-wide policy Plaintiffs and Class Members were not compensated for all the time they worked.

8.6    During the Class Period, and at all times relevant in this Complaint, the laws of the State of California require an employer to pay their employees for all time the employer knows, or has reason to know, that an employee is working. In California, all time spent working for the benefit of the employer is deemed hours worked.

8.7    During the Class Period, and at all times relevant in this Complaint, the Representative Plaintiff and Class Members were paid on an hourly basis and were not exempt from pay requirements under California law.  The Representative Plaintiffs and Class Members are entitled to be paid for all hours worked including time and a half for all hours over 40 per week.

8.8    All Defendants failed and refused, and the Farmer's Defendants continue to fail and refuse, to pay putative class members all compensation owed for all hours worked as required by California wage and hour laws.

8.9    The Defendants' conduct described in this Complaint violates the provisions of Wage Order 17-2001 and California *Labor Code* § 1194.

8.10  As a result of the actions of the Defendants in failing and refusing to pay all wages owed, the California Representative Plaintiffs and Class Members were damaged by not receiving all wages which they were entitled to receive under law, but did not receive.  The Representative Plaintiffs and Class Members are entitled to compensation for unpaid wages, together with pre-judgment interest.

8.11  The California Representative Plaintiffs and Class Members are entitled to receive and award of liquidated damages, and reasonable attorneys' fees and costs pursuant to California *Labor Code* § 1194.

## COUNT 3.

### (Claim for Failure to Provide Accurate Wage Statements in Violation of California *Labor Code* § 226 and California Wage Order 17-2001 Against all Defendants)

### (CALIFORNIA CLASSES)

8.12  The California Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.13  California *Labor Code* § 226, and California Wage Order 17-2001 require that an employer maintain and provide its employees with accurate itemized wage statements.  Under the California *Labor Code,* these itemized wage statements, when provided to non-exempt employees, must show the employee's gross wages earned, the total hours worked, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.  During the Class Period, the Defendants had a policy and practice whereby they knowingly failed to provide the Representative Plaintiffs and Class Members with wage statements that itemized the gross wages and the total hours worked.  The Defendants maintained this policy and practice notwithstanding their knowledge that the Representative Plaintiffs and Class

8.14  Members were working off-the-clock and were entitled to itemized wage statements documenting all the hours that they worked pursuant to *Labor Code* § 226(a).

8.15  As a result of the acts of the Defendants, the California Representative Plaintiff and Class Members are entitled damages, costs, and attorney fees as outlined in California *Labor Code* § 226(e), and are entitled to recovery of such amounts and any related penalties, interest, and attorney's fees and costs as specified herein.

## COUNT 4.

### (Claim for Breach of Contract Against All Defendants)
### (CALIFORNIA CLASSES)

8.16  The California Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.17  Plaintiffs and Defendants entered into employment agreements whereby Plaintiffs agreed to perform customer services for Defendants and, in return, Defendants agreed to compensate Plaintiffs for all their time worked.

8.18  The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration.  Plaintiffs have performed all conditions precedent, if any, required of Plaintiffs under the agreements.

8.19  Defendants failed and refused to perform their obligations in accordance with the terms and conditions of the agreement by failing to pay Plaintiffs for all time worked on behalf of Defendants.

8.20  Plaintiffs were thereby damaged in an amount to be determined at trial.

///
///

## COUNT 5.

### (Claim for Quantum Merit/Unjust Enrichment Against All Defendants)
### (CALIFORNIA CLASSES)

8.21  The California Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.22  Plaintiffs conferred a benefit upon Defendants by working on their behalf without compensation.

8.23  Defendants had an appreciation or knowledge of the benefit conferred by Plaintiffs.

8.24  Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

8.25  Defendants have been unjustly enriched by receiving the services of Plaintiffs and Class Members without making proper payment for those services.

## COUNT 6.
### (Request for Accounting by All Defendants)
### (CALIFORNIA CLASSES)

8.26  The California Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.27  The Plaintiffs and Putative Class Members are owed wages which equal the sum of unpaid wages and overtime compensation not paid by Defendants to the Plaintiffs and Putative Class Members.

8.28  The Plaintiffs and Putative Class Members do not know the precise amount of compensation due to the Plaintiffs and Putative Class Members. Defendants possess records from which the amount of compensation due and owing to each of the members of the Plaintiff Class herein can be determined.

8.29  The amount of interest and penalties owed to Plaintiffs and Putative Class Members is based on the amount of compensation owed to members of the Class by Defendant.  This amount can only be determined by an accounting of books and records in the possession of Defendant.

## COUNT 7.

### (Claim For Unfair Competition/Violation of *Business and Professions Code* § 17200 Against All Defendants)

### (CALIFORNIA CLASSES)

8.30  The California Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.31  The Representative Plaintiffs bring this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein.

8.32  The above-referenced actions by the Farmers Defendants, 21st Century Insurance and AIG including, but not limited to, the failure to pay the California Representative Plaintiffs and Class Members for all hours worked constitutes unlawful conduct and violations of law.  These actions also constitute unfair business practices.  As such, the Defendants' conduct amounts to unfair business practices in violation of *Business and Professions Code* § 17200, *et seq.*

8.33  The California Representative Plaintiffs are informed and believe that the Farmers Defendants continue their unlawful and unfair conduct as described herein.  As a result of this conduct, Defendants have unlawfully and unfairly obtained monies due to the Representative Plaintiffs and Class Members.

8.34  The California Representative Plaintiffs and Class Members are entitled to restitution of all monies due them, as well as disgorgement of the ill-gotten gains obtained by Defendants as a result of their unlawful and unfair conduct during the Class Period.

8.35  The California Representative Plaintiffs are entitled to attorneys' fees and costs for promoting the interest of the members of the general public in causing Defendants to cease their unfair business practices, according to proof.

