SEYFARTH SHAW LLP
George E. Preonas (SBN 58921)
Email: gpreonas@seyfarth.com
Daniel C. Whang (SBN 223451)
Email: dwhang@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

SEYFARTH SHAW LLP
Dean A. Martoccia (SBN 193185)
Email: dmartoccia@seyfarth.com
333 South Hope Street, Suite 3900
Los Angeles, California 90071
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Attorneys for Defendants
FARMERS SERVICES, LLC,
FARMERS INSURANCE EXCHANGE and
21ST CENTURY INSURANCE COMPANY

SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
Laureen F. Bagley (Pro Hac Vice)
Email: lbagley@sloanfirm.com
101 E. Whaley Street
Longview, TX 75601
Telephone: (903) 757-7000
Facsimile: (903) 757-7574

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RIBOT, PERRY HALL, JR., DEBORAH MILLS, ANTHONY BUTLER, JENNIFER BUTLER, JONATHAN LUNA, RITA DUNKEN, AND LOIS BARNES, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>      v.<br><br>FARMERS SERVICES, LLC, FARMERS INSURANCE EXCHANGE, and 21ST CENTURY INSURANCE COMPANY,<br><br>        Defendants. | CASE NO. CV-11-02404 DDP (FMOx)<br><br>**[DISCOVERY MATTER]**<br><br>Honorable Fernando M. Olguin<br><br>**STIPULATION AND PROTECTIVE ORDER RE: PRODUCTION OF CONFIDENTIAL INFORMATION**<br><br>Second Amended Complaint Filed: September 19, 2011<br><br>**NOTE CHANGES MADE BY THE COURT** |

1

1      Plaintiffs DAVID RIBOT, PERRY HALL, JR., DEBORAH MILLS,
2  ANTHONY BUTLER, JENNIFER BUTLER, JONATHAN LUNA, RITA
3  DUNKEN, AND LOIS BARNES ("Plaintiffs"), and Defendants FARMERS
4  SERVICES, LLC, FARMERS INSURANCE EXCHANGE and 21ST CENTURY
5  INSURANCE COMPANY ("Defendants") (collectively, the "Parties"),
6  acknowledge that discovery in this lawsuit may require the disclosure of
7  information, documents and other records that constitute or contain trade secrets
8  and/or commercially sensitive, proprietary and/or other confidential information,
9  including documents and information related to Defendants' business operations,
10 payroll records, personnel records, and/or current or former employees.
11      In light of the substantial volume of records and information at issue and the
12 fact that many of these documents and other forms of information are of the type
13 deserving of protection, and to eliminate the need for repeated requests that the
14 Court become directly involved in the discovery process, the Parties, by and
15 through their respective counsel, HEREBY STIPULATE, AGREE, AND
16 JOINTLY REQUEST, that a protective order with the following terms and
17 provisions be entered:
18      1.      This Stipulation and Protective Order shall govern documents, other
19 records, depositions or other testimony, deposition exhibits, interrogatory
20 responses, responses to requests for admissions, responses to document requests,
21 and any and all other information and documents produced by the Parties (or third-
22 parties) in connection with this case (all such records and information shall be
23 referred to as "Information").

## DESIGNATION AS CONFIDENTIAL

24
25      2.      Any Information produced by a party to this litigation or a third party
26 in connection with this case ("the Producing Party") that the Producing Party
27 believes in good faith contains or comprises any confidential, proprietary,
28 commercially sensitive, trade secret as defined by California Civil Code § 3426.1, or

2

Stipulation and [Proposed] Protective Order Re Production of Confidential Information

