O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RIBOT, PERRY HALL, JR., DEBORAH MILLS, ANTHONY BUTLER, JENNIFER BUTLER, JONATHAN LUNA and LOIS BARNES, individually, and on behalf of all others situated,<br><br>              Plaintiffs,<br><br>   v.<br><br>FARMERS INSURANCE GROUP, FARMERS INSURANCE EXCHANGE, 21st CENTURY INSURANCE COMPANY and AIG INSURANCE SERVICE, INC.,<br><br>              Defendants. | Case No. CV 11-02404 DDP (FMOx)<br><br>ORDER DENYING DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND FOR STAY<br><br>[Docket No. 224] |

**I. Background**

On July 17, 2013, this Court issued an Order that granted in part and denied in part Plaintiffs' Motion for Conditional Certification ("Order"). (Docket No. 222.) The factual background of this case is explained in that Order. (Id. at 2-3.) Defendants presently seek to certify for interlocutory appeal the Order's decision regarding tolling ("Motion"). (Docket No. 224.)

Specifically, Defendants seek certification of the following question: "Where a defendant in an FLSA action does not produce a class list prior to conditional certification, does this constitute a "trick" or 'misconduct' under Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990) such that the statute of limitations should be tolled?" The Court DENIES the Motion because it will not materially advance termination of this litigation.

**II. Legal Standard**

### A. Interlocutory Appeals

Certifying questions for interlocutory appeal requires the district court to find the following: "(1) that there [is] a controlling question of law, (2) that there [is] substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). All three conditions must be met for a court to certify a question. Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). Interlocutory appeals should be granted "only in extraordinary cases," and not "merely to provide review of difficult rulings in hard cases." U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966).

**III. Analysis**

Here the Court need not analyze the first two certification requirements, because the third, which requires showing that an immediate appeal will "materially advance" the termination of a case, is not met. See In re Cement, 673 F.2d at 1026. The Ninth Circuit estimates that, were Defendants' question certified, it would take between 15 and 32 months before a decision would be

reached. United States Courts for the Ninth Circuit, Frequently Asked Question, available at http://www.ca9.uscourts.gov/content/faq.php (last accessed August 3, 2013)(Questions 17-18). Even a comparatively quick Ninth Circuit decision, therefore, would be issued months after trial in this case is scheduled to conclude. (<u>See</u> Scheduling Order, Docket No. 228.) Because this Court correctly decided the tolling issue, an interlocutory appeal would delay, rather than advance, this case's termination.

**IV. <u>Conclusion</u>**

For the reasons stated herein, the Motion is DENIED.

IT IS SO ORDERED.

Dated: August 20, 2013

DEAN D. PREGERSON
United States District Judge