O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RIBOT, PERRY HALL, JR., DEBORAH MILLS, ANTHONY BUTLER, JENNIFER BUTLER, JONATHAN LUNA and LOIS BARNES, individually, and on behalf of all others situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>FARMERS INSURANCE GROUP, FARMERS INSURANCE EXCHANGE, 21st CENTURY INSURANCE COMPANY and AIG INSURANCE SERVICE, INC.,<br><br>        Defendants. | Case No. CV 11-02404 DDP (FMOx)<br><br>**ORDER CLARIFYING AND MODIFYING CLASS DEFINITIONS AND SPECIFYING PROCEDURES FOR CLASS NOTICE, CLASS LISTS, AND DISCOVERY**<br><br>(DKT Nos. 234, 237, 240, 243-1, 244, 245) |

Presently before the court are Plaintiffs' Motion to Modify and Clarify Class Definitions (DKT No. 240) and Motion to Approve and Distribute Class Notice and Production of Class Lists (DKT No. 237), as well as Defendants' Oppositions to these motions (DTK Nos. 244 and 245). Additionally, the court has before it Plaintiffs' Third Status Report Regarding Meet and Confer Efforts with the

Dept. of Labor (DKT No. 234) and Defendants' response (DKT. No 243-1).

The background and procedural history are well known. Having reviewed the parties' submissions and heard oral argument, the court rules as follows:

**I. Clarifications**

**A.   Request by Plaintiffs to Clarify Scope of Employees Excluded Pursuant to Department of Labor (DOL) Settlement**

Plaintiffs ask the court to clarify the scope of employees excluded pursuant to the settlement reached between Farmers and the DOL. Plaintiffs' position appears to be that only employees at work sites covered by the DOL settlement who signed a waiver document have validly waived future FLSA claims and should therefore be excluded from the FLSA class. (DKT No. 240 at 11; Declaration of William King in Support of Motion ¶ 6.)

The court disagrees. As Defendants point out, courts that have considered the issue have consistently and persuasively held that acceptance of settlement funds and receipt of the applicable notice form (WH-58) is sufficient to constitute waiver of FLSA claims; signing of the form is not required. See, e.g. Blackwell v. United Drywall Supply, 362 Fed. Appx. 56, 58 (11th Cir. 2010) (holding that "receipt of a WH-58 form and cashing of the employer's check is sufficient to effect a waiver of the right to sue under the FLSA"); Niland v. Delta Recycling Corp., 377 F.3d 1244, 1248 (11th Cir. 2004) ("A WH-58 is a standard form used by the DOL to inform an employee that, although he has the right to file suit under 29 U.S.C. § 216(b), acceptance of the back wages offered will result in waiver of those rights."); Kaiser v. At The

Beach, Inc., 2010 WL 5114729, at *10 (N.D. Okl. Dec. 9, 2010) (holding that any employee who receives but does not sign WH-58 form and cashes check has "waived his right to sue for back wages for the period covered by the receipt [WH-58 form]."). Plaintiffs' reliance on Dent v. Cox Comm. Las Vegas, Inc. 502 F.3d 1141 (9th Cir.) is misplaced because Dent held only that a WH-58 form does not constitute waiver of FLSA claims arising from incidents outside of the period covered by the form.

Additionally, Plaintiffs appear to suggest that employees at work sites covered by the DOL settlement who did not receive settlement proceeds because they could not be located should be included in the FLSA class. See DKT. No. 240 at 7. The court does not agree. Defendants have asserted, and plaintiffs have presented no evidence to contest, that as part of the DOL settlement, the DOL lawfully accepted payment on behalf of employees who were tendered but did not cash their checks. (DTK. No. 214 at 6, 12). Plaintiffs have presented no evidence of any legal deficiency in the distribution process. As the court made clear in denying Plaintiffs' motion to Equitably Toll Limitations and For Corrective Action, (DKT. No. 223):

> There are strong public policy reasons for the court to refrain from interfering with the finality of a settlement, especially one negotiated by the DOL. The DOL was given the express authority to supervise the settlement of wage claims. 29 U.S.C. 216(c). The court would need to have a serious concern with the validity of the agreement to inject itself in an already disbursed settlement nearly two years after the fact.

DTK No. 223 at 7-8. In view of these considerations, the court clarifies that the language in its certification order excluding from the FLSA class "class members whose overtime claims were settled in the March 14, 2011 Farmers-Department of Labor Settlement Agreement" refers to employees employed at the work sites covered by the DOL agreement specified in the order who were tendered settlement checks by Farmers and were given WH-58 forms. See DKT No. 240 at 10-11.

