O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RIBOT, PERRY HALL, JR., DEBORAH MILLS, ANTHONY BUTLER, JENNIFER BUTLER, JONATHAN LUNA and LOIS BARNES, individually, and on behalf of all others situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>FARMERS INSURANCE GROUP, FARMERS INSURANCE EXCHANGE, 21st CENTURY INSURANCE COMPANY et al.,<br><br>    Defendants. | Case No. CV 11-02404 DDP (FMOx)<br><br>**ORDER RE DEFENDANTS' MOTION TO DENY CERTIFICATION AS TO 21ST CENTURY CLASS, PLAINTIFFS' MOTION FOR RELIEF UNDER RULES 26 AND 37, AND PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER**<br><br>[Dkt. No. 268] |

Before the court is Defendants Farmers Services, LLC, Farmers Insurance Exchange, and 21st Century Insurance Company (collectively, "Defendants")'s Motion to Deny Certification as to 21st Century Class. (Dkt. No. 256.) Also before the court is Plaintiffs' Motion for Relief under Rules 26 and 37 (Dkt. No. 260) and Plaintiffs' Motion to Modify Scheduling Order (Dkt. No. 268). Each motion has been fully briefed. Having considered the parties' submissions, the court now adopts the following order.

On July 17, 2013, this court issued an order granting Plaintiffs' motion for class certification in part. (Dkt. No. 222.) The Rule 23 class certified in that order did not include employees of 21st Century Insurance Company ("21st Century"). (Id. at 37-38.) On August 22, 2013, Plaintiffs moved to modify the class definition to include 21st Century employees. (Dkt. No. 240.) Defendants opposed the motion on the ground that they had recently discovered that the only class representatives formerly employed by 21st Century, Jennifer Butler and Anthony Butler, signed agreements releasing all claims against 21st Century and Farmers Insurance Group relating to their employment in exchange for severance packages before filing this action. (Dkt. No. 244.) Plaintiffs did not respond substantively to Defendants' arguments vis-a-vis the releases in their papers or at a hearing held on September 23, 2013.

On September 24, 2013, this court issued an Order stating: "In light of Defendants' objections [regarding the releases], the court will take no action relative to Plaintiffs' request to add 21st Century, pending Plaintiffs' response on the waiver issue. The parties are ordered to meet and confer to ensure that Plaintiffs have adequate information on which to base their response." (Dkt. No. 248 at 6.)

On February 14, 2014, Defendants filed the instant Motion to Deny Certification as to 21st Century Class. (Dkt. No. 256.) Defendants assert that certification should be denied on the grounds that Jennifer Butler and Anthony Butler lack standing to pursue their claims and do not satisfy the requirements of

typicality and adequacy for class representatives under Rule 23(a) as a result of the Butlers' signing of the releases.

On February 24, 2014, Plaintiffs filed the instant Motion for Relief Under Rules 26 and 37.[1] (Dkt. No. 260.) Plaintiffs contend that the court should not consider the releases on various grounds relating to the timeliness and completeness of Defendants' discovery productions.

Having considered the parties' arguments, the court concludes that the matter of the releases is best addressed on a motion for summary judgment, prior to resolving the question of class certification for the 21st Century employees. Accordingly, Defendants are ordered to file a motion for summary judgment by April 29, 2014. Plaintiff's Opposition must be filed by May 6, 2014. Defendants must file any Reply by May 13, 2014. The Motion shall be calendared for Monday, June 2, 2014 at 10:00 am.

As to Plaintiffs' Motion to Modify Scheduling Order (Dkt. No. 268), the court grants in part and denies in part the Motion as follows:

(1) Fact discovery is closed.

(2) All other dates set in the court's August 8, 2013 Scheduling Order (Dkt. No. 228) are vacated. **A status conference regarding trial dates is set for June 30, 2014 at 2:30 p.m.** The parties are ordered to meet and confer in advance of the status

---

[1] The court notes that Plaintiffs' Motion was procedurally improper because Plaintiffs failed to meet and confer with Defendants prior to its filing as required by Local Rule 37-1. The Court expects the parties to meet and confer as required by the Local Rules and to use their best efforts to resolve any and all differences. Failure to comply with this requirement will not be tolerated going forward.

3

conference to develop proposed dates for a modified Scheduling Order.

With respect to class lists, the court's December 2, 2014 Order to Extend Deadline to Produce Class Lists (Dkt. No. 225) is modified as follows: Defendants shall produce class lists for all class members, excluding putative class members from the Woodland Hills 21st Century facility, by May 7, 2014.

With respect to class notice, once the court has ruled on the forthcoming motion for summary judgment and the pending motions concerning the inclusion of the Woodland Hills 21st Century employees among the certified classes, the parties shall submit a revised proposed Notice of Class Action and Collective Action for the court's approval.

IT IS SO ORDERED.

Dated: April 14, 2014

DEAN D. PREGERSON
United States District Judge