O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID RIBOT, PERRY HALL, JR., DEBORAH MILLS, ANTHONY BUTLER, JENNIFER BUTLER, JONATHAN LUNA and LOIS BARNES, individually, and on behalf of all others situated,<br><br>             Plaintiffs,<br><br>       v.<br><br>FARMERS INSURANCE GROUP, FARMERS INSURANCE EXCHANGE, 21st CENTURY INSURANCE COMPANY and AIG INSURANCE SERVICE, INC.,<br><br>             Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 11-02404 DDP (FMOx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING PLAINTIFFS' MOTION FOR RELIEF UNDER RULES 26 AND 37; DENYING IN PART PLAINTIFFS' MOTION TO MODIFY AND CLARIFY CLASS DEFINITIONS; AND GRANTING DEFENDANTS' MOTION TO DENY CERTIFICATION AS TO 21ST CENTURY CLASS**<br><br>[Dkt. Nos. 240, 256, 260, 279] |

Before the court is Defendants Farmers Services, LLC, Farmers Insurance Exchange, and 21st Century Insurance Company (collectively, "Defendants")'s Motion for Partial Summary Judgment. (Dkt. No. 279.) Also before the court are Plaintiffs' Motion for Relief under Rules 26 and 37 (Dkt. No. 260); Plaintiffs' Motion to Modify and Clarify Class Definitions (Dkt. No. 240); and Defendants' Motion to Deny Certification as to 21st Century Class

1   (Dkt. No. 256). Each motion is fully briefed. Having considered the

2   parties' submissions and heard oral argument, the court adopts the

3   following order.

4

5   **I.    Background**

6   **A.    Procedural Background**

7        On July 17, 2013, this court issued an Order granting

8   Plaintiffs' motion for class certification in part. (Dkt. No. 222.)

9   The class certified in that Order did not include employees of 21st

10  Century Insurance Company ("21st Century"). (<u>Id.</u> at 37-38.) On

11  August 22, 2013, Plaintiffs moved to modify the Rule 23 class

12  definition to include 21st Century employees. (Dkt. No. 240.)

13  Defendants opposed the motion on the ground that Defendants had

14  discovered in August 2013 that the only class representatives

15  employed at any point by 21st Century, Jennifer Butler and Anthony

16  Butler, had released all claims against the company relating to

17  their employment by signing Severance and Release Agreements

18  ("Releases") in exchange for a severance package prior to bringing

19  the instant suit. (Dkt. No. 244.) Plaintiffs did not respond

20  substantively to Defendants' arguments vis-a-vis the Releases in a

21  reply or at the hearing held on September 23, 2013 concerning

22  Plaintiffs' motion to modify the class definition.

23       On September 24, 2013, this court issued an Order stating: "In

24  light of Defendants' objections [regarding the Releases], the court

25  will take no action relative to Plaintiffs' request to add 21st

26  Century, pending Plaintiffs' response on the waiver issue. The

27  parties are ordered to meet and confer to ensure that Plaintiffs

28

have adequate information on which to base their response." (Dkt. No. 248 at 6.)

On February 14, 2014, Defendants filed a Motion to Deny Certification as to 21st Century Class on the basis of the Releases. (Dkt. No. 256.) Shortly thereafter, on February 24, 2014, Plaintiffs filed a Motion for Relief under Rules 26 and 37, in which they argue on various grounds that the court should not consider the Releases for class certification purposes. (Dkt. No. 260.)

In considering these motions, the court concluded that the matter of the Releases was best addressed on a motion for summary judgment, prior to resolving the question of class certification for the 21st Century employees. Accordingly, on April 14, 2014, it ordered Defendants to file a motion for summary judgment by April 29, 2014. (Dkt. No. 278.) That summary judgment motion, along with the three previously filed motions, are now before the court.

**B.   Relevant Facts**

The following is drawn from Defendants' Statement of Uncontroverted Facts (Dkt. No. 279-2) and is not in dispute:

Jennifer Butler and Anthony Butler are the only named Plaintiffs who worked for 21st Century. Both worked solely at 21st Century's facility in Woodland Hills, California, which is the only 21st Century facility whose employees Plaintiffs seek to include in this action. (See Declaration of Laura Rock in Support of Motion for Partial Summary Judgment ¶ 3.) Anthony Butler worked as an Insurance Representative at the Woodland Hills facility from July 15, 2006 until December 4, 2009. (Id. at ¶ 4.) Jennifer Butler

worked as an Insurance Representative at the Woodland Hills facility from March 26, 2007 until December 27, 2009. (Id.)

