# SETTLEMENT AGREEMENT
# AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims, which includes the Recitals and the Exhibit attached hereto, (the "Agreement"), is made and entered into by and between Plaintiffs (as hereinafter defined) and Plaintiffs' Counsel (as hereinafter defined), on the one hand, and Defendants (as hereinafter defined), on the other hand, (collectively, the "Parties").

## RECITALS

WHEREAS, David Ribot, Perry Hall, Jr., Deborah Mills, Anthony Butler, Jennifer Butler, Jonathan Luna, and Lois Barnes filed their Original Complaint, *David Ribot, Perry Hall, Jr., Deborah Mills, Anthony Butler, Jennifer Butler, Jonathan Luna, and Lois Barnes, individually, and on behalf of all others similarly situated v. Farmers Services, LLC, Farmers Insurance Exchange, and 21st Century Insurance Company*, Case No. CV 11-02404 DDP (FMOx) on March 22, 2011, in the United States District Court for the Central District of California as a proposed collective and class action. Plaintiffs alleged, among other things, that Defendants violated the Fair Labor Standards Act ("FLSA") and various state laws (California, Kansas, Texas and Michigan) by failing to pay them and similarly situated current and former "customer service representatives" for work they allegedly performed before the start of their shift, at the end of their shift, and during rest and lunch periods. The Original Complaint sought unpaid wages, overtime compensation, liquidated damages, pre-judgment interest, and attorneys' fees and costs.

WHEREAS, on May 31, 2011, Named Plaintiffs (as hereinafter defined) filed a First Amended Complaint in which they added Rita Dunken, and included additional claims under Oregon law.

WHEREAS, on September 16, 2011, Named Plaintiffs filed a Second Amended Complaint excluding certain time periods from the Lawsuit based upon a prior settlement by Defendants with the Department of Labor.

WHEREAS, on July 17, 2013, the Court granted in part and denied in part Plaintiffs' Motion for Class and Conditional Certification. Specifically, as to the Rule 23 Class Certification, the Court certified five state classes (California, Kansas, Texas, Michigan, and Oregon) of "Customer Service Representatives or similar customer-facing job positions with the central duty of taking inbound telephone calls from policyholders and agents" up until 2010, when Defendants made certain timekeeping system changes. The Court limited certification to alleged uncompensated pre-shift work, holding that claims of improper "rounding" and uncompensated post-shift work were too individualized.

WHEREAS, on February 14, 2014, Defendants filed a Motion to Deny Certification as to Defendant 21st Century on the basis that the relevant 21st Century employees had previously released all state law claims.

WHEREAS, the Court concluded that the matter of the 21st Century releases was best addressed on a motion for summary judgment, and on April 14, 2014, ordered Defendants to file

1

# EXHIBIT 1

a motion for summary judgment on the issue of the releases by April 29, 2014, and that motion was heard on June 2, 2014.

WHEREAS, on June 4, 2014, the court issued an order granting Defendants' Motion for Partial Summary Judgment as to the releases, denying Plaintiffs' Motion for Relief under Rules 26 and 37, and denying Plaintiffs' Motion to Modify and Clarify Class Definitions insofar as it requested that 21st Century be added to the Rule 23 state law class definition.

WHEREAS, on June 4, 2014, the court further granted Defendants' Motion to Deny Certification as to the 21st Century Class.

WHEREAS, by virtue of the above, the following Rule 23 classes remain:

- <u>California State Law Class</u>:  Simi Valley Facility (March 22, 2007 to April 30, 2009);

- <u>Kansas State Law Class</u>:  Olathe HelpPoint (March 22, 2006 to May 10, 2010) and ServicePoint facilities (March 22, 2006 to February 1, 2010);

- <u>Michigan State Law Class</u>:  Caledonia HelpPoint (March 22, 2005 to May 10, 2010) and ServicePoint facilities (March 22, 2005 to February 1, 2010);

- <u>Oregon State Law Class</u>:  Hillsboro ServicePoint (March 22, 2005 to February 1, 2010) and Portland Claims Service Center (March 22, 2005 to February 1, 2010); and,

- <u>Texas State Law Class</u>:  Austin ServicePoint (March 22, 2007 to February 1, 2010).

WHEREAS, there are 3,910 members in the Rule 23 classes.

