UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>IMPORTANT COURT NOTICE</u>
<u>PLEASE READ CAREFULLY</u>

## THIS IS A NOTICE OF A PROPOSED CLASS ACTION SETTLEMENT

<u>YOU MAY RECEIVE MONEY AS A RESULT OF A CLASS ACTION SETTLEMENT</u>

### WHY IS THIS NOTICE BEING SENT TO YOU?

1.      This Notice is to inform you that a proposed settlement in *Ribot, et al, v. Farmers Services, LLC, et al.,* Case No. CV 11-02404 DDP (FMOx) ("Lawsuit"), has been reached by the parties to the Lawsuit and the settlement has been granted preliminary approval by the United States District Court, Central District of California, Honorable Dean D. Pregerson.

2.      The Court has ordered this Notice be sent to you because you have been identified by Defendants as a Class Member in the lawsuit and to inform you of the proposed settlement of the Lawsuit.  The Notice is also intended (1) to describe how the settlement may affect you, including how the Settlement Fund is to be distributed; and (2) to advise you of your rights and options with respect to the settlement.

3.      This is **not** a notice of a lawsuit against you.  **You are not being sued.**  If you are a current employee of Farmers Services, L.L.C., Farmers Insurance Exchange and/or 21st Century Insurance Company, your participation in the settlement will not affect your employment with Farmers Services, L.L.C., Farmers Insurance Exchange and/or 21st Century Insurance Company.

### WHY YOU SHOULD READ THIS NOTICE?

4.  You should read this Notice because you may be entitled to receive money under this settlement.

### WHAT YOU NEED TO DO IF YOU WANT TO RECEIVE MONEY UNDER THIS SETTLEMENT

5.      **Any Class member who wishes to receive the payment he or she may be eligible for under the settlement should return the CLAIM FORM included with this Notice.**  Class members who do not complete and send in the CLAIM FORM postmarked by _____ to the Claims Administrator, Rust Consulting, Inc., at the address below will not receive any payment from the Settlement Fund.  If you file a CLAIM FORM, your settlement payment will be mailed to you by the Claims Administrator following the Court granting final approval of the settlement.

6.      If you have questions about the settlement you may contact the Claims Administrator or Class Counsel. The Claims Administrator's contact information is:

Rust Consulting, Inc.
P.O. Box 2396
Faribault, MN 55021-9096
Telephone: (800) 436-8897
Fax: (877) 244-1458

1

**EXHIBIT 2**

7.     If you are a Class Member and do not timely return the request for exclusion form included in this mailing, you will be bound by all of the provisions of the Settlement Agreement agreed to by the parties to the lawsuit and preliminarily approved by the Court, including a release of all your claims that will prevent you from separately suing on your own behalf.  Your settlement payment check must be cashed within one hundred twenty days (120) after it is issued.  After that date, your settlement payment check will expire and escheat pursuant to applicable State law.

## WHAT IS A CLASS ACTION?

8.     A class action is a lawsuit brought in a single court proceeding by one or more representative plaintiffs, also known as "class representatives" who assert claims and rights on behalf of other similarly-situated people.

## SUMMARY OF THE CLAIMS AND ALLEGATIONS

9.     In this lawsuit, Plaintiffs say that prior to the year 2010, the Defendants had a policy and practice of requiring call center employees like them to perform "off-the-clock" work before the start of their shifts.  Plaintiffs claim that this work included performing certain pre-shift tasks such as booting up computers, logging into the computer and phone systems, reviewing work-related emails, updates and bulletins. Defendants deny that they had any policy or practice of requiring employees to work off the clock, and believe that they followed all applicable laws and regulations in regard to the Class Members.

## WHO IS ELIGIBILE TO RECEIVE MONEY UNDER THIS SETTLEMENT?

10.     This settlement applies only to current and/or former employees of Farmers Services, L.L.C., Farmers Insurance Exchange and/or 21st Century Insurance Company who are in **any** of the following categories ("Class Members"):

All employees or former employees of Farmers Services, L.L.C., Farmers Insurance Exchange and/or 21st Century Insurance Company who worked at the following locations during the following time periods as Customer Service Representatives or similar customer facing job positions with the central duty of taking inbound telephone calls from policy holders and/or agents:

CALIFORNIA:
Simi Valley Facility (Farmers)                     March 22, 2007 to April 30, 2009
Woodland Hills Facility (21st Century)     February 24, 2009 to January 31, 2010

KANSAS:
Olathe HelpPoint Facility                          March 22, 2006 to May 10, 2010
Olathe ServicePoint Facility                      March 22, 2006 to February 1, 2010