## KANSAS CLASS ACTION ALLEGATIONS

8.36  Representative Plaintiff, DEBORAH MILLS brings this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Farmers Defendants' conduct, including, but not necessarily limited to, the following Plaintiff Class:

Kansas Class:
All persons who are, or have been, employed by Defendant, Farmers Insurance Exchange and/or Farmers Insurance Group in the State of Kansas as a "Customer Service Representatives" or in a similar job position  within the applicable statutory periods.

8.37  Defendant, Farmers and 21st Century Defendants and their officers and directors are excluded from each of these Classes.

### COUNT 8.
### (Claim For Failure to Pay Wages Owed in Violation of Kansas Law Against Farmers Defendants)
### (KANSAS CLASS)

8.38  The Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.39  The Representative Plaintiff alleges, on information and belief, that, as detailed more fully above, that Farmers Defendants engage in a company-wide practice of requiring and encouraging members of the Putative Class to work compensable hours "off the clock" and without pay.  As a result of the company wide policy members of the Putative Class were not compensated for all time they worked.

8.40  During the Class Period, and at all times relevant in this Complaint, the laws of the State of Kansas require an employer, to pay non-exempt employees wages for labor or services rendered by an employee, whether computed on a time, task piece, commission, or other basis at least once per month.

8.41  During the Class Period, and at all times relevant in this Complaint, the Representative Plaintiff and Class Members were paid on an hourly basis and were not exempt from pay requirements under the FLSA. Kansas Wage Payment Act, K.S.A. §44-313 & 44-314.  The Representative Plaintiff and Class Members are entitled to be paid for all hours worked.

8.42  The Farmers Defendants have failed and refused, and continue to fail and refuse, to pay the Putative Class Members all compensation owed for all hours worked as required by Kansas laws thus, the Farmers Defendants are required to pay Plaintiffs and Class Members  penalties under the Kansas Wage Payment Act, K.S.A. §44-315.

8.43  The Farmers Defendants' conduct described in this Complaint violates the provisions of Kansas Wage Payment Act, K.S.A. §44-312, et seq.

8.44  As a result of the actions of the Farmers Defendants in failing and refusing to pay all wages owed, the Representative Plaintiff and Class Members were damaged by not receiving all wages which they were entitled to receive under law.  The Representative Plaintiff and Class Members are entitled to compensation for unpaid wages, together with penalties and pre-judgment interest, attorney's fees and costs.

## COUNT 9.

### (Claim for Breach of Contract Against Farmers Defendants)
### (KANSAS CLASS)

8.45  The Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.46  Plaintiffs and the Farmers Defendants entered into employment agreements whereby Plaintiffs agreed to perform customer services for the Farmers Defendants and, in return, the Farmers Defendants agreed to compensate Plaintiffs for all their time worked.

8.47  The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration. Plaintiffs have performed all conditions precedent, if any, required of Plaintiffs under the agreements.

8.48  The Farmers Defendants failed and refused to perform their obligations in accordance with the terms and conditions of the agreement by failing to pay Plaintiffs and Putative Class members for all time worked on behalf of Defendants.  Plaintiffs were thereby damaged in an amount to be determined at trial.

## COUNT 10.

### (Claim for Quantum Merit/Unjust Enrichment Against Farmers Defendants)
### (KANSAS CLASS)

8.49  The Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.50  The Representative Plaintiff and putative class members conferred a benefit upon the Farmers Defendants by working on their behalf without compensation.

8.51  The Farmers Defendants had an appreciation or knowledge of the benefit conferred by Plaintiffs.

8.52  The Farmers Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

8.53   Defendants have been unjustly enriched by receiving the services of Plaintiffs and Class Members without making proper payment for those services.

## COUNT 11.

### (Request for Accounting by All Defendants)

### (KANSAS CLASSES)

8.54  The Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.55  The Representative Plaintiff and Putative Class Members are owed wages which equal the sum of unpaid wages and overtime compensation not paid by Defendants to the Plaintiff and Putative Class Members.

8.56  The Representative Plaintiff and Putative Class Members do not know the precise amount of compensation due to the Plaintiff and Putative Class Members.  Defendants possess records from which the amount of compensation due and owing to each of the members of the Plaintiff Class herein can be determined.

8.57  The amount of interest and penalties owed to Plaintiff and Putative Class Members is based on the amount of compensation owed to members of the Class by Defendant.  This amount can only be determined by an accounting of books and records in the possession of Defendant.

## TEXAS CLASS ACTION ALLEGATIONS

8.58   Representative Plaintiffs, PERRY HALL and JONATHAN LUNA bring this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by the Farmers Defendants' conduct, including, but not necessarily limited to, the following Plaintiff Class:

Texas Class:
All persons who are, or have been, employed by Defendant, Farmers Insurance Group and /or Farmers Insurance Exchange

in the State of Texas as a "Customer Service Representatives" or in a similar job position  within the applicable statutory periods.

8.59    Farmers and 21st Century Defendants and their officers and directors are excluded from each of these Classes.

## COUNT 12.

### (Claim For Failure to Pay Wages Owed in Violation of Texas Law Against Farmers Defendants)

### (TEXAS CLASS)

8.60    The Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.61    The Representative Plaintiffs allege, on information and belief, that, as detailed more fully above, the Farmers Defendants engaged in a company-wide practice of requiring and encouraging Customer Service Representatives to work compensable hours "off the clock" and without pay.  As a result of the company wide policy the Representative Plaintiffs and members of the Putative Class were not compensated for all time they worked

8.62    During the Class Period, and at all times relevant in this Complaint, the laws of the State of Texas  require an employer, to pay non-exempt employees wages for labor or services rendered by an employee, whether computed on a time, task piece, commission, or other basis at least twice per month. TEX. LAB. CODE ANN. § 61.001(7) & 61.011(b).