otherwise non-public business, technical, or financial information, employee personnel and/or earnings information, or information protected by third-party privacy rights ("Confidential Information") may be designated by the Producing Party as "Confidential" by marking or designating the Information in the manner provided in paragraph 3 of this Stipulated Protective Order.  Confidential Information shall not include any advertising materials published to the general public or documents published to the general public.  Failure of counsel to designate Information as Confidential Information shall not be deemed a waiver of confidentiality.  In the event that a Producing Party inadvertently fails to designate Confidential Information, or in the event that any other person or party learns of the disclosure of Information that it deems to be Confidential Information, the Producing Party or another party may make a later designation or change the designation by so notifying all parties to whom the Confidential Information has been disclosed.  Late designation shall not be deemed a waiver of the protected status of the designated Information.  The Producing Party must reproduce late-designated documents or other materials with the appropriate designation, and the receiving parties must return or certify destruction of the non-designated copies of the documents or other materials.  To minimize the risk of inadvertent disclosure of Confidential Information, all documents or other materials produced shall be treated as Confidential Information for thirty (30) days after their production.  Confidential Information includes not only the information contained in documents and other materials designated as such pursuant to this Order, but also any summaries, copies, abstracts, compilations, or other documents or material derived from Confidential Information.

3.     The Producing Party may designate as "Confidential," in whole or in part, any documents or other materials by marking any copies of the documents or other materials, in a manner not affecting legibility, with the word "Confidential." Whenever counsel for a party deems that any question or line of questioning calls

for the disclosure of Information that should be treated as Confidential Information, or when Confidential Information is used during or in connection with a deposition, counsel may:  (i) state on the record that such Information is being designated as "Confidential" or (ii) give written notice to all other counsel that such Information is being designated as "Confidential" within twenty-one (21) days after receiving a copy of the deposition transcript.  Only those portions of the transcript of the deposition designated "Confidential" shall be so treated, except that all copies of deposition transcripts that contain designated Information shall be prominently marked "Confidential" on the cover, and when filed with the Court, in whole or in part, shall be filed under seal.  For convenience, if a deposition transcript contains repeated references to Confidential Information that cannot be conveniently segregated from non-confidential Information, any party may request that the entire transcript be designated Confidential.  To avoid any inadvertent disclosure of Confidential Information, all deposition transcripts and exhibits shall be treated as Confidential for twenty-one (21) days after copies of the transcript are available.

4.     A party may designate as "Confidential" documents or discovery materials produced by a non-party or another party by providing written notice to all parties of the relevant documents or other Information to be so designated within thirty (30) days after receiving such documents or materials.  If that happens, the parties agree to treat that Information as Confidential for all purposes, regardless of whether the Information was previously disclosed without a "Confidential" designation.

5.     Any party may designate any documents or Information produced, disclosed or exchanged during discovery prior to entry of this Stipulated Protective Order, which such party considers in good faith to contain Confidential Information, as "Confidential" by informing all other parties to this action in writing.  Such materials are covered by this Stipulated Protective Order.

6.      The designation of Information as "Confidential" shall not be dispositive of the actual confidentiality of such material, nor shall it affect the burden of proof necessary to demonstrate the appropriateness of the designation of said material.  Any dispute between the Parties as to the actual confidentiality of any particular material or Information shall be resolved pursuant to paragraphs 7, 8 and 14, infra, of this Stipulated Protective Order.

7.      Unless and until a court order changing a prior "Confidential" designation is entered, the "Confidential" designation shall not be affected.

### CHALLENGING DESIGNATION

8.      Nothing in this Stipulated Protective Order shall prevent a party receiving Confidential Information from seeking a further order of this Court declaring that such Information shall not be subject to the provisions of this Stipulated Protective Order.

### AUTHORIZED USE AND DISCLOSURE

9.      All Confidential Information produced, disclosed, or exchanged in the course of this litigation shall be used by the party or parties to whom the Information is produced or disclosed solely for the purpose of this litigation, and for no other purpose.

10.     Any Information that has been designated "Confidential" in accordance with paragraphs 2, 3, 4, or 5 supra, shall not be disclosed to any person without the written consent of counsel for the party producing or designating it, except that disclosure may be made to:

a.      Any party to this action (except that neither the named plaintiffs nor any subsequently-named plaintiffs, nor any member of the class, in the event one is certified, shall have the right to review any other employee's confidential employment data), subject to the condition that any party to whom the Confidential Information is communicated must be advised of this protective order and be instructed and agree not to disclose the Confidential Information to any other

1 individual or entity not entitled to receive such Information pursuant to the terms

2 of this Stipulated Protective Order;

3         b.    Any officer, employee, or former employee of any party who is

4 requested by counsel to assist in the defense or prosecution of this litigation,