**B. Request by Plaintiffs to Clarify Application of Equitable Tolling**

The court tolled the statute of limitations to "30 days after the first request for the production of the class list," that is, February 24, 2012. See DKT No. 222 at 35, 27. Plaintiffs ask the court to clarify the application of its equitable tolling order as it relates to the DOL tolling agreement. Id. at 32-36.

The court hereby clarifies that the period covered by the court's tolling order and the period covered by the DOL tolling agreement do not "piggy back." Where the statutory period preceding the date of the tolling order and the DOL tolling agreement cover the same calendar day, a class member is entitled to only one day--not two--in calculating her statutory period.

The court further clarifies that the statute of limitations is tolled as of February 24, 2012, with the tolling period extending from that date until the date the class member opts-in to the collective action (assuming this occurs prior to the cut-off date for opting-in). See DTK No. 222 at 37:28-38:3.

///

///

**III. Modification of Class Definitions**

**A.   Request by Plaintiffs to Add Job Descriptions to FLSA Class Definition**

Plaintiffs request that the court modify the first paragraph of the FLSA class definition to include job descriptions now included in the Rule 23 class definition. DKT. No. 23 at 30. Plaintiffs included the term "claimants," a term which is not included in the Rule 23 class definition, in their proposed language for the FLSA class definition. Id. Defendants objected to inclusion of the term "claimants." Dkt. No. 245 at 8. Plaintiffs informed the court at the September 23, 2013 hearing that they agreed to remove the term "claimants" from the proposed text.

The court will modify the FLSA class definition, excluding the term "claimants."  The first paragraph of the FLSA class definition shall now read (with new language in bold) as follows:

> All current and former customer facing call center employees of Defendants, Farmers Services L.L.C., Farmers Insurance Exchange, and 21st Century Insurance Company, that held or hold the position of "Customer Service Representative," "Customer Service Associate," "Customer Service Advocate," **or a similar customer-facing position with the central duty of taking inbound telephone calls from policyholders and agents** between the relevant statutory period, three years preceding February 24, 2012, and the time additional class members opt in to the collective action.

///
///

**B.   Request by Plaintiffs to Add 21st Century to the Rule 23 Class Definition**

Plaintiffs ask that the court add 21st Century Insurance Company to the definition for the Rule 23 class. Plaintiffs assert that 21st Century was inadvertently omitted from the Rule 23 class. DKT No. 240 at 7. The court agrees that 21st Century's omission was inadvertent. However, Defendants object to the addition of 21st Century on the ground that they have recently discovered documents signed by the 21st Century named plaintiffs prior to the filing of this lawsuit in which these plaintiffs waived future claims against 21st Century and therefore lack standing to bring suit. DTK No. 245 at 6. Plaintiffs have not responded substantively to Defendants' objections concerning the alleged waivers but indicated at the September 23 hearing that Plaintiffs' response would be forthcoming.

In light of Defendants' objections, the court will take no action relative to Plaintiffs' request to add 21st Century, pending Plaintiffs' response on the waiver issue. The parties are ordered to meet and confer to ensure that Plaintiffs have adequate information on which to base their response. The court agrees with Defendants that class notice procedures cannot be finalized until this issue is resolved.

**III. Matters related to Issuance of Class Notice, Production of Class Lists, and Discovery**

**A. Preparation of Class Lists:** Defendants shall have 90 days from the date of this order to prepare class lists.

**B. Opt-in Period:** Class members shall have 90 days to opt-in to the FLSA collective action and/or opt-out of the Rule 23 action.

6

The notice period shall begin running seven days from Plaintiffs' receipt of the final, agreed upon class lists.

**C. Email Notice:** The court finds that use of both paper mail and email is the most effective means of providing notice to prospective class members. The parties are ordered to meet and confer with the goal of enabling email notice to current and former employees. Defendants are ordered to make good faith efforts to have the companies' information technology employees work on a reasonable solution to permit this.

**D. DOL-related Discovery:** Per the court's August 14, 2013 order, DKT No. 230, Plaintiffs are ordered to meet and confer with Defendants regarding the discovery of documents in the possession of the U.S. Department of Labor.

**IV. Conclusion**

The court understands that the parties have recently reached agreements or made progress relative to other matters raised in the papers before it. The court appreciates the parties' efforts to resolve disputes. The court orders the parties to continue to confer to the greatest extent possible to attempt to resolve any and all disputes.

IT IS SO ORDERED.

Dated: September 24, 2013

DEAN D. PREGERSON
United States District Judge

7