In September 2007, American International Group, Inc. ("AIG") acquired 21st Century. (Id.) In July 2009, Farmers acquired AIG's Personal Auto Group, which included 21st Century and its Woodland Hills facility. (Id.) In the fall of 2009, Farmers announced it was closing the Woodland Hills facility. (Id. ¶ 4.) The facility was closed in January 2010. (Declaration of Daniel C. Whang, Ex. G.)

After the acquisition of AIG's Personal Auto Group by Farmers, a severance plan (the "PAG Severance Plan") applicable to Personal Auto Group employees was created. (Id. at ¶ 5 & Ex. B.) The PAG Severance Plan applied to employees who were previously part of the AIG Personal Auto Group and who were involuntarily terminated between July 1, 2009 and June 30, 2010, a period during which the Butlers were laid off. (Id. at ¶¶ 5, 8 & Ex. B.) The PAG Severance Plan incorporated three separate severance policies that had previously applied to employees within the Personal Auto Group, each of which were attached as exhibits to the PAG Severance Plan. (Id. ¶¶ 6, 7 & Ex. B at Appendices A, B and C.) Pursuant to the PAG Severance Plan, any affected employee who was previously part of AIG's Personal Auto Group would receive severance in accordance with one of the three severance policies. (Id. ¶¶ 6, 7 & Ex. B at Appendices A, B and C.)

The plan designated Farmers Group, Inc. as the Plan Administrator, and specified that the Plan Administrator would have sole authority and discretion to determine the provision of benefits under the plan. (Id. Decl. ¶ 6 & Ex. B §§ 1.06, 4.01.) For employees working as Insurance Representatives at the Woodland

4

Hills facility, including the Butlers, Farmers applied the AIG
Severance Policy (hereinafter the "Policy"). (<u>Id.</u> at ¶ 8 & Ex. B at
Appendix A.)

The Policy provided that eligible employees in the Personal
Auto Group would receive two weeks of non-working notice pay
regardless of whether or not they signed a Release waiving claims
against the company. (<u>Id.</u> Decl. ¶ 9 & Ex. B at Appendix A.) The
Policy further provided that eligible employees in the Personal
Auto Group who signed a Release, as described below, would also
receive (1) two weeks of salary continuation; and (2) additional
severance pay that varied depending on an employee's length of
service. (<u>Id.</u> ¶ 9 & Ex. B at Appendix A.) Specifically, the Policy
provided that,

> [I]n return for a release of all claims, the eligible employee
> will also receive enhanced payments pursuant to the following
> schedule
>
> Additional 2 weeks' pay continuance **plus**:
>
> | | |
> |---|---|
> | Less than 1 year of service | 2 more weeks |
> | 1 year – less than 2 years of service | 3 more weeks |
> | 2 years – less than 4 years of service | 4 more weeks |
> | 4 or more years of  service | 1 more week |
> | | for each year or major |
> | | fraction thereof |

(<u>Id.</u> Ex. B at Appendix A (emphasis in original).)

The Policy explicitly stated that employees' eligibility for
severance beyond the two weeks of notice pay was conditioned upon
signing a release of claims:

> **Are Severance and the Additional 2 Weeks' Pay Conditional Upon
> A Release?**
>
> Yes, these salary continuation payments are conditioned upon
> the execution of a release. Further, employees may elect to
> accept these payments in the form of a lump sum payment or

1      extended time on payroll but payments will not be made until
2      the Company has received the signed release and any applicable
       waiting periods have expired.

3  (Id. Ex. B at Appendix A.)

4      In order to obtain the additional severance, employees were

5  required to sign the Release presented by the company. The Release

6  included the following pertinent clause:

7      In return for the payments and benefits set forth in the
       preceding paragraph number 2 above [referring to the "Personal
8      Auto Group Severance Policy"], I agree to waive and release
       all claims of any kind (whether known or unknown) that I may
9      have against the Company [defined as "Farmers Insurance Group,
       Inc."], its affiliated companies, and their past or present
10     officers, directors and employees which arise from or relate
       to my employment with the Company or any of its affiliates or
11     the termination of my employment with the Company or any of
       its affiliates (including, without limitation, claims under
12     the Age Discrimination in Employment Act, the California Fair
       Employment and Housing Act, California Labor Code Section 200
13     et seq., and any applicable California Industrial Welfare
       Commission order).