WHEREAS, in addition to the Rule 23 classes, there is also an FLSA class limited to 21st Century's Woodland Hills facility (February 24, 2009 through January 31, 2010) and Farmers Services' Simi Valley facility (February 24, 2009 through April 24, 2009).

WHEREAS, there are 52 members in Plaintiffs' FLSA class.

WHEREAS, Defendants filed a Motion for Partial Summary Judgment on November 10, 2014, challenging Plaintiffs' state law claims.

WHEREAS, Defendants' Motion for Partial Summary Judgment was set to be heard on January 21, 2015.

WHEREAS, Plaintiffs and Defendants conducted extensive discussions in an effort to resolve this Litigation, including an in-person mediation session on January 9, 2015, presided over by mediator Hunter Hughes, which resulted in a Memorandum of Understanding prior to the hearing on Defendants' Motion for Partial Summary Judgment, which caused that hearing to come off calendar.

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
David Ribot, et al. v. Farmers Services LLC, Farmers Insurance Exchange, and 21st Insurance Company, Case No. CV 11-02404 DDP (FMOx)
19286349v.2

**EXHIBIT 1**

WHEREAS, Defendants deny and continue to deny all of the allegations made by Plaintiffs in the Litigation, have denied and continue to deny that they are liable or owe damages or other compensation or remedies to anyone with respect to the alleged facts or causes of action asserted in the Litigation, and have denied and continue to deny that collective and class action certification was appropriate in this case. Nonetheless, without admitting or conceding any liability or damages whatsoever, without admitting that pay and/or overtime amounts were improperly withheld from any employees, and without admitting that collective and class action certification is appropriate, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation.

WHEREAS, Plaintiffs' Counsel has conducted an extensive investigation relating to the Litigation, including but not limited to interviewing Plaintiffs, reviewing data on Plaintiffs, reviewing thousands of pages of documents produced by Defendants, conducting extensive discovery, conducting numerous depositions, and litigating the case for several years.

WHEREAS, Plaintiffs' Counsel has analyzed and evaluated the merits of the claims made against Defendants in the Litigation and the impact of this Agreement on Plaintiffs. Plaintiffs' Counsel has weighed the strength and weaknesses of Plaintiffs' claims against the substantial risks of continued litigation, including the possibility that the Litigation might result in no recovery for Plaintiffs or a less favorable recovery than is available through this Agreement and the reality that any recovery would be delayed, perhaps by many years. In light of those factors, Plaintiffs' Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of Plaintiffs.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the adequacy of which is hereby acknowledged, the Parties hereto agree to a full and complete settlement of the Litigation on the terms and conditions set forth herein.

## 1.   DEFINITIONS

The defined terms set forth herein shall have the meanings ascribed to them below.

1.1   **Court.** "Court" refers to the United States District Court for the Central District of California, the Honorable Dean D. Pregerson presiding.

1.2   **Defendants.** "Defendants" means Farmers Services, LLC, Farmers Insurance Exchange, and 21st Century Insurance Company.

1.3   **Defendants' Counsel. "Defendants' Counsel" refers to Seyfarth Shaw LLP.** For purposes of providing any notices required under this Agreement, such notice shall be provided to **George E. Preonas and Dean A. Martoccia, 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3063.**

1.4   **Effective Date; Effective.** "Effective" means the occurrence of all of the following, and "Effective Date" shall be the date that all of the following have occurred:

**EXHIBIT 1**

(A)     the Court has entered an order granting the motion for final settlement approval, and dismissing the case with prejudice; and

(B)     the order granting the motion for final settlement approval and dismissing the case with prejudice has become Final. "Final" means the later of the time for seeking appellate review has expired and no appeal has been filed; or, if appellate review is sought, after all avenues of appellate review have been exhausted and no further appellate review is permitted and the ruling on the motion for settlement approval has not been modified in any way; and

(C)     the Parties execute this Agreement.

**1.5     Litigation.** "Litigation" means the case of *David Ribot Perry Hall, Jr., Deborah Mills, Anthony Butler, Jennifer Butler, Jonathan Luna, Rita Dunken, and Lois Barnes, individually, and on behalf of all others similarly situated v. Farmers Services, LLC, Farmers Insurance Exchange, and 21st Century Insurance Company*, Case No. CV 11-02404 DDP (FMOx), pending in the United States District Court for the Central District of California.