MICHIGAN:
Caledonia HelpPoint Facility                     March 22, 2005 to May 10, 2010
Caledonia ServicePoint Facility                 March 22, 2005 to February 1, 2010

2

**EXHIBIT 2**

OREGON:
      Hillsboro ServicePoint Facility            March 22, 2005 to February 1, 2010
      Portland Claims Service Center        March 22, 2005 to February 1, 2010

TEXAS:
      Austin ServicePoint Facility             March 22, 2007 to February 1, 2010

## THE COURT HAS GRANTED PRELIMINARY APPROVAL TO THE SETTLEMENT

11.     On _____, the Court granted preliminary approval for a settlement of the Lawsuit.  The Court has made no opinion on the merits of the Lawsuit and has only given preliminary approval to the settlement of the Lawsuit.

## SUMMARY OF THE SETTLEMENT AGREEMENT

12.     The description below is a summary of the material terms of the proposed settlement.  You may obtain more information about the proposed settlement by contacting Class Counsel or the Claims Administrator at the address listed below.

13.     <u>Settlement Fund.</u>  Farmers Services, L.L.C., Farmers Insurance Exchange and 21st Century Insurance Company and the Plaintiffs/Class Representatives have agreed that, in order to fully and finally resolve the Lawsuit, Farmers Services, L.L.C., Farmers Insurance Exchange and 21st Century Insurance Company will pay a maximum of Six Hundred Thousand Dollars ($600,000) ("Settlement Fund") in exchange for each Class Member releasing claims against them.  After deducting from the Settlement Fund a payment to the Claims Administrator for administering and processing this settlement (approximately $29,986), a service fee to be approved by the Court to the Plaintiffs/Class Representatives for their activities as plaintiffs (not to exceed $3,000 each, for a total of $24,000), Class Counsel's attorney's fees (not to exceed $200,000) to be approved by the Court, reimbursement of reasonable costs to Class Counsel (not to exceed $146,000), to be approved by the Court, the remaining Net Settlement Amount (approximately $200,000) ("NSA") will be distributed to Class Members who have timely filed a CLAIM FORM  to participate in the settlement.

14.     <u>Payment Formula.</u>

     The Net Settlement Amount, (after deducting attorney's fees, costs, administrative costs and service fees to the Representative Plaintiffs) will be distributed to the Participating Class Members that file claims on a pro rata basis according to the number of weeks the Participating Class Member worked during the Settlement Class Period compared to the aggregate number of workweeks worked by all other Participating Class Members during the Class Period.

     The payments distributed to the Participating Class Members will be treated as wages for tax purposes.  However, neither the Parties nor the claims administrator can give you tax advice regarding this matter, and you are responsible for determining the correct payment of any taxes due under the settlement.  It is recommended that you consult a tax advisor regarding this matter.

15.     <u>Attorneys' Fees for Class Counsel:</u>  Class Counsel will be paid from the Settlement Fund.  Class counsel will not ask for attorneys' fees exceeding $200,000.  In addition, Class Counsel will apply to the Court for reasonable court costs.  The actual amount awarded will be determined by the Court to ensure

**EXHIBIT 2**

the amount of attorneys' fees and costs awarded are reasonable. This means that Class Members will not have to directly pay anything to Class Counsel.

## HOW MUCH MONEY CAN YOU RECEIVE UNDER THIS SETTLEMENT?

16.     The amount that you may receive cannot be determined at this time, because it is dependent on the amount of fees incurred by the Claims Administrator, the number of Class Members who decide to submit Claim Forms or who submit requests for exclusion in order to opt out of the settlement and the amounts the Court approves for the service fees to the Plaintiffs and the attorneys' fees for Class Counsel.

## EFFECT OF THE SETTLEMENT – RELEASE OF ALL CLAIMS

Release of Claims: Upon the final approval by the Court of this proposed settlement, and except as to such rights or claims as may be created by this proposed settlement, the Class Members (other than those who file a Request for Exclusion) release and discharge Farmers Services, L.L.C., Farmers Insurance Exchange and 21st Century Insurance Company, jointly and severally, and any of their present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, affiliates, servants, registered representatives, attorneys, insurers, successor sand assigns, from all claims, known or unknown, under federal or state law, that were alleged or that reasonably could have arisen out of the facts alleged in this Lawsuit, while working in a Class position during the Class Period.

17.     The text of the release contained in the settlement agreement between the parties, to which all Class Members who do not file a timely Request for Exclusion will be bound, is attached as Exhibit "A" to this notice.