8.63    During the Class Period, and at all times relevant in this Complaint, the Representative Plaintiffs and Class Members were paid on an hourly basis and were not exempt from pay requirements under the FLSA or Texas law.  The Representative Plaintiffs and Class Members are entitled to be paid for all hours worked.

8.64    The Farmers Defendants have failed and refused, and continue to fail and refuse, to pay the Representative Plaintiffs and Class Members all compensation owed for all hours worked as required by Texas wage and hour laws.

8.65    The Farmers Defendants' conduct described in this Complaint violates the provisions of TEX. LAB. CODE ANN. § 61.001(a) , et seq.

8.66    As a result of the actions of the Farmers Defendants in failing and refusing to pay all wages owed, the Representative Plaintiffs and Class Members were damaged by not receiving all wages which they were entitled to receive under law. The Representative Plaintiffs and Class Members are entitled to compensation for unpaid wages, together with pre-judgment interest.

8.67    The Representative Plaintiffs and Class Members are entitled to receive an award of unpaid wages, liquidated damages, and reasonable attorneys' fees and costs pursuant to Texas Civil Practice and Remedies Code §38.001 et seq.

## COUNT 13.

### (Claim for Breach of Contract Against Farmers Defendants)

### (TEXAS CLASS)

8.68    The Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.69    Plaintiffs and the Farmers Defendants entered into employment agreements whereby Plaintiffs agreed to perform customer services for the Farmers Defendants and, in return, the Farmers Defendants agreed to compensate Plaintiffs for all their time worked.

8.70    The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration. Plaintiffs have performed all conditions precedent, if any, required of Plaintiffs under the agreements.

8.71    Defendants failed and refused to perform their obligations in accordance with the terms and conditions of the agreement by failing to pay Plaintiffs for all time worked on behalf of Defendants.  Plaintiffs were thereby damaged in an amount to be determined at trial.

## COUNT 14.

### (Claim For Action For Debt Against Farmers Defendants)

### (TEXAS CLASS)

8.72    The Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.73    Defendants failure to pay wages for all the time that the Plaintiffs and Class Members worked resulted in a debt owed to Plaintiffs and Class Members. Defendants' failure to pay this debt is a violation of Texas common law.

## COUNT 15.

### (Claim for Quantum Merit/Unjust Enrichment Against Farmers Defendants)

### (TEXAS CLASS)

8.74    The Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.75    The representative Plaintiffs and Putative Class Members conferred a benefit upon Defendants by working on their behalf without compensation.

8.76    Defendants had an appreciation or knowledge of the benefit conferred by Plaintiffs.

8.77    Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

8.78    Defendants have been unjustly enriched by receiving the services of Plaintiffs and Class Members without making proper payment for those services.

## COUNT 16.

### (Request for Accounting by All Defendants)
### (MICHIGAN CLASSES)

8.79  The Michigan Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.80  The Plaintiffs and Putative Class Members are owed wages which equal the sum of unpaid wages and overtime compensation not paid by Defendants to the Plaintiffs and Putative Class Members.

8.81  The Plaintiffs and Putative Class Members do not know the precise amount of compensation due to the Plaintiffs and Putative Class Members. Defendants possess records from which the amount of compensation due and owing to each of the members of the Plaintiff Class herein can be determined.

8.82  The amount of interest and penalties owed to Plaintiffs and Putative Class Members is based on the amount of compensation owed to members of the Class by Defendant.  This amount can only be determined by an accounting of books and records in the possession of Defendant.

## MICHIGAN CLASS ACTION ALLEGATIONS

8.83   Representative Plaintiff, LOIS BARNES brings this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by the Farmers Defendants' conduct, including, but not necessarily limited to, the following Plaintiff Class:

Michigan Class:
All persons who are, or have been, employed by Defendant, Farmers Insurance Group and /or Farmers Insurance Exchange in the State of Michigan as a "Customer Service Representatives" or in a similar job position  within the applicable statutory periods.

8.84   Farmers and 21st Century Defendants and their officers and directors are excluded from each of these Classes.

## COUNT 17.

### (Claim For Failure to Pay Wages Owed in Violation of Michigan Law Against Farmers Defendants)

### (MICHIGAN CLASS)

8.85   The Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.86   The Representative Plaintiff alleges, on information and belief, that, as detailed more fully above, the Farmers Defendants engaged in a company-wide practice of requiring and encouraging Customer Service Representatives to work compensable hours "off the clock" and without pay.  As a result of the company wide policy the Representative Plaintiff and members of the Putative Class were not compensated for all time they worked

8.87   During the Class Period, and at all times relevant in this Complaint, the laws of the State of Michigan require an employer, to pay non-exempt employees minimum hourly wages for labor or services rendered by an employee. Michigan. Michigan Compiled Laws §408.383 and §408.384.

8.88   During the Class Period, and at all times relevant in this Complaint, the Representative Plaintiff and Class Members were paid on an hourly basis and were not exempt from pay requirements under the FLSA or Michigan law.  The Representative Plaintiff and Class Members are entitled to be paid for all hours worked.

8.89   The Farmers Defendants have failed and refused, and continue to fail and refuse, to pay the Representative Plaintiff and Class Members all compensation owed for all hours worked as required by Michigan  wage and hour laws.

8.90    The Farmers Defendants' conduct described in this Complaint violates the provisions of, Michigan Compiled Laws §408.383 and §408.384 et seq.

8.91    As a result of the actions of the Farmers Defendants in failing and refusing to pay all wages owed, the Representative Plaintiff and Class Members were damaged by not receiving all wages which they were entitled to receive under law.  The Representative Plaintiff and Class Members are entitled to compensation for unpaid wages and overtime wages together with pre-judgment interest.