5 provided, however, that disclosure of Confidential Information to said individual is

6 made only to the extent necessary for the officer, employee, or former employee to

7 provide such assistance and subject to the condition that any such person to whom

8 the Confidential Information is communicated must be advised of this protective

9 order and be instructed and agree not to disclose the Confidential Information to

10 any other individual or entity not entitled to receive such Information pursuant to

11 the terms of this Stipulated Protective Order;

12         c.    Counsel retained by the parties for purposes of prosecuting or

13 defending this litigation, and their employees, secretaries, paralegal assistants and

14 case clerks;

15         d.    Outside consultants, employees of copy services, or experts

16 retained to assist counsel in this action;

17         e.    Any other person who the Producing Party agrees in writing

18 may have access to the Confidential Information;

19         f.    A witness at a deposition, who shall not retain any copies of

20 that Confidential Information or any portion of that deposition transcript

21 designated as Confidential Information;

22         g.    The Court, its personnel and its reporters; and/or

23         h.    Any person who created the document or was a recipient

24 thereof.

25     11.   Any party that seeks to make disclosure of Confidential Information

26 permitted under this Order to a person listed in subparagraph 10(d) above shall,

27 prior to such disclosure, advise the intended recipient of such Information of the

28 contents of this Order and require each such person to whom such disclosure is to

Stipulation and [Proposed] Protective Order Re Production of Confidential Information

be made to execute a "Declaration Regarding Confidentiality" in the form attached hereto as Exhibit A.  The disclosing party shall retain the original of all "Declarations Regarding Confidentiality."  The disclosing party shall provide a copy of all "Declarations Regarding Confidentiality" signed by expert witnesses to opposing counsel upon request, after the deadline for designation of expert witnesses as ordered by the Court.  The disclosing party shall provide a copy of all "Declarations Regarding Confidentiality" signed by outside consultants to opposing counsel upon request, upon the conclusion of this matter and after the time for appeal has expired.  Should any party wish to share Confidential Information with any potential witness who is not included in paragraph 10 above, the Parties agree to meet and confer in good faith to file a Supplemental Stipulation and [Proposed] Protective Order Regarding Production of Confidential Information that would include any such potential witness.

        12.    The extent and manner in which any Confidential Information may be disclosed at trial shall be decided by the Court at the final pretrial conference after all parties have had an opportunity to be heard.  Nothing herein shall be construed to effect in any manner the admissibility as evidence of any information or document.

## PROCEDURES FOR FILING WITH THE COURT

        13.    Because documents filed with the Court are thereby exposed to the public, any Confidential Information covered by the terms of this Stipulated Protective Order must not be filed with the Court unless:  (a) the filing party has obtained a court order declassifying the document such that it is no longer subject to the terms of this Stipulated Protective Order; (b) the Parties have agreed, in writing, that the document has been declassified such that it is no longer subject to the terms of this Stipulated Protective Order; or (c) the filing party has complied with the rules of this court regarding the filing of documents under seal.

## **MISCELLANEOUS PROVISIONS**

14.     A party objecting to a designation under this Stipulated Protective Order shall first notify in writing the attorneys of record for the designating party and explain in writing the basis for the contention that the designation is inappropriate.  Within ten days after receiving the party's contention that a designation under this Stipulated Protective Order is inappropriate, the designating party shall respond by explaining in writing the basis for the designation. Following receipt of the designating party's explanation for the designation, counsel shall promptly conduct a pre-filing conference of counsel pursuant to Central District Local Rule 37-1.  If no resolution can be reached, the parties shall follow the procedures set forth in Central District Local Rule 37-2 for resolving the dispute.  The party or third party asserting the "Confidential" designation shall be considered the "moving party" for purposes of Central District Local Rule 37-2 and shall have the burden of showing that the material designated as "Confidential" is a trade secret, is protected by privacy rights, contains proprietary information of a sensitive nature, is otherwise privileged, or disclosure would have an adverse impact on the party designating the material or on the third party whose privacy the designating party sought to protect.  The designating party shall provide its portion of the Joint Stipulation in accordance with Central District Local Rule 37-2 within ten days of the pre-filing conference of counsel.  Until the Court rules otherwise, the challenged Information shall be treated as "Confidential."