14 (Id. Decl. Exs. C & E.)

15     Both Jennifer Butler and Anthony Butler signed a Release.

16 (Id.) Based upon their seniority, both received six weeks of

17 additional severance. Anthony Butler signed the Release on December

18 4, 2009 and received a lump sum payment of $4,572.09. (Id. Exs. C &

19 D.) Jennifer Butler signed the Release on January 22, 2010 and

20 received a lump sum payment of $4,469.56. (Id. Exs. E & F.)

21     Despite having previously signed the Releases, Anthony Butler

22 and Jennifer Butler filed the instant suit against 21st Century and

23 Farmers on March 22, 2011, alleging statutory and breach of

24 contract claims relating to their employment with 21st Century and

25 Farmers. (Dkt. No 1.)

26

27

28

                                    6

**II.   Motion for Partial Summary Judgment**

The court first considers Defendants' Motion for Partial Summary Judgment. (Dkt No. 279.)

**A.   Legal Standard**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 242 (1986).

Once the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 256. Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." <u>Anderson</u>, 477 U.S. at 248. There is no genuine issue of fact "[w]here the record taken as a whole could not lead a

1  rational trier of fact to find for the nonmoving party." <u>Matsushita</u>

2  <u>Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

3      It is not the court's task "to scour the record in search of a

4  genuine issue of triable fact." <u>Keenan v. Allan</u>, 91 F.3d 1275, 1278

5  (9th Cir. 1996). Counsel has an obligation to lay out their support

6  clearly. <u>Carmen v. San Francisco Sch. Dist.</u>, 237 F.3d 1026, 1031

7  (9th Cir. 2001). The court "need not examine the entire file for

8  evidence establishing a genuine issue of fact, where the evidence

9  is not set forth in the opposition papers with adequate references

10  so that it could conveniently be found." <u>Id.</u>

11  **B.  Discussion**

12      Defendants contend that they are entitled to summary judgment

13  as to all claims brought by Jennifer and Anthony Butler on the

14  ground that the Butlers executed releases barring their claims in

15  exchange for additional severance. (Motion at 8.) The court agrees.

16  **i.  The Releases Cover Plaintiffs' Claims**

17      "In general, a written release extinguishes any obligation

18  covered by the release's terms, provided it has not been obtained

19  by fraud, deception, misrepresentation, duress, or undue

20  influence." <u>Skrbina v. Fleming Companies</u>, 45 Cal.App.4th 1353, 1366

21  (Ct. App. 1996) (citing cases). Plaintiffs do not contend that the

22  Releases were obtained improperly.

23      It appears undisputed that the Releases cover the types of

24  claims asserted by Plaintiffs. As discussed above, in exchange for

25  six weeks of severance pay, the Butlers agreed to:

26      waive and release all claims of any kind ... which arise from
        or relate to my employment with the Company or any of its
27      affiliates or the termination of my employment with the
        Company or any of its affiliates (including, without
28      limitation, claims under the Age Discrimination in Employment

1    Act, the California Fair Employment and Housing Act,
2    California Labor Code Section 200 *et seq.*, and any applicable
     California Industrial Welfare Commission order).

3 (Rock Decl. ¶¶ 12, 13 & Ex. C ¶ 3, Ex. E ¶ 3.)

4    The Butlers assert six causes of action relating to

5 Defendants' alleged failure to pay them for all hours worked. These

6 include: (1) a claim for failure to pay wages under California

7 Labor Code section 1194 and Industrial Welfare Commission Wage

8 Order No. 4-2001; (2) a claim for failure to pay overtime under

9 California Labor Code section 510 and Industrial Welfare Commission

10 Wage Order No. 4-2001; (3) a claim for inaccurate wage statements

11 under California Labor Code section 226; (4) a claim for breach of

12 contract for "failing to pay ... a fixed wage for all time worked

13 on behalf of Defendants"; (5) a claim for quantum meruit for

14 "working on [Defendants'] behalf without compensation"; and (6) a

15 claim for unfair compensation for "failure to pay ... all hours

16 worked." (Dkt. No. 29-1 (Counts 2, 3, 4, 5, 6, and 8).)