**1.6     Parties.** "Parties" means Plaintiffs, Plaintiffs' Counsel, and Defendants.

**1.7     Plaintiffs.** "Plaintiffs" refers to the Named Plaintiffs, Opt-in Plaintiffs who are represented by Plaintiffs' Counsel in the Litigation, and the Rule 23 class members who do not opt-out of this settlement.

**1.8     Named Plaintiffs.** The "Named Plaintiffs" refers to David Ribot, Perry Hall, Jr., Deborah Mills, Anthony Butler, Jennifer Butler, Jonathan Luna, Rita Dunken, and Lois Barnes.

**1.9     Plaintiffs' Counsel.** "Plaintiffs' Counsel" refers to the SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM, ZELBST HOLMES & BUTLER, and the LAW FIRM OF JOSEPH H. LOW IV.  For purposes of providing any notices required under this Agreement, such notice shall be provided to Laureen Bagley, 101 E. Whaley Street, Longview, TX 75601.

**1.10    Settlement Payment.** "Settlement Payment" means the amount of $600,000.00, that Defendants will pay to settle pursuant to this Agreement, as described in Section 4.1.

## 2.       WAIVER OF APPEAL RIGHTS

**2.1**     By accepting this settlement and authorizing the dismissal of this case with prejudice, Plaintiffs and Plaintiffs' counsel agree to waive any and all rights they may have to appeal any judgment, ruling, or order made by the Court in this Litigation, including, without limitation, the order granting the motion for final settlement approval and dismissing the case with prejudice.

**EXHIBIT 1**

### 3.     EFFECT OF FAILURE TO GRANT FINAL APPROVAL

**3.1**     In the event the Court fails to enter an order granting the motion for final settlement approval and dismissing the case with prejudice in accordance with this Agreement or such order does not become Final as defined herein, the Parties shall proceed as follows:  The Litigation will resume unless the Parties jointly agree to:  (1) seek reconsideration of the decision denying approval of the settlement, or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.  In the event any reconsideration is denied, or a mutually-agreed settlement is not approved:

(A)     The Litigation will proceed as if no settlement has been attempted.  In that event, Defendants retain the right to contest whether the Litigation should be maintained as a collective and class action and to contest the merits of all claims being asserted in the Litigation.  Discovery will remain closed.

(B)     If the Litigation proceeds because the Court fails to enter an order granting the motion for settlement approval and dismissing the case with prejudice in accordance with this Agreement or such order does not become Final as defined herein, the Parties will make a joint motion for continuance of the trial date. Discovery will remain closed.

(C)     If this settlement is not approved, no agreement set forth in any documents generated or orders issued relating to the settlement will be admissible in any future proceeding in this or any other action.

### 4.     SETTLEMENT PROCEEDS

**4.1     Settlement Payment.**

Subject to the Court's approval, the settlement amount is $600,000.00 ("Settlement Payment"). The Settlement Payment is inclusive of attorneys' fees, litigation expenses, costs, and claims administration fees and costs.    The Settlement Payment will be non-reversionary.

**4.2     Settlement Amounts Payable as Attorneys' Fees/Costs and to Named Plaintiffs.**

(A)     Plaintiffs' Counsel shall petition the Court for $200,000 of the Settlement Payment as an award of attorneys' fees.  Plaintiffs' counsel will also seek reimbursement of reasonable litigation and administration costs.  Defendants will not oppose such a fee and cost application.  Defendants shall have no additional liability for fees and costs in connection with this Litigation or the claims released by this Agreement, including, without limitation, administrative costs, expert fees and costs, or attorneys' fees and costs.  These fees and costs are included in, and shall be paid from, the Settlement Payment.  Plaintiffs' Counsel agrees that they are responsible for allocating this portion of the Settlement Payment among themselves and any other counsel for the Plaintiffs regarding any claims being settled through this Agreement.  In the event an attorneys' lien is asserted relating to this Agreement or

**EXHIBIT 1**

any portion of the Settlement Payment, Defendants are hereby released from any such attorneys' lien claim.

(B)  If Plaintiffs' Counsel's attorneys' fees and costs are reduced by the Court, that portion of the requested attorneys' fees and costs shall be distributed to Plaintiffs as described in Section 4.3 in proportion to the amounts designated for each Plaintiff.