Conditions of the Settlement.  This settlement is conditioned upon the Court entering an order granting final approval to the settlement as being fair, reasonable, adequate and in the best interests of the Settlement Class.

## WHAT HAPPENS IF YOU DO NOTHING IN RESPONSE TO THIS NOTICE?

18.     If a Class Member does nothing in response to this Notice, the Class member will NOT receive a settlement payment and will be bound by all the terms of the settlement, including releasing all state law based claims. Therefore, the Class Member will not have the right to separately pursue any state law claims covered by this settlement if he/she does nothing.

## WHAT SHOULD YOU DO IF YOU DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT AND/OR WANT TO PURSUE YOUR OWN CLAIMS SEPARATELY FROM THIS CLASS ACTION LAWSUIT?

19.     Class members who do not want to participate in the settlement and/or want to pursue any individual claims separately from the lawsuit must "opt out" of the settlement. Class Members may opt out of the settlement by completing the enclosed Request for Exclusion from the settlement and mailing it to the Claims Administrator at the address listed in paragraph 6 above on or before _____. Your written Request for Exclusion from the settlement must contain your name, signature, address, telephone number and the last four digits of your Social Security Number. The Request for Exclusion

4

**EXHIBIT 2**

from the settlement must be signed by you and returned by mail to the Claims Administrator and postmarked on or before _____.

20.    If you previously filed a "Consent to Opt-In" to the lawsuit when you received the initial Notice of the lawsuit, you cannot file a Request for Exclusion as you have already consented to the lawsuit.

21.    If you choose to be excluded from this settlement, you will not receive any money as a result of the settlement and will not have any right to object to the settlement.  All Requests for Exclusion that do not contain all the information set forth in Paragraph 19 or that are postmarked after _____ will be disregarded.  If you submit a late Request for Exclusion from the settlement, you will not be able to pursue any individual state law claims you may have separately from the Lawsuit.

## WHAT SHOULD YOU DO IF YOU OBJECT TO THE SETTLEMENT?

22.    **IF YOU HAVE AN OBJECTION TO ANY OF THE TERMS OF THE SETTLEMENT,** AND HAVE NOT SUBMITTED a Request for Exclusion, you can submit a written objection to the settlement.  However, if the Court ultimately approves the settlement, you will still be bound by the terms of the settlement.  You may both object to the settlement and receive money under this settlement if it is later finally approved by the Court.

23.    To object to the settlement you must file a written objection by _____ with the Court, located at 312 N. Spring Street, Los Angeles, CA, and mail copies of your objection by certified mail at the same time to all of the attorneys listed in paragraphs 29 and 30 below.  Your objection should clearly explain why you object to the settlement, state each specific reason in support of your objection and any legal support for each objection and must state whether you (or someone on your behalf) intends to appear in Court on _____ at _____ a.m./p.m., at which time the Court will address all objections and decide whether to grant final approval to the settlement.  Your objection must also state your full name, address and the dates and position of your employment with Farmers Services, L.L.C., Farmers Insurance Exchange and/or 21st Century Insurance Company.  **DO NOT TELEPHONE THE COURT.**

24.    If you object to the settlement, you will remain a member of the Class and if the Court approves the settlement, you will be bound by the terms of the settlement in the same way and to the same extent as a Class Member who did not object to the settlement.  Any member of the Class who does not timely file a written objection to the settlement in the manner provided above shall be deemed to have waived all such objections and shall be foreclosed from objecting (by appeal or otherwise) to the proposed settlement.  Any Class Member who does not object to the proposed settlement does not need to appear at the final approval settlement hearing before the Court.

## FINAL SETTLEMENT APPROVAL HEARING

25.    The final approval hearing to be conducted by the Court to address the adequacy, reasonableness and fairness of the proposed settlement will be held on **[], 2015 AT [] a.m.** in Courtroom 3 – 2nd Floor of the United States District Court, Central District.  The final approval settlement hearing may be continued without further notice to you, and you are responsible for verifying the date of the final approval hearing if you wish to attend.  **You are not required to attend the final approval hearing or file an objection to the proposed settlement but you may do either or both.**  You may also appear at the final approval settlement hearing through your own attorney, if you desire, as explained in paragraph 23 above.

5

**EXHIBIT 2**

26.     Any Class member who does not validly and timely object in the manner provided above shall be deemed to have consented to the settlement, waived any and all objections thereto and forever foreclosed from making any objections (by appeal or otherwise) to the proposed settlement.