8.92    Additionally, the Representative Plaintiff and Class Members are entitled to receive an award of liquidated damages, and reasonable attorneys' fees and costs pursuant to Michigan Compiled Laws §408.393

## COUNT 18.

### (Claim For Failure to Pay Overtime Wages in Violation of Michigan Law Against Farmers Defendants)

### (MICHIGAN CLASS)

8.93    The Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.94    Pursuant to Michigan Compiled Laws § 408.384a for all weeks during which the representative Plaintiff and the Michigan Class members worked in excess of 40 hours, Plaintiff and the Michigan Class members were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

8.95    The Farmers' Defendants did not pay Plaintiff and the Michigan Class Members one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

8.96    Defendant violated Michigan law by failing to compensate Plaintiff and the Michigan Class members at one and one-half times their regular hourly

rate of pay for all time worked in excess of 40 hours per week. Michigan Compiled Laws §408.384a

8.97    As a result of the actions of the Farmers Defendants in failing and refusing to pay all overtime wages owed, the Representative Plaintiff and Class Members were damaged by not receiving all wages which they were entitled to receive under law. The Representative Plaintiff and Class Members are entitled to compensation for unpaid overtime wages, together with pre-judgment interest.

8.98    The Representative Plaintiff and Class Members are entitled to receive an award of liquidated damages, and reasonable attorneys' fees and costs pursuant to Michigan Compiled Laws §408.393.

## COUNT 19.

### (Claim for Failure to Provide Accurate Wage Statements in Violation of Michigan Compiled Law §408.391Against the Farmers Defendants)

### (MICHIGAN CLASS)

8.99    The Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.100    Michigan Compiled Law § 408.391 requires that an employer "shall furnish the employee a statement of the hours worked by the employee and of the wages paid to him listing deductions made each pay period …" During the Class Period, the Farmers' Defendants had a policy and practice whereby they knowingly failed to provide the Representative Plaintiff and Michigan Class Members with wage statements that itemized their wages and the total hours worked. The Defendants maintained this policy and practice notwithstanding their knowledge that the Representative Plaintiff and Class Members were working off-the-clock and were entitled to itemized wage statements documenting all the hours that they worked.

8.101 As a result of the acts of the Farmers Defendants, the Representative Plaintiff and Class Members are entitled to damages, costs, and attorney fees as specified herein pursuant to Michigan Compiled Laws §408.393.

## COUNT 20.

### (Claim for Breach of Contract Against Farmers Defendants)
### (MICHIGAN CLASS)

8.102  The Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.103  The Representative Plaintiff and Putative Class members and the Farmers Defendants entered into employment agreements whereby the Representative and Putative Class Members Plaintiff agreed to perform customer services for the Farmers Defendants and, in return, the Farmers Defendants agreed to compensate Plaintiffs for all their time worked.

8.104  The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration. The Representative Plaintiff and Putative Class Members have performed all conditions precedent, if any, required of the Representative Plaintiff and the Putative Class Members under the agreements.

8.105  Defendants failed and refused to perform their obligations in accordance with the terms and conditions of the agreement by failing to pay the Representative Plaintiff and Putative Class members for all time worked on behalf of Defendants.  The Representative Plaintiff and the Putative Class Members were thereby damaged in an amount to be determined at trial.

///
///
///
///

## COUNT 21.

### (Claim for Quantum Merit/Unjust Enrichment Against Farmers Defendants)
### (MICHIGAN CLASS)

8.106 The Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.107 The representative Plaintiff and Putative Class Members conferred a benefit upon Defendants by working on their behalf without compensation.

8.108 Defendants had an appreciation or knowledge of the benefit conferred by Plaintiffs.

8.109 Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

8.110 Defendants have been unjustly enriched by receiving the services of Plaintiffs and Class Members without making proper payment for those services.

## COUNT 22.

### (Request for Accounting by All Defendants)
### (MICHIGAN CLASSES)

8.111 The Michigan Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8.112 The Representative Plaintiff and Putative Class Members are owed wages which equal the sum of unpaid wages and overtime compensation not paid by Defendants to the Representative Plaintiff and Putative Class Members.

8.113 The Representative Plaintiff and Putative Class Members do not know the precise amount of compensation due to the Representative Plaintiff and Putative Class Members. Defendants possess records from which the amount of

compensation due and owing to each of the members of the Plaintiff Class herein can be determined.

8.114 The amount of interest and penalties owed to Plaintiffs and Putative Class Members is based on the amount of compensation owed to members of the Class by Defendant. This amount can only be determined by an accounting of books and records in the possession of Defendant.

## GENERAL CLASS ACTION ALLEGATIONS

8.115 All Claims involving the California Class, Kansas Class, Texas Class and Michigan class that have been brought may properly be maintained as class actions under FRCP, Rule 23 because there is a well-defined community of interest in the litigation and proposed the Classes are easily ascertainable. The proposed classes satisfy the following requirements of FRCP, Rule 23:

(a)    Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as the Representative Plaintiffs are informed and believe and, on that basis, allege that the total number of Class Members exceeds thousands of individuals. Membership in the Plaintiff Classes will be determined upon analysis of employee payroll, among other, records maintained by Defendants.

(b)    Commonality: The Representative Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy.

8.116 Consequently, class certification is proper under FRCP, Rule 23(b)(3) and 29 U.S.C. § 216(b). These common questions include, but are not necessarily limited to:

## COMMON QUESTIONS FOR CALIFORNIA CLASS

(i)   Whether all Defendants violated the FLSA by failing to pay overtime to their "Customer Service Representatives" or similar position for all hours over 40 per week;

(ii)  Whether all Defendants' conduct in failing to pay Plaintiffs and Class Members for all hours worked violated the provisions of Wage Order 17-2001 and California *Labor Code* § 1194.