15.     Entering into, agreeing to, and/or producing or receiving Information designated as "Confidential," or otherwise complying with the terms of this Stipulated Protective Order shall not:

a.     operate as an admission by any party that any particular Information designated as "Confidential" contains or reflects trade secrets,

proprietary or commercially sensitive information, or any other type of Confidential Information;

b.    operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular Information deemed by any party to be "Confidential";

c.    prejudice in any way the rights of the Parties to object to the production of Information they consider not subject to discovery;

d.    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any Information, testimony, or other evidence subject to this Stipulated Protective Order;

e.    prejudice in any way the rights of a party to seek a determination by the Court whether any Information or material should be subject to the terms of this Stipulated Protective Order;

f.    prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly Confidential Information;

g.    limit a party's ability to grant non-parties access to its own discovery materials and/or Information;

h.    be deemed to waive any applicable privilege or work-product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by a privilege or work-product protection; and/or

i.    prevent a party or third party from objecting to discovery which it believes to be improper, including objections based upon the privileged, confidential, or proprietary nature of the Information requested.

16.    Nothing contained herein shall impose any restrictions on the use or disclosure by a party of Information obtained lawfully by such party independently of any proceedings in this action, or which is or becomes publicly known through no fault or act of such party.

17.    Neither the taking of any action under this Stipulated Protective

9

Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.  Moreover, neither the failure to designate Information as "Confidential" nor the failure to object to a designation at a given time shall preclude the filing of a motion at a later date seeking to impose such designations or challenging the propriety thereof.  Nothing in this Stipulated Protective Order, and no action taken in compliance with it shall operate as an admission by any party or person that any particular document or Information is or is not confidential.

18.    The entry of this Stipulated Protective Order shall not be construed as a waiver of any right to object to the furnishing of Information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of its obligation to produce Information in the course of discovery pursuant to controlling law.

19.    Nothing in this Stipulated Protective Order shall prevent any party from seeking relief from any provision of this Stipulated Protective Order, seeking modification of this Stipulated Protective Order, or objecting to discovery which it believes to be privileged or otherwise improper.

20.    Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney-work-product doctrine, or any other privilege.

21.    Any party may consent to have any documents or other materials it previously designated at "Confidential" removed from the scope of this Stipulated Protective Order by so notifying counsel for the other parties in writing or by so stating on the record at any hearing or deposition.  Nothing contained in this Stipulated Protective Order shall prevent any party from disclosing its own Confidential Information for any purpose.

22.    This Stipulated Protective Order may be modified by agreement of the Parties, subject to approval of the Court.

23.    This Stipulation shall be binding upon the Parties upon their signature hereto, and by signing hereto, each Party agrees to comply with the terms of this Stipulation and to be bound thereby, even prior to the Court's entry of the proposed Protective Order based upon this Stipulation, and even if the Court does not enter the proposed Protective Order based upon this Stipulation.  In the event that the Court does not enter the proposed Protective Order based upon this Stipulation, the Parties shall in good faith negotiate any terms that the Court finds objectionable.

24.    If any privileged or otherwise protected Information is inadvertently produced, the Producing Party must provide written notice to any other parties that such Information, or discovery material containing such Information, has been inadvertently produced or disclosed.  Within three (3) business days of the receipt of such notice, each other party shall return to the Producing Party all such discovery material and copies thereof identified in the notice in its possession, custody, or control and shall make reasonable efforts to reclaim and return any such discovery material and Information.  The party that has inadvertently produced or disclosed such Information shall, within ten (10) business days after such material is returned to it, provide a privilege log identifying the discovery material and the copies returned to the Producing Party such that the non-producing party is able to challenge the Producing Party's claim that the discovery materials are privileged or otherwise protected.