17    All six claims are within the scope of the terms of the

18 Release. The first three claims--based on Labor Code section 200 <u>et</u>

19 <u>seq</u> and California Industrial Welfare Commission Wage Order No. 4-

20 2001--are within the express terms of the Release. The remaining

21 three claims plainly "arise from or relate to [the employees']

22 employment." (Release ¶ 3.) Plaintiffs do not contend otherwise.

23 **ii.  The Releases Apply to 21st Century**

24    Plaintiffs assert that the Releases do not apply to 21st

25 Century because they do not sufficiently identify 21st Century as a

26 released party. (Opp. at 3.)

27    "Under statutory rules of contract interpretation, the mutual

28 intention of the parties at the time the contract is formed governs

1   its interpretation. (Civ.Code, § 1636.) Such intent is to be

2   inferred, if possible, solely from the written provisions of the

3   contract." Montrose Chem. Corp. v. Admiral Ins. Co., 10 Cal.4th

4   645, 666 (1995). A "release does not discharge nonparties unless

5   the contracting parties so intend." Lexington Ins. Co. v. Sentry

6   Select Ins. Co., 2009 WL 1586938 (E.D. Cal. June 5, 2009) (citing

7   Westlye v. Look Sports, Inc., 17 Cal.App.4th 1715, 1729 (1993).)

8        As noted above, the Release applies to "all claims ... against

9   the Company, its affiliated companies ... or any of its

10  affiliates..." (Release ¶ 3.) While the Release defines "the

11  Company" as Farmers Group, Inc., it does not define "affiliated

12  companies" or "affiliates." (Id.) Plaintiffs contend that the

13  absence of such definitions renders the Release susceptible to more

14  than one interpretation and thus not amenable to summary judgment.

15  (Id.)

16       This argument fails for at least four reasons. First, it is

17  undisputed that Farmers Group, Inc. acquired 21st Century on July

18  1, 2009, well before the Releases were executed by Anthony and

19  Jennifer Butler, respectively, in December 2009 and January 2010.

20  (Rock Decl. Ex B at 1.) Because 21st Century was a unit of "the

21  Company" (i.e. Farmers), a release of claims against "the Company"

22  entails a release of claims against 21st Century. (Id. ¶ 2.) 21st

23  Century is not a nonparty.

24       Second, the Release in fact explicitly refers to 21st Century,

25  stating that the signatory may revoke the Release within seven days

26  by sending notice to a representative of 21st Century. (Rock Decl.

27  Ex ¶ 2.) As Defendants note, if the Release were not intended to

28

1  apply to 21st Century, the reference to 21st Century would make

2  little sense. (Reply at 4.)

3       Third, the Farmers Group Inc. Severance Plan for Personal Auto

4  Group Employees, which is the subject of and is explicitly referred

5  to in the Release, makes clear that the Plan applies to employees

6  of 21st Century. (Release ¶ 2.) The Plan defines an "Eligible

7  Employee" to include "each person who immediately prior to July 1,

8  2009 was an active employee of the Purchased Companies and

9  Subsidiaries." (Id. ¶ 1.02.) The Plan in turn defines "Purchased

10 Companies and Subsidiaries" to include "21st Century Insurance

11 Company." (Id. ¶ 1.03.)

12      Fourth, the record indicates that both Anthony and Jennifer

13 Butler understood that they were employed by 21st Century, rather

14 than Farmers, throughout their employment at the Woodland Hills

15 facility. (See Supplemental Declaration of Daniel C. Whang, Ex. I

16 (Deposition of Anthony Butler) at 23:22-24:5; id., Ex. J

17 (Deposition of Jennifer Butler) at 21:25-22:12.) As the Release

18 refers only to claims arising from the signatory's employment, it

19 is implausible that the Butlers would have intended to release

20 claims against Farmers but not against 21st Century. Plaintiffs

21 have offered no evidence that the Butlers harbored such an

22 intention.

23      In sum, there is no basis for dispute that the Releases apply

24 to 21st Century.

25 **iii   Defendants Did Not Waive Their Release-Based Defense**

26      Plaintiffs contend on two grounds that Defendants' summary

27 judgment motion must be denied because Defendants have waived their

28 Release-based affirmative defense.

1   First, Plaintiffs contend that Defendants waived the defense

2   by not properly asserting it in their Answer to Plaintiffs' Second

3   Amended Complaint. (Opp. at 4.) Defendants' Eighth Affirmative

4   Defense denied each cause of action on the basis of "accord and

5   satisfaction" and "compromise, settlement or release agreements."