(C)  Plaintiffs' Counsel shall petition the Court for the following amounts to be deducted from the Settlement Payment for the Named Plaintiffs for their class representation:  $3,000 shall be allocated to David Ribot, Deborah Mills, Perry Hall, Jonathan Luna, Rita Duncan, Anthony Butler, Jennifer Butler, and Lois Barnes, as service payments. Defendants will not oppose these allocations.  The amount of service payments will be subject to court approval and be deducted from the Settlement Payment.

(D)  The Net Settlement Amount shall be the amount remaining from the Settlement Payment after deducting the amounts set forth in Sections 4.2(A),(B) and (C) and shall be distributed to Plaintiffs in accordance with Section 4.3 below.

**4.3  Preliminary Approval, Notice to Opt-Out of Settlement, and Distribution to Plaintiffs.**

(A)  Plaintiffs' Counsel will file an unopposed motion for preliminary settlement approval by March 30, 2015.

(B)  Assuming that the Court finally approves this settlement, each Plaintiff and Named Plaintiff will be entitled to receive a Settlement Award.

(C)  The parties agree that RUST Consulting will be the settlement administrator, and payment to RUST for its settlement administration services will be deducted from the Settlement Amount.

(D)  RUST will send notice of preliminary approval of the settlement to each Plaintiff and inform each Plaintiff that they are entitled to opt-out of the settlement by completing and returning an opt-out form or receive payment under the Settlement by returning a completed claim application form.

(E)  RUST will be responsible for administering all payments under this settlement, including settlement distributions to Plaintiffs, approved payments to the Named Plaintiffs under this agreement, and payment to Plaintiffs' Counsel of approved attorneys' fees and costs.

(F)  Settlement Awards shall not be considered as a payment of overtime, salary, wages and/or compensation to any Plaintiff under the terms of any benefit plan or for any purpose except for tax purposes as provided under Section 4.4.  The receipt of Settlement Awards under the terms of this Agreement shall not affect participation in, eligibility for, vesting in, the amount of any past or future contribution to, or

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
David Ribot, et al. v. Farmers Services LLC, Farmers Insurance Exchange, and 21st Insurance Company, Case No. CV 11-02404 DDP (FMOx)
19286349v.2

**EXHIBIT 1**

level of benefits under any benefit plans.  Any amounts paid will not impact or modify any previously credited hours of service or any past or future compensation taken into account under any employee benefit plan sponsored or contributed to by Defendants or any jointly-trusteed benefit plans.

    (1)    For purposes of this Agreement, "benefit plan" means each and every "employee benefit plan" as defined in 29 U.S.C. § 1002(3), and any other bonus, pension, stock option, stock purchase, stock appreciation, welfare, profit sharing, retirement, disability, vacation, severance, hospitalization, insurance, incentive, deferred compensation, or any other similar benefit plan providing benefits for one or more current or former employees and/or their beneficiaries.

(G)    Defendants will deliver the Settlement Payment check to RUST no later than ten (10) business days after the Effective Date, and RUST shall coordinate the preparation and distribution of checks to the Plaintiffs, Named Plaintiffs, and Plaintiffs' counsel.

(H)    The checks sent to Plaintiffs for their Settlement Awards shall be valid for 120 days.  In the documentation to be sent to Plaintiffs with their checks, RUST shall explain that the checks shall be void after 120 days.

(I)    Any uncashed checks shall escheat pursuant to applicable state law.

**4.4    Taxability of Payments to Plaintiffs, Plaintiffs' Counsel.**

(A)    For tax purposes, payments to Plaintiffs and Named Plaintiffs pursuant to Section 4.3 shall be treated as wages.

(B)    Payments treated as wages pursuant to Section 4.4(A) shall be made net of applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA and FUTA taxes, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2.

(C)    Payments of attorneys' fees and costs pursuant to Section 4.2 shall be made without withholding and reported to the IRS and the payee under the payee's name and taxpayer identification number, which each such payee shall provide for this purpose, on an IRS Form 1099.