## NO RETALIATION

27.     The law prohibits Farmers Services, L.L.C., Farmers Insurance Exchange and 21st Century Insurance Company from retaliating against an employee who exercises his/her rights regarding this proposed settlement.  Farmers Services, L.L.C., Farmers Insurance Exchange and 21st Century Insurance Company have agreed they will not contact Class Members for the purpose of attempting to influence them to participate, or not to participate, in this settlement, will not take any adverse employment action, retaliate or discriminate against any Class Member who elects or indicates an intention to participate, or not to participate, in this settlement, and will not disclose the identities of any Class Member who elects or declines to participate in this settlement to any supervisory personnel employed by them, except as necessary to administer the settlement in good faith or for other reasonable business purposes.

## WHAT TO DO IF YOU NEED ADDITIONAL INFORMATION

28.     This Notice only summarizes this Lawsuit, the proposed settlement and related matters.  For more information or if you have any questions regarding the settlement, you may contact the Class Counsel listed in paragraph 29 or Claims Administrator listed in paragraph 6.  *Please do not contact the Clerk of the Court about this class action settlement.*

## WHO REPRESENTS THE PARTIES?

29.     The following attorneys ("Class Counsel") represent the Class Members in the Lawsuit:

**SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM**
John D. Sloan
Laureen F. Bagley
Justin A. Smith
101 E. Whaley Street
Longview, TX  75601
Telephone:  (903) 757-7000

**Joseph H. Low, IV, Esq.**
Joseph@jhllaw.com
One World Trade Center, Suite 2320
Long Beach, CA  90831
Telephone: (562) 901-0840

**ZELBST, HOLMES & BUTLER**
John Zelbst
Chandra Holmes
P.O. Box 365
Lawton, OK 73502-0365
Telephone:  (580) 248-4844

6

**EXHIBIT 2**

30.     The attorneys representing Farmers Services, L.L.C., Farmers Insurance Exchange and/or 21st Century Insurance Company in the Lawsuit are:

**SEYFARTH SHAW LLP**
Dean Martoccia, Esq.
Christopher A. Crosman, Esq.
Daniel Whang, Esq.
2029 Century Park East, Suite 3500
Los Angeles, CA  90067-3063
Telephone: (310) 277-7200

**EXHIBIT 2**

## RELEASE AGREEMENT BETWEEN THE PARTIES

(A)     By accepting this settlement, authorizing the dismissal of this case with prejudice, and by operation of the Court's order granting the motion for final settlement approval and dismissing the case with prejudice, and except as to such rights or claims as may be created by this Agreement, Plaintiffs forever and fully release Defendants and any of their past, present, or future units, component entities, owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, attorneys-in-fact, insurers, parent companies, divisions, subsidiaries (whether or not wholly owned), affiliates, policyholders, benefit plans, including profit sharing, pension, health, savings, and any other employee benefit plans of any nature, the plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Litigation (collectively, the "Releasees") from any and all claims, demands, charges, complaints, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, that are directly or indirectly related to the Litigation, and the transactions, events, occurrences, acts or omissions that are or were involved in the facts, circumstances and incident(s) giving rise to the Litigation. This release does not include a release of any administrative charges that cannot be waived as a matter of law, but Plaintiffs agree that they will not accept any monetary recovery from any proceedings relating to such charges.

(B)     Plaintiffs acknowledge that they may hereafter discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to a released claim. They agree, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law regarding such released claims. Upon execution of this Agreement, Plaintiffs shall be deemed to have fully, finally, and forever settled, released, and assumed the risk of any and all such released claims.

(C)     Plaintiffs and Plaintiffs' Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants for attorneys' fees or costs associated with the representation of Plaintiffs, except for the portion of the $200,000 in attorneys' fees and costs sought and approved by the Court. It is the Parties' understanding and agreement that any fee and cost payments approved by the Court will be the full, final, and complete payment of all attorneys' fees and costs associated with the Litigation and all claims settled in this Agreement.

(D)     For the purpose of implementing a full and complete release, Plaintiffs expressly acknowledge and agree that the releases given in this Agreement are intended to include, without limitation, a waiver of all rights under Section 1542 of the California Civil Code, and any statute, rule, or principle of common law or equity, in any jurisdiction, that is similar to Civil Code Section 1542. No claims, causes of action, demands, debts, obligations, liabilities, or agreements (whether known or unknown, suspected or unsuspected) are reserved. California Civil Code Section 1542 reads as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

EXHIBIT "A"

# EXHIBIT 2