(iii) Whether all Defendants violated, and whether the Farmers Defendants continue to violate, California *Labor Code* § 1174 by failing to keep accurate records of employees' hours of work;

(iv)  Whether all Defendants violated, and the Farmers Defendants continue to violate, California *Labor Code* §§ 201-203 by failing to pay wages due and owing at the time Class Members' employment with Defendants was terminated.

(v)   Whether Defendants violated, and the Farmers Defendants continue to violate, California *Labor Code* § 226 by failing to provide semi-monthly itemized wage statements to Class Members of total hours worked during the pay period; and

(vi)  Whether all Defendants breached a contract to pay wages for services performed by Plaintiffs and Class Members.

(vii) Whether Plaintiffs and Class Members conferred a benefit upon all Defendants by working on their behalf without compensation.

(viii) Whether all Defendants had an appreciation or knowledge of the benefit conferred by Plaintiffs and Class Members.

(ix.) Whether all Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

(x)     Whether all Defendants violated and whether the Farmers Defendants continue to violate, California *Business and Professions Code* § 17200 by failing to pay compensation to "Customer Service Representatives" who worked "off-the-clock;"

(xi)    Whether Plaintiffs and Class Members are entitled to recover costs and attorney's fees.

## COMMON QUESTIONS FOR KANSAS CLASS

(i)     Whether the Farmers Defendants violated Kansas law by failing to pay compensation to Plaintiffs and Class Members who were employed as "Customer Service Representatives" or in a similar position who worked "off-the-clock;"

(ii)    Whether the Farmers Defendants breached a contract to pay wages for services performed by Kansas Plaintiffs and Class Members.

(iii)   Whether Kansas Plaintiffs and Class Members conferred a benefit upon the Farmers Defendants by working on their behalf without compensation.

(iv)    Whether the Farmers Defendants had an appreciation or knowledge of the benefit conferred by the Kansas Plaintiffs and Class Members.

(v)     Whether the Farmers Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

(vi)    Whether Kansas Plaintiffs and Class Members and are entitled to recover costs and attorney's fees.

## COMMON QUESTIONS FOR TEXAS CLASS

(i)     Whether the Farmers Defendants violated Texas law by failing to pay compensation to Plaintiffs and Class Members who were employed as "Customer Service Representatives" or in a similar position who worked "off-the-clock;"

(ii)    Whether the Farmers Defendants breached a contract to pay wages for services performed by Texas Plaintiffs and Class Members.

(iii)   Whether Texas Plaintiffs and Class Members conferred a benefit upon the Farmers Defendant by working on their behalf without compensation.

(iv)    Whether the Farmers Defendant had an appreciation or knowledge of the benefit conferred by Texas Plaintiffs and Class Members.

(v)     Whether the Farmers Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

(vi)    Whether Texas Plaintiffs and Class Members are entitled to recover costs and attorneys' fees.

## COMMON QUESTIONS FOR MICHIGAN CLASS

(i)     Whether Farmers Defendants violated Michigan Law by failing to pay overtime to their "Customer Service Representatives" for all hours over 40 per week in violation of Michigan Compiled Laws §408.384a

(ii)    Whether the Farmers Defendants violated and continue to violate, Michigan Compiled Law § 408.391 by failing to keep accurate records of employees' hours of work;

(iii)   Whether the Farmers Defendants violated, and continue to violate Compiled Laws §408.383 and §408.384 failing to pay wages due and owing to Class Members.

(iv)   Whether the Farmers Defendants violated Michigan law by failing to pay compensation to Plaintiff and Class Members who were employed as "Customer Service Representatives" or in a similar position who worked "off-the-clock;"

(v)   Whether the Farmers Defendants breached a contract to pay wages for services performed by the Michigan Plaintiff and Class Members.

(vi)   Whether the Michigan Plaintiff and Class Members conferred a benefit upon the Farmers Defendants by working on their behalf without compensation.

(vii)   Whether the Farmers Defendants had an appreciation or knowledge of the benefit conferred by the Michigan Plaintiff and Class Members.

(viii)   Whether the Farmers Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

(ix)   Whether the Michigan Plaintiff and Class Members are entitled to recover costs and attorneys' fees.

(c)   <u>Typicality:</u> The Representative Plaintiffs' claims are typical of the claims of the Plaintiff Classes. The Representative Plaintiffs and all members of the Plaintiff Classes sustained injuries and damages arising out of and caused by Defendants common course of conduct in violation of state and federal law, as alleged herein.

    (d)    <u>Superiority of Class Action:</u> Since the damages suffered by Plaintiffs and individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Plaintiffs and Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense of the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. Moreover, the Representative Plaintiffs are informed and believe, and based thereon allege, that Defendants, in refusing to pay wages to the FLSA Class Members, California Class Members, Kansas Class Members, Texas Class Members and Michigan Class Members have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate monetary relief for all members of each class. Consequently, Class certification is proper under FRCP, Rule 23(b)(2) and 29 U.S.C. § 216(b).

    (e)    <u>Adequacy of Representation:</u> The Representative Plaintiffs in this class action are adequate representatives of the Plaintiff Classes, in that the Representative Plaintiffs have the same interests in the litigation of this case as the Class Members. The Representative Plaintiffs are committed to vigorous prosecution of this case, and have retained competent counsel, experienced in litigation of this nature. The Representative Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to the Class as a whole. The Representative Plaintiffs anticipates no management difficulties in this litigation.

///

///

## COMMON FACTUAL ALLEGATIONS FOR
## CALIFORNIA, KANSAS, TEXAS AND MICHIGAN CLASSES

8.117  As described herein, all Defendants have for years, knowingly failed to adequately compensate "Customer Service Representatives" and similar job positions under the FLSA (29 U.S.C.§§ 206 and 207), California *Labor Code* and applicable California Wage Orders, Kansas law, Texas Law and Michigan law.