25.    The provisions of this Stipulation and Protective Order shall not terminate at the conclusion of this action.  Within sixty (60) days after the final conclusion of all aspects of the litigation, including any and all appeals, all documents and other materials stamped or otherwise identified as "Confidential" and all copies of the same (other than exhibits of record and the one (1) file copy of each "Confidential" document per party that the California State Bar requires be kept), shall be returned to the Producing Party's counsel or destroyed.  In the event Confidential Information is maintained in an electronic format, all counsel agree to

make a good faith effort to maintain only one (1) electronic copy of those materials allowed to be retained pursuant to this paragraph, plus any reasonable backups as used by the firm for disaster recovery.  All counsel of record shall execute a certification of compliance herewith and shall deliver the same to counsel for the party that produced the documents not more than 60 days after final termination of this litigation.  Upon request of the Producing Party, five (5) years following the final conclusion of all aspects of this litigation, the one (1) file copy of each "Confidential" document maintained by each party shall be returned to the party that produced such documents or destroyed.

This Stipulation and Protective Order are subject to revocation and modification by order of the Court upon written stipulation of the Parties or upon motion and reasonable notice.

Once the case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of this protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance and the trial to proceed otherwise.

**IT IS SO STIPULATED.**

DATED:  May 10, 2012                    SLOAN, BAGLEY, HATCHER & PERRY
                                        LAW FIRM


                                        By  /s/ Laureen Bagley
                                             Laureen Bagley
                                        Attorneys for Plaintiffs
                                        DAVID RIBOT, PERRY HALL, JR.,
                                        DEBORAH MILLS, ANTHONY BUTLER,
                                        JENNIFER BUTLER, JONATHAN LUNA,
                                        RITA DUNKEN and LOIS BARNES

1    DATED:  May 10, 2012                SEYFARTH SHAW LLP

2

3                                        By  /s/ Daniel Whang
                                              Daniel Whang
4
                                         Attorneys for Defendants
5                                        FARMERS SERVICES, LLC, FARMERS
                                         INSURANCE EXCHANGE, and 21ST
6                                        CENTURY INSURANCE COMPANY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation and [Proposed] Protective Order Re Production of Confidential Information

1

## <u>ORDER</u>

2      **GOOD CAUSE APPEARING,** it is hereby ORDERED, ADJUDGED, and

3  DECREED that all parties to this action shall obey the provisions of the attached

4  Stipulation and Protective Order Re: Production of Confidential Information.

5      **IT IS SO ORDERED**.

6

7  Dated:      5/16/2012                              */s/*
                                          The Honorable Fernando M. Olguin

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation and [Proposed] Protective Order Re Production of Confidential Information

**EXHIBIT A**

**DECLARATION REGARDING CONFIDENTIALITY**

I, _____, declare:

1.     My address is _____.

2.     I have carefully read the Stipulation and Protective Order Re: Production of Confidential Information in the litigation between Plaintiffs David Ribot, Perry Hall, Jr., Deborah Mills, Anthony Butler, Jennifer Butler, Jonathan Luna, Rita Dunken, and Lois Barnes, individually, and on behalf of all others similarly situated, and Defendants Farmers Services, LLC, Farmers Insurance Exchange and 21ST Century Insurance Company (collectively, "the Parties"), United States District Court, Central District of California, Case No. CV-11-02404 DDP (FMOx) ("the Order").

3.     I am familiar with the contents of the Order and agree to comply with and be bound by the provisions thereof.

4.     I will hold in confidence, will not disclose to anyone other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation, and only as expressly permitted by the terms of the Order, any information designated as "Confidential" that I receive or view in this action.

5.     By signing below, I hereby represent and affirm that I am not a current employee, owner, or agent of a competitor, or in any other manner a competitor or affiliated with a competitor of any of the Parties, or any third-party that has designated documents as Confidential in this action.

6.     By signing below, I hereby agree to submit to the jurisdiction of the United States District Court, Central District of California, as the sole and exclusive venue for resolving any and all disputes regarding the Order and this Declaration Regarding Confidentiality.

Stipulation and [Proposed] Protective Order Re Production of Confidential Information

1         I declare under penalty of perjury under the laws of the United States of

2    America and the State of California that the foregoing is true and correct.

3

4         Executed on _____ at _____.

5

6                       _____

7                               (Signature)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation and [Proposed] Protective Order Re Production of Confidential Information