6   (Dkt. No. 46 at 32.[1]) Plaintiffs assert that the lack of

7   specificity as to the plaintiffs and claims to which the defense

8   applied rendered the defense inadequate because it "failed to give

9   Plaintiffs fair notice of the Defendants' factual bases for

10  opposition to their claims." (Opp. at 4-5.) The argument is

11  unsuccessful.

12  The Ninth Circuit has "liberalized the requirement that

13  defendants must raise affirmative defenses in their initial

14  pleadings," at least to the extent that the delay does not

15  prejudice the plaintiff. <u>Magana v. Com. of the N. Mariana Islands</u>,

16  107 F.3d 1436, 1446 (9th Cir. 1997); <u>see also</u> <u>Healy Tibbitts Const.</u>

17  <u>Co. v. Ins. Co. of N. Am.</u>, 679 F.2d 803, 804 (9th Cir. 1982) ("The

18  defendant should be permitted to raise its policy exclusions

19  defense in a motion for summary judgment, whether or not it was

20  specifically pleaded as an affirmative defense, at least where no

21  prejudice results to the plaintiff.")

22  Here, even assuming that Defendants' affirmative defenses were

23  not sufficient to provide adequate notice, Plaintiffs have not

24

25      [1] Defendants' Eighth Affirmative Defense reads in full: "The
26  [Second Amended Complaint], and each and every cause of action
    alleged therein, is barred, in whole or in part, pursuant to an
27  accord and satisfaction, and are barred to the extent that
    Plaintiffs or any reasonably purportedly similarly situated persons
28  have entered into or otherwise bound by compromise, settlement, or
    release agreements regarding those claims." (Dkt. No. 46 at 32.)

identified any material prejudice they have suffered as a result of the delay. Any assertion that Plaintiffs have suffered prejudice is undermined by the fact that the Butlers have had a copy of the Release in their possession since at least January 2010. (Declaration of Daniel Whang in Support of Opposition to Plaintiffs' Motion for Relief Under Rules 26 and 37 ¶ 6 & Ex. M; Id. ¶ 7 & Ex. N.) Plaintiffs cannot reasonably assert that they have been prejudiced by the late disclosure of a document they already had in their possession and which the exercise of due diligence should have discovered. See Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 846 (9th Cir. 2004) (late disclosure harmless where evidence was already in other party's possession).

Nor can Plaintiffs assert that the delay in disclosing the Releases denied them a fair opportunity to litigate the issue. Plaintiffs have had more than seven months to develop and make their case regarding the Releases since the court issued its September 24, 2013 Order deferring a ruling on the status of the 21st Century employees so that Plaintiffs would have a full and fair opportunity to respond on the matter. (Dkt. No. 248.) Moreover, the court specifically ordered Defendants to file the instant summary judgment motion to ensure that the court had a full factual record and adequate briefing to decide the matter. (Dkt. No. 278.)

Finally, it is significant that the Butlers received substantial additional compensation in exchange for signing the Releases. (Rock Decl. Exs. C-F.)

1    Second, Plaintiffs contend that Defendants have waived their
2  Release-based defense by failing to raise the issue at an earlier
3  stage in the litigation, such as in their motion to dismiss filed
4  in October 2011 or in response to the court's order for
5  supplemental briefing on jurisdictional issues in February 2013.
6  (Opp. at 6-10.)

7    This argument likewise fails. As both parties note, "[a]
8  waiver is an intentional relinquishment or abandonment of a known
9  right or privilege." <u>Groves v. Prickett</u>, 420 F.2d 1119, 1125 (9th
10 Cir. 1970). Here, there is no basis to conclude that Defendants
11 intentionally relinquished or abandoned their release-based
12 defense. To the contrary, as noted, it is undisputed that
13 Defendants brought the issue of the Releases to Plaintiffs'
14 attention on the same day they discovered them in August 2013 and
15 shortly thereafter informed the court of their arguments in the
16 context of opposing modification of the Rule 23 class to include
17 21st Century employees. (<u>See</u> Dkt. No. 244 at 6; Dkt. No. 270
18 (Declaration of George Preones ¶ 6).)