(D)    Plaintiffs, Named Plaintiffs and Plaintiffs' Counsel acknowledge and agree that each is solely responsible for all taxes, interest and penalties due in connection with their respective individual payments received pursuant to this Agreement and will indemnify, defend, and hold Defendants harmless from and against any and all taxes, interest, penalties, attorneys' fees, and other costs imposed on Defendants as a result of any failure to timely pay such taxes, interest, fees or penalties owed in connection with the respective individual payments.  Plaintiffs, Named Plaintiffs

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
David Ribot, et al. v. Farmers Services LLC, Farmers Insurance Exchange, and 21st Insurance Company, Case No. CV 11-02404 DDP (FMOx)
19286349v.2

**EXHIBIT 1**

and Plaintiffs' Counsel acknowledge and agree that Defendants are not giving any tax advice as to the taxability of the payments received pursuant to this Agreement.

**4.5    Rejection of Settlement Award by Plaintiffs**

(A)    If any individuals opt-out of the Settlement, that individual's allocated Settlement Award will be distributed among the remaining Plaintiffs.

**4.6    Approval of Settlement and Dismissal of Litigation with Prejudice**

(A)    Plaintiffs' Counsel shall file with the Court a motion for final approval of this Settlement and request that the Court dismiss this Litigation with prejudice.

## 5.    RELEASE

**5.1    Release of Claims.**

(A)    By accepting this settlement, authorizing the dismissal of this case with prejudice, and by operation of the Court's order granting the motion for final settlement approval and dismissing the case with prejudice, and except as to such rights or claims as may be created by this Agreement, Plaintiffs forever and fully release Defendants and any of their past, present, or future units, component entities, owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, attorneys-in-fact, insurers, parent companies, divisions, subsidiaries (whether or not wholly owned), affiliates, policyholders, benefit plans, including profit sharing, pension, health, savings, and any other employee benefit plans of any nature, the plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Litigation (collectively, the "Releasees") from any and all claims, demands, charges, complaints, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, that are directly or indirectly related to the Litigation, and the transactions, events, occurrences, acts or omissions that are or were involved in the facts, circumstances and incident(s) giving rise to the Litigation.  This release does not include a release of any administrative charges that cannot be waived as a matter of law, but Plaintiffs agree that they will not accept any monetary recovery from any proceedings relating to such charges.

(B)    Plaintiffs acknowledge that they may hereafter discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to a released claim.  They agree, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law regarding such released claims.  Upon execution of this Agreement, Plaintiffs shall be deemed to have fully, finally, and forever settled, released, and assumed the risk of any and all such released claims.

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
David Ribot, et al. v. Farmers Services LLC, Farmers Insurance Exchange, and 21st Insurance Company, Case No. CV 11-02404 DDP (FMOx)
19286349v.2

**EXHIBIT 1**

(C) Plaintiffs and Plaintiffs' Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants for attorneys' fees or costs associated with the representation of Plaintiffs, except the portion of the $200,000 in attorneys' fees and costs sought and approved by the Court as contemplated by Section 4.2 of this Agreement. It is the Parties' understanding and agreement that any fee and cost payments approved by the Court will be the full, final, and complete payment of all attorneys' fees and costs associated with the Litigation and all claims settled in this Agreement.

(D) For the purpose of implementing a full and complete release, Plaintiffs expressly acknowledge and agree that the releases given in this Agreement are intended to include, without limitation, a waiver of all rights under Section 1542 of the California Civil Code, and any statute, rule, or principle of common law or equity, in any jurisdiction, that is similar to Civil Code Section 1542. No claims, causes of action, demands, debts, obligations, liabilities, or agreements (whether known or unknown, suspected or unsuspected) are reserved. California Civil Code Section 1542 reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

(E) Plaintiffs acknowledge that they have read all of this Agreement, including the above Civil Code section, and that they fully understand both the Agreement and the Civil Code section. By executing this Agreement, Plaintiffs expressly waive any benefits and rights granted to them pursuant to Civil Code section 1542 or any statute, rule, or principle of common law or equity, in any jurisdiction, that is similar to Civil Code Section 1542. Plaintiffs acknowledge and agree that this knowing and voluntary waiver of the provisions of California Civil Code Section 1542 or any statute, rule, or principle of common law or equity, in any jurisdiction, that is similar to Civil Code Section 1542 is an essential and material term of this Agreement, and the Agreement would not have been entered into without such a waiver.