8.118  Furthermore, despite their knowledge of the Representative Plaintiffs' and the Class Members' entitlement to pay for all hours worked, all Defendants violated California *Labor Code* § 1174 (d) by failing to provide or require the use, maintenance or submission of time records which documented all hours being worked by members of the California Class.  Defendants also failed to provide the Representative Plaintiffs and members of the California Class with accurate semi-monthly itemized wage statements of the total number of hours worked by each, in violation of California *Labor Code* § 226.  In doing so, Defendants have not only failed to pay their workers the full amount of compensation due, they have, until now, effectively shielded themselves from their employees' scrutiny for their unlawful conduct by concealing the magnitude (the full number of hours worked) and financial impact of their wrongdoing.

8.119  Furthermore, despite their knowledge of the Representative Plaintiffs' and the Class Members' entitlement to pay for all hours worked, the Farmers Defendants violated Kansas, Texas and Michigan law by failing to pay Plaintiffs and Class Member for all hours worked.

8.120  As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, the Representative Plaintiffs and Class Members have sustained damages, as described above, including loss of earnings for "off-the-clock" hours worked on behalf of Defendants and overtime wages not paid in an amount to be established at trial.  As a further direct and proximate result of Defendants'

unlawful conduct, as set forth herein, the Representative Plaintiffs and Class Members are entitled to recover attorneys' fees and costs.

## IX.

## DEMAND FOR JURY TRIAL

9.1    Plaintiffs' hereby requests a trial by jury of all issues' triable by jury.

## X.

## RELIEF SOUGHT

10.1    WHEREFORE, Plaintiffs and Class Members pray for judgment against Defendants as follows:

a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendant to provide the names and addresses of all putative collective action members;

b.    For an Order allowing Plaintiffs' state claims for violations of California, Kansas, Texas and Michigan law to proceed as Class Actions under FRCP, Rule 23:

c.    For an Order approving the form and content of a Notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

d.    For judgment finding Defendant liable for unpaid regular wages and overtime pay at a rate not less than one and one-half times their regular rate of pay;

e.    For an award of liquidated damages equal in an amount of the unpaid compensation found due to Plaintiffs and Class Members;

f.    For an Order awarding Plaintiffs and Class Members the costs of this action;

g.    For an Order awarding Plaintiffs and Class Members their attorney's fees;

h.    For an Order awarding Plaintiffs and Class Members pre-judgment and post-judgment interest at the highest rates allowed by law;

i.    For an Order granting Plaintiffs and Class Members an accounting; and

j.    For an Order granting such other relief as may be necessary and appropriate.

Dated: March 9 , 2011

Respectfully submitted,
THE LAW FIRM OF JOSEPH H. LOW IV

Joseph H. Low IV
Attorney for Plaintiffs

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

DAVID RIBOT, individually, and on
behalf of all others similarly situated;

               Plaintiffs,

    v.

FARMERS INSURANCE GROUP,
a corporation.

               Defendant.

Case No. _____

### CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I represent to the Court that I do hereby consent to be a party plaintiff
in the above entitled action to collect unpaid wages from Defendant under the Fair Labor Standards
Act and California law.  I have been given an opportunity to request and review a copy of the
Complaint and Employment Services Agreement and agree to be bound by its terms.

Full Legal Name: DAVID MICHAEL RIBOT

Street Address: 27926 Oakmoor St.

City/State/Zip Code: Canyon Country, CA 91351

Telephone Number: 805.794.2959

Employment location: Simi Valley, CA

Signature/Date:

Please Return This Form For Filing with The Court To:

**JOHN D. SLOAN, JR.**
**LAUREEN BAGLEY**
**SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM**
**101 East Whaley Street**
**P.O. Drawer 2909**
**Longview, Texas 75606-2909**
**903-757-7000**
**Counsel for Plaintiffs**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

DAVID RIBOT, individually, and on
behalf of all others similarly situated;

                    Plaintiffs,                    Case No. _____

        v.

FARMERS INSURANCE GROUP,
a corporation.

                    Defendant.

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I represent to the Court that I do hereby consent to be a party plaintiff in the above entitled action to collect unpaid wages from Defendant under the Fair Labor Standards Act and California law. I have been given an opportunity to request and review a copy of the Complaint and Employment Services Agreement and agree to be bound by its terms.

Full Legal Name: _Tiffany Dream Fowler_

Street Address: _0720 Lemona Ave Apt # 12 1/2_

City/State/Zip Code: _Van Nuys Ca 91411_

Telephone Number: _310 613 3671_

Employment location: _Woodland Hills Call Center_

Signature/Date: _____

Please Return This Form For Filing with The Court To:

JOHN D. SLOAN, JR.
LAUREEN BAGLEY
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606-2909
903-757-7000
Counsel for Plaintiffs

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

DAVID RIBOT, individually, and on
behalf of all others similarly situated;

                    Plaintiffs,

          v.

FARMERS INSURANCE GROUP,
a corporation.

                    Defendant.

Case No. _____

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I represent to the Court that I do hereby consent to be a party plaintiff in the above entitled action to collect unpaid wages from Defendant under the Fair Labor Standards Act and California law. I have been given an opportunity to request and review a copy of the Complaint and Employment Services Agreement and agree to be bound by its terms.