19   Plaintiffs contend that the alleged waiver of the Release-
20 based defense may be analyzed under the framework developed for
21 waiver of the contractual right to arbitration. (<u>See</u> Opp. at 7.)
22 Under this standard, to demonstrate waiver of the right to
23 arbitrate, a party must show: (1) knowledge of an existing right to
24 compel arbitration; (2) acts inconsistent with that existing right;
25 and (3) prejudice to the party opposing arbitration resulting from
26 such inconsistent acts. <u>Park Place Associates, Ltd.</u>, 563 F.3d. 907,
27 921 (9th Cir. 2009) (citation and quotation marks omitted).
28 Plaintiffs have not cited and the court is not aware of authority

1   applying this framework outside of the context of an agreement to

2   arbitrate. However, assuming the rule is applicable, Plaintiffs'

3   argument fails because, for the reasons stated above, Plaintiffs

4   have not demonstrated the required element of prejudice.

5

6       For the foregoing reasons, the court concludes that Defendants

7   are entitled to summary judgment as to all claims asserted by

8   Jennifer Butler and Anthony Butler.

9

10  **B.   Plaintiffs' Motion for Relief Under Rules 26 and 37**

11      The court next considers Plaintiffs' Motion for Relief Under

12  Rules 26 and 37. (Dkt. No. 260.)

13      As an initial matter, the court notes that this motion was

14  procedurally improper because Plaintiffs failed to meet and confer

15  with Defendants prior to its filing as required by Local Rule 37-1.

16  The Court expects the parties to meet and confer as required by the

17  Local Rules and to use their best efforts to resolve any and all

18  differences. Failure to comply with this requirement will not be

19  tolerated going forward. Nonetheless, with respect to the instant

20  matter, in the interest of reaching a just resolution on the

21  merits, the court has considered the Motion.

22      Plaintiffs first contend that exclusion of the releases is

23  justified under Rule 37(c)(1) as a result of Defendants' alleged

24  violations of Rule 26(a) and (e). (See Motion at 11.) Rule 26(a)

25  requires parties to make initial disclosures, without awaiting a

26  discovery request, of copies of documents (or a description

27  thereof) that it has in its possession, custody, or control and

28  that it may use to support its claims or defenses. Rule 26(e)

15

requires that parties supplement or correct their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Plaintiffs assert that Defendants should have produced the releases in their initial disclosures or supplemented their disclosures and responses. (See Dkt. No. 260-1 at 8.)

The court is unpersuaded. Defendants have provided what the court concludes is a reasonable explanation for their failure to identify and produce the records in their Rule 26(a) disclosures: Defendants incorrectly assumed that any releases signed by the Butlers and other Woodland Hills employees would have been included in their personnel files, an assumption with which Plaintiffs apparently agreed. (Declaration of George Preonas in Support of Defendants' Opposition to Plaintiffs' Motion for Relief Under Rules 26 and 37 ¶¶ 3-4 & Ex. G at 50:14-19.) Defendants' counsel explained the circumstances as follows:

> The releases were not contained in personnel files. Rather, the releases for the former employees at the Woodland Hills facility were stored offsite along with other documents collected from the Woodland Hills facility after that facility was shut down over three years ago. Many of the Human Resources personnel, who would have been responsible for the administration of the releases, were laid off when the Woodland Hills facility closed. This appears to be the reason why the releases were not kept in the personnel files of former employees who worked at the Woodland Hills facility.

(Id. ¶ 4.) The court has no basis to doubt Defendants' explanation, particularly given that production of the records at an earlier juncture would have significantly benefitted Defendants because it likely would have obviated significant litigation expenses related

1 to the 21st Century employees. Because it appears Defendants were

2 not aware of the documents at the time of their initial

3 disclosures, the court does not find a Rule 26(a) violation.

4     As to Rule 26(e), Defendants were not required to supplement

5 or correct their disclosures because the Releases had "otherwise

6 been made known to [Plaintiffs] during the discovery process." Rule

7 26(e)(1)(a). Indeed, Defendants' counsel informed Plaintiffs'

8 counsel of the releases on the same they discovered them--August 2,

9 2013--and then promptly produced the Releases and related documents

10 within the following week. (Preonas Decl. ¶¶ 5-6 & Exs. A-D.)

11     Because neither Rule 26(a) or (e) were violated, no relief is

12 warranted under Rule 37(c)(1).