**5.2** **Non-Admission of Liability.** By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit the suitability of this case for collective and class action litigation. Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs. Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
David Ribot, et al. v. Farmers Services LLC, Farmers Insurance Exchange, and 21st Insurance Company, Case No. CV 11-02404 DDP (FMOx)
19286349v.2

**EXHIBIT 1**

factual allegations in any and all Complaints filed in the Litigation; (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative, or arbitral proceeding; and (c) are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for class certification or administration or collective action treatment. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible for any purpose in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement. The Parties agree, however, that to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against any action, suit or other proceeding that may be instituted, prosecuted or attempted in breach of this Agreement.

## 6.   NO PRIOR ASSIGNMENTS OR UNDISCLOSED LIENS

Plaintiffs represent and warrant that they, individually have not assigned, transferred, conveyed, or otherwise disposed of, or purported to assign, transfer, convey, or otherwise dispose of any released claims. Plaintiffs' Counsel represent and warrant that they have not assigned, transferred, conveyed, or otherwise disposed of, or purported to assign, transfer, convey, or otherwise dispose of any claims for attorneys' fees or costs. Plaintiffs' Counsel further represent and warrant that they are not aware of any liens or claims against any of the amounts being paid by Defendants as provided in this Agreement.

## 7.   MISCELLANEOUS

**7.1   Cooperation Between the Parties; Further Acts.**  The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms. Each of the Parties, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**7.2   Confidentiality.**

(A)   The Parties will not communicate with the media relative to the settlement. Until the Court grants the motion for preliminary approval, the Named Plaintiffs and their attorneys agree to maintain in strict confidence the negotiations, fact and terms and conditions of this settlement and the Settlement Agreement to be negotiated by the Parties.

(B)   After the Court grants a motion for preliminary approval, except for communications expressly permitted pursuant to the Settlement Agreement (including communications with members of the Settlement Class), the Named Plaintiffs, and Plaintiffs' Counsel, specifically agree that they will not contact any media nor post or disclose in a public manner (including online, web or internet

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
David Ribot, et al. v. Farmers Services LLC, Farmers Insurance Exchange, and 21st Insurance Company, Case No. CV 11-02404 DDP (FMOx)
19286349v.2

**EXHIBIT 1**

postings, blogs or any other form of public media) the negotiations or details of the settlement.

(C)     If the Named Plaintiffs or Plaintiffs' Counsel are contacted by any media regarding the settlement of the case they may only disclose what is a matter of public record in this case. Nothing in this Section shall prevent Plaintiffs, Named Plaintiffs or Plaintiffs' Counsel from discussing the Settlement privately with any of the following: the Court; their attorneys in this matter; or their personal attorneys, tax consultants, and spouses.

**7.3     Documents and Discovery.**  Within thirty days after Defendants make the Settlement Payment due under this Agreement, Named Plaintiffs and Plaintiffs' Counsel shall return to Defendants confidential documents and data produced by Defendants in connection with this Litigation or destroy said documents and data. Named Plaintiffs and Plaintiffs' Counsel shall certify to Defendants their good-faith efforts to comply with this provision.

**7.4     Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**7.5     Binding Effect.**  This Agreement shall be binding upon the Parties and, with respect to Plaintiffs, their spouses, children, representatives, agents, heirs, trustees, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**7.6     Arms'-Length Transaction; Materiality of Terms.**  The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

**7.7     Captions.**  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**7.8     Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**7.9     Continuing Jurisdiction.**  The Court shall retain jurisdiction over the implementation of this Agreement as well as any and all matters arising out of, or related to, the implementation of this Agreement and of the settlement contemplated thereby. The Court shall not have jurisdiction to modify the terms of the Agreement.

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
David Ribot, et al. v. Farmers Services LLC, Farmers Insurance Exchange, and 21st Insurance Company, Case No. CV 11-02404 DDP (FMOx)
19286349v.2

**EXHIBIT 1**

**7.10**   **Waivers, etc. to be in Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**7.11**   **When Agreement Becomes Effective; Counterparts.**   This Agreement shall become effective upon its execution and pursuant to the provisions of Section 1.4 of this Agreement.   The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

**7.12**   **Facsimile or Scanned Signatures.**   Any Party may execute this Agreement by signing on the designated signature block below and transmitting that signature page via facsimile or e-mail to counsel for the other Party.   Any signature made and transmitted by facsimile or e-mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or e-mail.