**Full Legal Name:** _Jennifer Elaine Bulcer_

**Street Address:** _6220 Lemona Ave  Apt #1242_

**City/State/Zip Code:** _Van Nuys Ca. 91411_

**Telephone Number:** _310-503-8145_

**Employment location:** _Woodland Hills California_

**Signature/Date:** _Jennifer E. Bulcer_

Please Return This Form For Filing with The Court To:

**JOHN D. SLOAN, JR.**
**LAUREEN BAGLEY**
**SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM**
**101 East Whaley Street**
**P.O. Drawer 2909**
**Longview, Texas 75606-2909**
**903-757-7000**
**Counsel for Plaintiffs**

# EXHIBIT D

2010  1:14PM    Austin                    No. 2355    P. 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

DAVID RIBOT, individually, and on
behalf of all others similarly situated;

                    Plaintiffs,                    Case No. _____

        v.

FARMERS INSURANCE GROUP,
a corporation, et al

                    Defendants.

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I represent to the Court that I do hereby consent to be a party plaintiff in the above entitled action to collect unpaid wages from Defendants under the Fair Labor Standards Act and California law. I have been given an opportunity to request and review a copy of the Complaint and Employment Services Agreement and agree to be bound by its terms.

Full Legal Name: Perry R. Hall JR.

Street Address: 3300 Killingsworth Ln #4

City/State/Zip Code: Pflugerville, Tx. 78660

Telephone Number: (512) 632-4169

Employment location: _____

Signature/Date: _____

Please Return This Form For Filing with The Court To:

JOHN D. SLOAN, JR.
LAUREEN BAGLEY
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606-2909
903-757-7000
Counsel for Plaintiffs

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

DAVID RIBOT, individually, and on
behalf of all others similarly situated;

        Plaintiffs,                           Case No. _____

   v.

FARMERS INSURANCE GROUP,
a corporation.

        Defendant.

## CONSENT TO BECOME A PARTY PLAINTIFF

    By my signature below, I represent to the Court that I do hereby consent to be a party plaintiff in the above entitled action to collect unpaid wages from Defendant under the Fair Labor Standards Act and California law.  I have been given an opportunity to request and review a copy of the Complaint and Employment Services Agreement and agree to be bound by its terms.

Full Legal Name: _Deborah Jean Mills_

Street Address: _8028 N. Lydia Avenue_

City/State/Zip Code: _Kansas City, Missouri 64118_

Telephone Number: _816-589-4806_

Employment location: _Olathe, Kansas_

Signature/Date: _Deborah Mills  12-7-2010_

Please Return This Form For Filing with The Court To:

**JOHN D. SLOAN, JR.**
**LAUREEN BAGLEY**
**SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM**
**101 East Whaley Street**
**P.O. Drawer 2909**
**Longview, Texas 75606-2909**
**903-757-7000**
**Counsel for Plaintiffs**

# EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

DAVID RIBOT, individually, and on
behalf of all others similarly situated;

                Plaintiffs,

v.

FARMERS INSURANCE GROUP,
a corporation, et al

                Defendants.

Case No. _____

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I represent to the Court that I do hereby consent to be a party plaintiff in the above entitled action to collect unpaid wages from Defendants under the Fair Labor Standards Act and applicable state law. I have been given an opportunity to request and review a copy of the Complaint and Employment Services Agreement and agree to be bound by its terms.

Full Legal Name: _Lois Ann Barnes_

Street Address: _1428 Burke Ave., NE    apt C_

City/State/Zip Code: _Grand Rapids, MI 49505_

Telephone Number: _(616) 334-8278_

Employment location: _Caledonia, MI_

Signature/Date: _Lois Barnes    2/3/2011_

Please Return This Form For Filing with The Court To:

JOHN D. SLOAN, JR.
LAUREEN BAGLEY
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606-2909
903-757-7000
Counsel for Plaintiffs

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

DAVID RIBOT, individually, and on
behalf of all others similarly situated;

                    Plaintiffs,

    v.

FARMERS INSURANCE GROUP,
a corporation, et al

                    Defendants.

Case No. _____

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I represent to the Court that I do hereby consent to be a party plaintiff in the above entitled action to collect unpaid wages from Defendants under the Fair Labor Standards Act and California law. I have been given an opportunity to request and review a copy of the Complaint and Employment Services Agreement and agree to be bound by its terms.

Full Legal Name: _Jonathan Alexander Luna_

Street Address: _2800 La Frontera Blvd # 2006_

City/State/Zip Code: _Round Rock TX 78681_

Telephone Number: _512-294-0519_

Employment location: _Round Rock_

Signature/Date: _Jonathan_ _2/23/11_

Please Return This Form For Filing with The Court To:

**JOHN D. SLOAN, JR.**
**LAUREEN BAGLEY**
**SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM**
**101 East Whaley Street**
**P.O. Drawer 2909**
**Longview, Texas 75606-2909**
**903-757-7000**
**Counsel for Plaintiffs**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV11- 2404 RSWL (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

JOSEPH H. LOW IV
THE LAW FIRM OF JOSEPH H. LOW IV
ONE WORLD TRADE CENTER, SUITE 2320
LONG BEACH, CA 90831
562.901.0840

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RIBOT, PERRY HALL, JR., DEBORAH MILLS, ANTHONY BUTLER, JENNIFER BUTLER, JONATHAN LUNA, AND LOIS BARNES, individually ,and on behalf of all others similarly situated<br><br>PLAINTIFF(S)<br><br>v.<br><br>FARMERS INSURANCE GROUP, FARMERS INSURANCE EXCHANGE, 21ST CENTURY INSURANCE COMPANY, and AIG INSURANCE SERVICES, INC.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11 02404 RSWL** **FMOx**<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S): FARMERS INSURANCE GROUP, FARMERS INSURANCE EXCHANGE, 21st CENTURY INSURANCE COMPANY and AIG INSURANCE SERVICES, INC.