13     Second, Plaintiffs assert that Defendants violated Rule

14 37(b)(2)'s requirement that parties obey court orders by failing to

15 provide certifications for their supplemental discovery responses.

16 Plaintiffs do not specify what relief they believe is warranted.

17 While the court expects full compliance with its orders, the court

18 is not persuaded that any sanction is necessary to remedy any

19 prejudice suffered by Plaintiffs or to ensure compliance going

20 forward in this case. As Plaintiffs acknowledge, although Defendant

21 apparently did not provide the required certifications along with

22 their earlier supplemental productions, Defendants did so in their

23 most recent production on February 12, 2014. (See Declaration of

24 William X. King in Support of Plaintiff's Motion for Relief Under

25 Rules 26 and 37 Ex. 9.1 at 14-15.) The court also notes that the

26 Magistrate has not issued sanctions with respect to this issue.

27     Third, Plaintiffs assert that Defendants have violated Rule

28 26(g) because they have failed to conduct a "reasonable inquiry" to

ensure that their discovery requests or responses are complete and correct. The court is not persuaded that relief is warranted. For the reasons discussed above, the court accepts Defendants' explanations as to why the Releases were not discovered and produced earlier.

Accordingly, Plaintiffs are not entitled to the relief sought in their Motion for Relief Under Rules 26 and 37.

**III. Motion to Deny Class Certification as to 21st Century Class**

Finally, in light of the discussion above, the court considers Defendants' Motion to Deny Class Certification as to the 21st Century Class. (Dkt. No. 256.)  As discussed at the outset, the Motion is effectively a supplemental opposition to Plaintiffs' Motion to Modify and Clarity Class Definitions, wherein Plaintiffs request that the court modify the Rule 23 class action definition to include employees of 21st Century. (Dkt. No. 240.)

**A.   Legal Standard**

A district court's order granting class certification is subject to later modification. See Fed. R. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."); Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 n. 11, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (describing a court's class certification order as "inherently tentative"); see also Officers For Justice v. Civil Serv. Comm'n, 688 F.2d 615, 633 (9th Cir. 1982).

The party seeking class certification bears the burden of showing that each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are met. See Hanon v.

1 | Dataprods. Corp., 976 F.2d 497, 508-09 (9th Cir. 1992). Rule 23(a)

2 | sets forth four prerequisites for class certification:

3 |     (1) the class is so numerous that joinder of all members is
impracticable; (2) there are questions of law or fact

4 | common to the class; (3) the claims or defenses of the
representative parties are typical of the claims or

5 | defenses of the class; and (4) the representative parties
will fairly and adequately protect the interests of the

6 | class.

7 | Fed. R. Civ. P. 23(a); Hanon, 976 F.2d at 508. These four

8 | requirements are often referred to as numerosity, commonality,

9 | typicality, and adequacy. See Gen. Tel. Co. of Southwest v. Falcon,

10 | 457 U.S. 147, 156 (1982). The U.S. Supreme Court has emphasized

11 | that "it may be necessary for the court to probe behind the

12 | pleadings before coming to rest on the certification question, and

13 | that certification is proper only if the trial court is satisfied,

14 | after a rigorous analysis, that the prerequisites of Rule 23(a)

15 | have been satisfied." Comcast Corp. v. Behrend, 133 S. Ct. 1426,

16 | 1432, 185 L. Ed. 2d 515 (2013) (quotation marks and citations

17 | omitted). "Such an analysis will frequently entail overlap with the

18 | merits of the plaintiff's underlying claim. That is so because the

19 | class determination generally involves considerations that are

20 | enmeshed in the factual and legal issues comprising the plaintiff's

21 | cause of action." Id. (quotation marks and citations omitted).

22 |     Prior to reaching the question whether class certification is

23 | appropriate, however, the court must be satisfied that the person

24 | seeking to represent the class has standing to invoke the court's

25 | jurisdiction. "[S]tanding is the threshold issue in any suit. If

26 | the individual plaintiff lacks standing, the court need never reach

27 | the class action issue." Lierboe v. State Farm Mut. Auto. Ins. Co.,

28 | 350 F.3d 1018, 1022 (9th Cir. 2003) (quoting 3 Herbert B. Newberg

on Class Actions § 3:19, at 400 (4th ed. 2002)). To invoke the jurisdiction of a federal court, a plaintiff must assert a "case" or "controversy" within the meaning of Article III of the U.S. Constitution. To do so, a plaintiff must show that she has suffered an injury in fact that is traceable to the defendant's conduct and is capable of being redressed by the court. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

When a named plaintiff has no cognizable claim for relief, "she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail." Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d at 1022. See also Boyle v. Madigan, 492 F.2d 1180, 1182 (9th Cir. 1974) ("Until [the named plaintiffs] can show themselves aggrieved in the sense that they are entitled to the relief sought, there is no occasion for the court to wrestle with the problems presented in considering whether the action may be maintained on behalf of the class.")

**B.  Discussion**

Defendants first assert that the Butlers may not serve as class representatives because, having signed the Releases, they lack standing to pursue not only their own claims, but also certification as to any class or subclass of 21st Century employees. (Motion at 10.) While the court is not aware of any case that closely parallels the unique facts of the instant case, Defendants' position is well supported. Under Ninth Circuit authority, a plaintiff relinquishes standing to act as a class representative if she agrees to a private settlement releasing her claims and any other interests she formerly had in class representation. See Sanford v. MemberWorks, Inc., 625 F.3d 550, 557

(9th Cir. 2010) (class representative who entered into a settlement agreement in which she agreed to release underlying claims relinquished standing to pursue class action claim on appeal); Narouz v. Charter Commc'ns, LLC, 591 F.3d 1261, 1264 (9th Cir. 2010) (class representative lost standing to appeal denial of class certification by "release[ing] any and all interests he or she may have had in class representation through a private settlement agreement."). While Sanford and Narouz involved settlements reached after the lawsuits were filed but before the filing of an appeal, the court is aware of no reason why agreements releasing claims reached before filing a lawsuit should not likewise preclude a plaintiff from pursuing such claims.

As explained above, the court concludes that Jennifer and Anthony Butler have no viable causes of action against Defendants as a result of their signing Releases relinquishing all claims arising from their employment with Defendants. As a result, there remains no case or controversy before the court as to the Butlers' claims. The Butlers' bid to represent employees of 21st Century therefore fails. O'Shea v. Littleton, 414 U.S. 488, 494 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.")

In opposing Defendants' motion, Plaintiffs make various arguments to the effect that Defendants waived their release-based defense. (Opposition at 2-8.) Plaintiffs' waiver arguments fail for the reasons discussed in the previous subsections.

1    Plaintiffs also contend that, even if the Butlers are
2  dismissed as class representatives, David Ribot ("Ribot") may serve
3  as the class representative for the California subclass.
4  (Opposition at 12.) The court does not agree.

5    Ribot was employed only at the facility operated by Farmers in
6  Simi Valley, California. (Declaration of Christopher Crosman in
7  Support of Motion to Deny Certification ¶ 3 & Ex. A at 38:10-15.)
8  He never worked at the Woodland Hills facility or any other 21st
9  Century facility. It is undisputed that Ribot never signed any
10 release of his claims, (see Reply at 12), but that all or nearly
11 all employees of the Woodland Hills facility did sign releases.
12 (See Reply at 10.) As a result, Ribot does not meet the requirement
13 of typicality as a representative of the 21st Century Woodland
14 Hills employees. Plaintiffs cannot establish that "the claims or
15 defenses of the representative parties are typical of the claims or
16 defenses of the class," Rule 23(a)(3), because Defendants' key
17 defense of release of claims is applicable to 21st Century
18 employees but is not applicable to Ribot.

19   Because no named Plaintiff satisfies the requirements to serve
20 as a representative of 21st Century Woodland Hills employees, 21st
21 Century cannot be included in the certified Rule 23 class.

22

23 **III. Conclusion**

24   For the reasons set forth herein, Defendants' Motion for
25 Partial Summary Judgment (Dkt. No. 279) is GRANTED; Plaintiffs'
26 Motion for Relief Under Rules 26 and 37 (Dkt. No. 260) is DENIED;
27 Plaintiffs' Motion to Modify and Clarify Class Definitions (Dkt.
28 No. 240) is DENIED in part insofar as it requests that 21st Century

1  be added to the Rule 23 state law class definition; and Defendants'

2  Motion to Deny Certification as to 21st Century Class (Dkt. No.

3  256) is GRANTED.

4

5  IT IS SO ORDERED.

6  Dated: June 4, 2014

7                                        DEAN D. PREGERSON

8                                        United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28