**7.13**   **Choice of Law.**   This Agreement shall be construed in accordance with the laws of the State of California.

| DATED: 4/29, 2015 | FARMERS INSURANCE EXCHANGE By: _Margaret S. Giles_ Name: Margaret S. Giles Title: Assistant Secretary |
|---|---|
| DATED: 4/29, 2015 | FARMERS SERVICES, LLC By: _Margaret S. Giles_ Name: Margaret S. Giles Title: Assistant Secretary |

12

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
David Ribot, et al. v. Farmers Services LLC, Farmers Insurance Exchange, and 21st Insurance Company, Case No. CV 11-02404 DDP (FMOx)
Error! Unknown document property name.

**EXHIBIT 1**

DATED: _____, 2015

21ST CENTURY INSURANCE COMPANY

By: _____

Name: Margaret S. Giles

Title: Assistant Secretary

Approved as to Form and Content.

Approved as to Form and Content.

SEYFARTH SHAW LLP

By: _____
George E. Preonas
Dean A. Martoccia
*Attorney for Defendants*
*Farmers Services, LLC, Farmers Insurance*
*Exchange, and 21st Century Insurance Company*

- and -

SLOAN BAGLEY HATCHER AND PERRY

By: _____
Laureen Bagley
Joseph H. Low, IV
John D. Sloan, Jr.
Justin A. Smith
*Attorneys for Plaintiffs*

13
SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
David Ribot, et al. v. Farmers Services LLC, Farmers Insurance Exchange, and 21st Insurance Company, Case No. CV 11-02404 DDP (FMOx)
19286349v.2

**EXHIBIT 1**

DATED: __3\30__, 2015          ACCEPTED AND AGREED:

_____
David Ribot, *Plaintiff*

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
David Ribot, et al. v. Farmers Services LLC, Farmers Insurance Exchange, and 21st Insurance Company, Case No. CV 11-02404 DDP (FMOx)
19286349v.2

**EXHIBIT 1**

DATED: _____, 2015       ACCEPTED AND AGREED:

_____
Perry Hall, Jr., *Plaintiff*

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
David Ribot, et al. v. Farmers Services LLC, Farmers Insurance Exchange, and 21st Insurance Company, Case No. CV 11-02404 DDP (FMOx)
19286349v.2

**EXHIBIT 1**

DATED: 3/31, 2015

ACCEPTED AND AGREED:

Deborah Mills, *Plaintiff*

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

David Ribot, et al. v. Farmers Services LLC, Farmers Insurance Exchange, and 21st Insurance Company, Case No. CV 11-02404 DDP (FMOx)

19286349v.2

**EXHIBIT 1**

DATED: _____, 2015          ACCEPTED AND AGREED:

_____

Anthony Butler *Plaintiff*

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
David Ribot, et al. v. Farmers Services LLC, Farmers Insurance Exchange, and 21st Insurance Company, Case No. CV 11-02404 DDP (FMOx)
19286349v.2

**EXHIBIT 1**

DATED: 4-15 , 2015          ACCEPTED AND AGREED:

Jennifer Butler, *Plaintiff*

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
David Ribot, et al. v. Farmers Services LLC, Farmers Insurance Exchange, and 21st Insurance Company, Case No. CV 11-02404 DDP (FMOx)
19286349v.2

**EXHIBIT 1**

DATED: _4 - 7_, 2015          ACCEPTED AND AGREED:

Jonathan Luna, *Plaintiff*

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
David Ribot, et al. v. Farmers Services LLC, Farmers Insurance Exchange, and 21st Insurance Company, Case No. CV 11-02404 DDP (FMOx)
19286349v.2

**EXHIBIT 1**

DATED: April 5, 2015          ACCEPTED AND AGREED:

_Lois Barnes_

Lois Barnes, *Plaintiff*

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
David Ribot, et al. v. Farmers Services LLC, Farmers Insurance Exchange, and 21st Insurance Company, Case No. CV 11-02404 DDP (FMOx)
19286349v.2

**EXHIBIT 1**

DATED: 3/30 , 2015        ACCEPTED AND AGREED:

_____
Rita Dunken, *Plaintiff*

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
David Ribot, et al. v. Farmers Services LLC, Farmers Insurance Exchange, and 21st Insurance Company, Case No. CV 11-02404 DDP (FMOx)
19286349v.2

**EXHIBIT 1**