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, JOSEPH H. LOW IV _____, whose address is ONE WORLD TRADE CENTER, SUITE 2320, LONG BEACH, CA 90831 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____MAR 2 2 2011_____

By: _____CHRISTOPHER BOWERS_____

Deputy Clerk

*(Seal of the Court)*

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DAVID RIBOT, PERRY HALL, JR., DEBORAH MILLS, ANTHONY BUTLER, JENNIFER BUTLER, JONATHAN LUNA, and LOIS BARNES, individually, and on behalf of all others similarly situated

**DEFENDANTS**
FARMERS INSURANCE GROUP, FARMERS INSURANCE EXHANGE, 21ST CENTURY INSURANCE COMPANY and AIG INSURANCE SERVICES, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
THE LAW FIRM OF JOSEPH H. LOW IV
ONE WORLD TRADE CENTER, SUITE 2320
LONG BEACH, CA 90831        562.901.0840

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☑4 |
| Citizen of Another State | ☑2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☑5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☑1 Original Proceeding  ☐2 Removed from State Court  ☐3 Remanded from Appellate Court  ☐4 Reinstated or Reopened  ☐5 Transferred from another district (specify):  ☐6 Multi-District Litigation  ☐7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No        ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. §§ 206&207-Defendants routinely failed to pay employees for work completed by the employees on an hourly basis. This was as a result of a company policy.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐400 State Reapportionment | ☐110 Insurance | ☐310 Airplane | ☐370 Other Fraud | ☐510 Motions to Vacate Sentence Habeas Corpus | ☑710 Fair Labor Standards Act |
| ☐410 Antitrust | ☐120 Marine | ☐315 Airplane Product Liability | ☐371 Truth in Lending | ☐530 General | ☐720 Labor/Mgmt. Relations |
| ☐430 Banks and Banking | ☐130 Miller Act | ☐320 Assault, Libel & Slander | ☐380 Other Personal Property Damage | ☐535 Death Penalty | ☐730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐450 Commerce/ICC Rates/etc. | ☐140 Negotiable Instrument | ☐330 Fed. Employers' Liability | ☐385 Property Damage Product Liability | ☐540 Mandamus/Other | ☐740 Railway Labor Act |
| ☐460 Deportation | ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐340 Marine | BANKRUPTCY | ☐550 Civil Rights | ☐790 Other Labor Litigation |
| ☐470 Racketeer Influenced and Corrupt Organizations | | ☐345 Marine Product Liability | ☐422 Appeal 28 USC 158 | ☐555 Prison Condition | ☐791 Empl. Ret. Inc. Security Act |
| ☐480 Consumer Credit | ☐151 Medicare Act | ☐350 Motor Vehicle | ☐423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐490 Cable/Sat TV | ☐152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐610 Agriculture | ☐820 Copyrights |
| ☐810 Selective Service | | ☐360 Other Personal Injury | ☐441 Voting | ☐620 Other Food & Drug | ☐830 Patent |
| ☐850 Securities/Commodities/ Exchange | ☐153 Recovery of Overpayment of Veteran's Benefits | ☐362 Personal Injury-Med Malpractice | ☐442 Employment | ☐625 Drug Related Seizure of Property 21 USC 881 | ☐840 Trademark |
| ☐875 Customer Challenge 12 USC 3410 | ☐160 Stockholders' Suits | ☐365 Personal Injury-Product Liability | ☐443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐890 Other Statutory Actions | ☐190 Other Contract | ☐368 Asbestos Personal Injury Product Liability | ☐444 Welfare | ☐630 Liquor Laws | ☐861 HIA (1395ff) |
| ☐891 Agricultural Act | ☐195 Contract Product Liability | | ☐445 American with Disabilities - Employment | ☐640 R.R. & Truck | ☐862 Black Lung (923) |
| ☐892 Economic Stabilization Act | ☐196 Franchise | REAL PROPERTY | | ☐650 Airline Regs | ☐863 DIWC/DIWW (405(g)) |
| ☐893 Environmental Matters | REAL PROPERTY | ☐210 Land Condemnation | ☐446 American with Disabilities - Other | ☐660 Occupational Safety /Health | ☐864 SSID Title XVI |
| ☐894 Energy Allocation Act | ☐210 Land Condemnation | ☐220 Foreclosure | IMMIGRATION | ☐690 Other | ☐865 RSI (405(g)) |
| ☐895 Freedom of Info. Act | ☐220 Foreclosure | ☐230 Rent Lease & Ejectment | ☐462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐900 Appeal of Fee Determination Under Equal Access to Justice | ☐230 Rent Lease & Ejectment | ☐240 Torts to Land | ☐463 Habeas Corpus-Alien Detainee | | ☐870 Taxes (U.S. Plaintiff or Defendant) |
| ☐950 Constitutionality of State Statutes | ☐240 Torts to Land | ☐245 Tort Product Liability | ☐465 Other Immigration Actions | | ☐871 IRS-Third Party 26 USC 7609 |
| | ☐245 Tort Product Liability | ☐290 All Other Real Property | ☐440 Other Civil Rights | | |
| | ☐290 All Other Real Property | | | | |

CV11 02404

**FOR OFFICE USE ONLY:**  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| DAVID RIBOT-VENTURA COUNTY<br>ANTHONY BUTLER-LOS ANGELES COUNTY<br>JENNIFER BUTLER-LOS ANGELES COUNTY | PERRY HALL, JR.-TEXAS<br>DEBORAH MILLS-MISSOURI<br>LOIS BARNES-MICHIGAN |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | JONATHAN LUNA-TEXAS |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| COUNT 1-LOS ANGELES & VENTURA COUNTIES<br>COUNTS 2-7 LOS ANGELES & VENTURA COUNTIES | COUNTS 8-11 KANSAS<br>COUNTS12-15 TEXAS<br>COUNTS 16-22 MICHIGAN |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date ___3 / 18 / 11___

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |