**THE LAW FIRM OF JOSEPH H. LOW, IV**
Joseph H. Low IV (SBN. 194897)
E-mail: joseph@jhllaw.com
One World Trade Center, Suite 2320
Long Beach, California 90831
Telephone:   (562) 901-0840
Facsimile:   (562) 901-0841

**SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM**
Laureen F. Bagley (*Pro Hac Vice*)
E-mail: lbagley@sloanfirm.com
101 E. Whaley Street
Longview, Texas 75601
Telephone:   (903) 757-7000
Facsimile:   (903) 757-7574

Attorneys for Plaintiffs,
DAVID RIBOT, *ET AL.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RIBOT, PERRY HALL, JR., DEBORAH MILLS, ANTHONY BUTLER, JENNIFER BUTLER, JONATHAN LUNA, RITA DUNKEN, and LOIS BARNES, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FARMERS SERVICES, LLC., FARMERS INSURANCE EXCHANGE,  and 21ST CENTURY INSURANCE COMPANY <br><br> Defendants. | CASE NO. 2:11-cv-02404-DDP-JCx <br><br> Assigned to Honorable Dean D. Pregerson Courtroom 3 – 2nd Floor <br><br> **DECLARATION OF LAUREEN F. BAGLEY RE MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Date:            September 28, 2015 <br> Time:           10:00 a.m. <br> Courtroom:   3 – 2nd Floor |

DECLARATION OF LAUREEN F. BAGLEY RE FIRST AMENDED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

**EXHIBIT 5**

## DECLARATION OF LAUREEN F. BAGLEY

I, Laureen F. Bagley, declare as follows:

1.  I am an attorney at law, duly licensed to practice before all courts of the States of Texas, Louisiana and Mississippi and before various districts of the United State District Courts and Fifth Circuit Court of Appeals.  I would further state that I have been approved to practice in the State of California on a pro hac vice basis for the purpose of this action.

2.  Sloan, Bagley, Hatcher & Perry, and our co-counsel, are actively involved in both class action and complex litigation on an ongoing basis. Some of the wage and hour class actions we have handled together with our co-counsel in the past are set forth below.

a.  *Patty Beall, et al v. Tyler Technologies, Inc., et al;* In the United States District Court, Eastern District of Texas, Marshall Division. National FLSA "Misclassification" class action.

b.  *Ingalls, et al. vs. Hallmark Retail, Inc., et al;* In the United States District Court, Central District of California. National FLSA class action.

c.  *Robert Chavoya, et al v. Southern California Edison*; Los Angeles Superior Court Case. California "Misclassification" class action.

d.  *Audrey Wilson, et al vs. Farmers Insurance Exchange, et al*; In the Superior Court of the State of California, County of Los Angeles – Central. California "Misclassification" class action.

3.  Sloan, Bagley, Hatcher & Perry Law Firm played a central role and acted as lead counsel in the *Ingalls v. Hallmark Retail Inc.*, and *Beall v. Tyler Technologies, Inc.* cases listed above.

4.  I have personal knowledge of the following facts, and if called as a witness herein, could and would testify as to their accuracy.

- 1 -

**EXHIBIT 5**

1    5.    I submit this declaration in support of Plaintiffs' Motion for

2    Preliminary Approval of Class and Collective Action Settlement.

3    6.    The parties have reached a settlement subject to the approval of this

4    Court.  Shortly after a day-long mediation on January 15, 2015, conducted by a

5    widely respected mediator, Hunter Hughes, Plaintiffs and Defendants entered into

6    a comprehensive settlement agreement based upon the terms set forth in a

7    memorandum of understanding.  The terms of the settlement were revised and

8    finalized in the Parties' Settlement Agreement and Release of Claims, attached as

9    Exhibit "1" to Plaintiffs' Memorandum of Points and Authorities for Preliminary

10   Approval of Class Action Settlement.

11   7.    The parties have conferred on the terms and contents of the Motion

12   and I expect that the Motion will be unopposed.

13   8.    The core claim of the Rule 23 classes and collective action is the

14   nonpayment of wages.

15   9.    The Settlement will include a claims procedure using one claim form

16   for both the Rule 23 class members and FLSA collective action opt-ins.

17   10.   This is a non-reversionary "claims made" settlement.  To the extent

18   that not all members of the putative class participate, the money that would

19   otherwise be allocated to non-participating member will be redistributed on a pro-

20   rata basis to participating class members.

21   11.   Because the parties are proposing a "claims made" process for the

22   distribution of the net settlement, it is not possible to provide a precise figure for

23   the anticipated average recovery by class members under the settlement.  Based on

24   its experience in similar settlements, however, the settlement administrator, Rust

25   Consulting, estimates a 25% participation rate in a declaration submitted as Exhibit

26   "6" to Plaintiffs' Motion.  Based on this participation rate, the average recovery

27   per class member under the proposed settlement is estimated to be $223.96.

28   12.   A true common fund is being created to settle this case.

- 2 -

**EXHIBIT 5**

13.     The Parties have agreed to a Notice of Proposed Settlement, Claim Form and Request for Exclusion Form collectively referred to as the 'Notice Packet" and attached as Exhibits 2, 3, and 4 to the Plaintiffs' Memorandum of Points and Authorities filed concurrently herewith.

14.     The parties have further agreed to the following: (a) the terms and conditions under which notice will be provided, (b) the amount to be recovered by Class Counsel for attorney's fees and costs (i.e. 1/3 of the Gross Settlement Fund and $146,000 in costs), (c) an appropriate Enhancement Award for the Class Representatives ($3,000 each), (d) a qualified, experienced claims administrator (Rust Consulting), (e) the estimated fees of the Claims Administrator ($29,986).

15.     On March 22, 2011, Class Representatives, David Ribot, Perry Hall, Jr., Deborah Mills, Anthony Butler, Jennifer Butler, Jonathan Luna, and Lois Barnes filed their Original Complaint, styled *David Ribot, Perry Hall, Jr., Deborah Mills, Anthony Butler, Jennifer Butler, Jonathan Luna, and Lois Barnes, individually, and on behalf of all others similarly situated v. Farmers Services, LLC, Farmers Insurance Exchange, and 21st Century Insurance Company*, Case No. CV 11-02404 DDP (FMOx), in the United States District Court for the Central District of California as a proposed collective and class action.  Plaintiffs alleged, among other things, that Defendants violated the Fair Labor Standards Act ("FLSA") and various state laws (California, Kansas, Texas,  and Michigan) by failing to pay them and similarly situated current and former "customer service representatives" for work they performed before the start of their shift, at the end of their shift, and during rest and lunch periods.

16.     Plaintiffs later discovered, in July of 2011, that Defendants had reached a settlement with the DOL to resolve FLSA claims concerning the alleged unpaid pre-shift work by customer service representatives at various call centers across the country--the same claims that Plaintiffs sought to prosecute in the present case.  The DOL settlement paid out $1.52 million to 3,459 call center

- 3 -

**EXHIBIT 5**

workers, who released their FLSA claims in return. The settlement was based on six minutes' worth of pay per workday for each employee. Many of the employees who were compensated for their FLSA claims through this settlement are also included in the Rule 23 state law classes in the present litigation, as state law claims were not released in the DOL settlement.

17. On May 31, 2011, Named Plaintiffs (as hereinafter defined) filed a First Amended Complaint in which they added Rita Dunken, and included additional claims under Oregon law.

18. On September 16, 2011, Named Plaintiffs filed a Second Amended Complaint excluding certain time periods from the Lawsuit based upon the prior settlement by Defendants with the Department of Labor.

19. On July 17, 2013, the Court granted in part and denied in part Plaintiffs' Motion for Class and Conditional Certification. Specifically, as to the Rule 23 Class Certification, the Court certified five state classes (California, Kansas, Texas, Michigan, and Oregon) of "Customer Service Representatives or similar customer-facing job positions with the central duty of taking inbound telephone calls from policyholders and agents" up until 2010, when Defendants made certain timekeeping system changes. The Court limited certification to Plaintiffs' claims of uncompensated pre-shift work.

20. On February 14, 2014, Defendants filed a Motion to Deny Certification as to Defendant 21st Century on the basis that the relevant 21st Century employees had previously released all state law claims.

21. The Court concluded that the matter of the 21st Century releases was best addressed on a motion for summary judgment, and on April 14, 2014, ordered Defendants to file a motion for summary judgment on the issue of the releases by April 29, 2014, and that motion was heard on June 2, 2014.

22. On June 4, 2014, the court issued an order granting Defendants' Motion for Partial Summary Judgment as to the releases, denying Plaintiffs'

- 4 -

**EXHIBIT 5**

1   Motion for Relief under Rules 26 and 37, and denying Plaintiffs' Motion to
2   Modify and Clarify Class Definitions insofar as it requested that 21st Century be
3   added to the Rule 23 state law class definition.

4          23.    On June 4, 2014, the court further granted Defendants' Motion to
5   Deny Certification as to the 21st Century Class.

6          24.    By virtue of the court's ruling above, the following Rule 23 classes
7   remain:

8                 California State Law Class:  Simi Valley Facility (March 22, 2007 to
9                 April 30, 2009);

10                 Kansas State Law Class:  Olathe HelpPoint (March 22, 2006 to May
11                 10, 2010) and ServicePoint facilities (March 22, 2006 to February 1,
12                 2010);

13                 Michigan State Law Class:  Caledonia HelpPoint (March 22, 2005 to
14                 May 10, 2010) and ServicePoint facilities (March 22, 2005 to
15                 February 1, 2010);

16                 Oregon State Law Class:  Hillsboro ServicePoint (March 22, 2005 to
17                 May 10, 2010) and Portland Claims Service Center (March 22, 2005
18                 to May 10, 2010); and,

19                 Texas State Law Class:   Austin ServicePoint (March 22, 2007 to
20                 February 1, 2010).

21          25.    According to Defendants' records there are 3,571 members in the five
22   Rule 23 classes.

23          26.    In addition to the Rule 23 classes, there is also an FLSA class limited
24   to 21st Century's Woodland Hills facility (February 24, 2009 through January 31,
25   2010) and Farmers Services' Simi Valley facility (February 24, 2009 through April
26   24, 2009) consisting of 52 members who timely opted-in to the lawsuit.

27

28

- 5 -

**EXHIBIT 5**

27.    Defendants filed a Motion for Partial Summary Judgment on November 10, 2014, challenging Plaintiffs' state law claims, which was set to be heard on January 21, 2015.

28.    If Defendant's Motion for Summary Judgment is granted, it will eliminate nearly all of the claims in this action. All that will remain would be a small group of individuals with FLSA claims not released in connection with the DOL settlement, and a small California state law subclass. The total estimated liability for the remaining claims is about $88,114.20 much less than the actual settlement sum of $600,000.

29.    If Plaintiffs are successful in challenging Defendants' pending Motion for Summary Judgment, and Defendants' anticipated Motion to Decertify the class, potential recovery at trial is estimated at between $963,838 and $1.85 million. After accounting for fees and costs, the estimated average recovery per class member would range from between $100.47 and $256.29, as explained more fully below.

     *a.*    ***Potential recovery at trial for 6 minutes per day based on breach of contract claims provides average net recovery of $256.29 per class member with a 100% participation rate.***

Assuming that Plaintiffs were to prevail at trial, Plaintiffs have calculated the potential recovery for the breach of contract claims, based on six (6) minutes' worth of pay per day[1] at an average rate of pay of $11.78, for the longest period permitted by each state's applicable statute of limitations, at $1,847,514. After deducting attorney's fees of thirty three and a third percent ($615,222.16) and costs of litigation ($300,000)[2] the net amount for distribution to the class would be $915,222.16. The total number of class members with breach of contract claims is 3,571. Thus, the average recovery per class member would be $256.29 if there

---

[1] Defendants contend that the actual average amount of time necessary to boot up computers was less than 5 minutes. Furthermore, Defendants' timekeeping system rounded the time entries of most class members to the nearest quarter hour, meaning that anything less than 8 minutes spent booting up would not have affected their pay in any event. The Court dismissed Plaintiffs' claims alleging an unfair rounding system employed by Defendants.
[2] The current case expenses are $208,986.00. It is anticipated that the amount of expenses will increase by at least $100,000 if the matter proceeds to trial.

DECLARATION OF LAUREEN F. BAGLEY RE MOTION FOR PRELIMINARY APPROVAL OF CLASS

**EXHIBIT 5**

was a 100 percent participation rate, versus an average recovery of $223.96 for claimants under the proposed settlement, assuming a 25% claims rate.

The following chart shows a comparison by call center of the average potential recovery for breach of contract claims for 100 percent of the class, following trial, versus the projected recovery from the proposed settlement amount, based on a 25% participation rate:

| | Potential Recovery 100% | Settlement Recovery 25% participation |
|---|---|---|
| Olathe Kansas Service Point | $262.75 | $275.80 |
| Olathe Kansas Help Point | $234.07 | $177.10 |
| Grand Rapids MI Service Point | $365.87 | $274.62 |
| Grand Rapids MI Help Point | $241.91 | $184.72 |
| Portland OR BCO | $405.53 | $424.49 |
| Portland OR Service Point | $244.91 | $256.84 |
| Austin TX Service Point | $231.51 | $177.00 |
| Simi Valley CA Rule 23 | $202.24 | $167.21 |
| Simi Valley CA FLSA | $16.38 | $17.16 |
| Woodland Hills, CA FLSA | $119.12 | 101.10 |

**b.   *Potential recovery at trial for 6 minutes per day based on quantum meruit claims provides average net recovery of $156.29 per class member with a 100% participation rate.***

If Defendants prevail on their pending Motion for Summary Judgment dismissing Plaintiff's claims under breach of contract, Plaintiff's potential recovery at trial will be dramatically reduced because of shorter statutes of limitations for

- 7 -

DECLARATION OF LAUREEN F. BAGLEY RE MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**EXHIBIT 5**

1  quantum meruit claims in California, Kansas and Oregon.[3]   If Plaintiffs were to
2  prevail on their quantum meruit claims at trial, the maximum potential recovery for
3  the those claims, based on six (6) minutes per day at an average rate of pay of
4  $11.78, for the longest period permitted by each state's applicable statute of
5  limitations, would be $1,053,475.20.  After deducting attorney's fees of thirty three
6  and a third percent ($350,667.93) and costs of litigation ($300,000). The net
7  amount for distribution to the class would be $417,807.27.  The total number of
8  class members for the quantum meruit claims is 2663.  Thus, the average recovery
9  per class member would be $156.29 if there was a 100 percent participation rate,
10  much less than the estimated average recovery of $223.96 for claimants under the
11  proposed settlement, assuming a 25% claims rate.

### c. Potential recovery at trial for 6 minutes per day based on unjust enrichment claims provides average net recovery of $100.47 per class member with a 100% participation rate.

15  If Defendants prevail on their pending Motion for Summary Judgment
16  dismissing Plaintiff's claims under breach of contract, Plaintiff's potential recovery
17  at trial will also be dramatically reduced because of shorter statutes of limitations
18  for unjust enrichment claims in California, Kansas, Texas and Oregon.[4]   If
19  Plaintiffs were to prevail on their unjust enrichment claims at trial, the maximum
20  potential recovery for those claims, based on six (6) minutes per day at an average
21  rate of pay of $11.78, for the longest period permitted by each state's applicable
22  statute of limitations, is $963,838.80.  After deducting attorney's fees of thirty
23  three and a third percent ($385,535.52) and costs of litigation ($300,000), the net
24  amount for distribution to the class would be $278,303.28.  The total number of
25  opt-ins and class members for the unjust enrichment claims is 2,770.  Thus, the
26  average recovery per class member would be $100.47 if there was a 100%

28  [3] Note that these claims were also included in Defendants' pending motion for summary judgment.
[4] Note that these claims were also included in Defendants' pending motion for summary judgment.

DECLARATION OF LAUREEN F. BAGLEY RE MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**EXHIBIT 5**

1  participation rate, versus an average recovery of $223.96 for claimants under the

2  proposed settlement, assuming a 25% claims rate.

3      30.    Plaintiffs and Defendants conducted extensive discussions in an effort

4  to resolve this Litigation, including an in-person mediation session on January 15,

5  2015, presided over by mediator Hunter Hughes, which resulted in a Memorandum

6  of Understanding prior to the hearing on Defendants' Motion for Partial Summary

7  Judgment, which caused that hearing to come off calendar.

8      31.    Discovery and Investigation.   Plaintiffs' Counsel has conducted an

9  extensive investigation relating to the Litigation, including but not limited to

10  interviewing Plaintiffs, reviewing data on Plaintiffs, obtaining 22 declarations from

11  class members and co-workers, reviewing 4,263 pages of documents produced by

12  Defendants, reviewing 6,000 pages of documents produced pursuant to subpoena

13  by the Department of Labor, conducting extensive discovery, including

14  interrogatories and Requests for production, conducting 32 depositions, including

15  the depositions of three corporate representatives and litigating the case for over

16  three years. Plaintiffs' counsel filed numerous Joint Stipulations in an attempt to

17  obtain discovery in this case, including motions seeking to compel Defendants'

18  responses to Plaintiffs' First Set of Interrogatories, Defendants' responses to

19  Plaintiffs' First Set of Requests for Production, Defendants' tendering of corporate

20  representatives for deposition, and the subpoena of a witness and documents from

21  the Department of Labor. Each of these motions was generally accompanied by

22  multiple and lengthy conferences between Plaintiffs' and Defendants' counsel to

23  resolve their disputes without the necessity of Court intervention.

24      32.    To date there have been 314 filings in this case.   Class counsel has

25  devoted more than 1600 hours to work on the case.

26      33.    Summary of the Settlement.   The settlement was reached in arm's-

27  length negotiations, where both sides had been fully apprised of the respective

28  strengths and weaknesses of their case as a consequence of the substantial

DECLARATION OF LAUREEN F. BAGLEY RE MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

**EXHIBIT 5**

1  discovery and investigation they had already conducted as well as several rulings

2  by the Court.

3      34.    The terms of the Settlement are set forth in the Settlement Agreement

4  and Release of Claims attached as Exhibit 1 to the Memorandum of Points and

5  Authorities in Support of Plaintiffs' Motion for Preliminary Approval of Class

6  Action Settlement filed concurrently herewith.

7      35.    As set forth in the "Settlement Agreement", the scope of the

8  settlement specifically includes class members who fall within the five Rule 23

9  class definitions set forth in the Court's certification order.

10     36.    The principal terms of the settlement are:

11     (A)    Defendants will pay a total sum of SIX HUNDRED THOUSAND

12     DOLLARS ($600,000) ("Settlement Amount") to settle all claims on a

13     class-wide basis. The following will be deducted from the Settlement

14     Amount: (1) attorneys' fees; (2) costs to be paid to Class Counsel; (3)

15     incentive payments to the Class Representatives; (4) settlement

16     administration costs. The remainder will constitute the "Net

17     Settlement Amount" and will be available to Class Members. If the

18     Court approves the deductions from the Settlement Amount, the Net

19     Settlement Amount will be approximately $200,000.

20     (B)    Settlement administration costs are currently estimated at

21     $29,986.

22     (C)    Class representative incentive payments in the total amount of

23     $24,000, with $3,000.00 payable to each of the Class

24     Representatives, David Ribot, Anthony Butler, Jennifer Butler, Rita

25     Dunken, Deborah Mills, Lois Barnes, Jonathan Luna, and Perry Hall,

26     Jr. The incentive payments are in addition to the class representatives'

27     individual settlement payments.

28

DECLARATION OF LAUREEN F. BAGLEY RE MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**EXHIBIT 5**

(D)     Attorney's fees in the amount of 33% of the settlement amount, ($200,000) plus additional litigation costs of up to $146,000 payable to Sloan, Bagley, Hatcher & Perry Law Firm, the Law Firm of Joseph H. Low, IV and the Zelbst Law Firm.  Class counsel has incurred over $179,000 in taxable court costs and total expenses of $208,986. However, in order to maintain the net settlement amount at a minimum of $200,000, Class Counsel will waive their additional court costs over $146,000.

(E)     Formula to Pay Participating Class Members:   Each Class Member will be paid from the Net Settlement amount  on a pro rata basis according to the following formula: (1) the Class Member's total number of workweeks as measured by the start of the applicable class period and the earlier of their last day of employment or January 1, 2009 (the start of the covered period under the terms of the DOL settlement); (2) divided by the aggregate number of workweeks of all Class Members and opt-in Plaintiffs at all call centers at issue (with the division rounded to four decimal places); (3) multiplied by the Net Settlement Amount.

(F)     Claims will be paid on a "claims made" basis.  Class members will be required to submit a Claim Form in order to receive settlement funds. The "claims made" process assures that  only those class members who believe they have not already been fully compensated for their work can submit claims, while those who believe they have already been paid for all of their work time can choose to not submit claims.   Additionally the "claims made" process ensures that the settlement funds will have the best chance of actually being received by Class Members and not end up escheating to the State and never being recovered.   The class periods involved in this case go back as

- 11 -

**EXHIBIT 5**

1   far as 2005, making it likely that many class members will not be

2   located.

3   (G)   Individual Settlement Payments of Class Members who choose

4   exclusion from the Settlement or choose not submit a claim shall be

5   distributed pro rata to the other Participating Settlement Class

6   Members, thus every dollar of the net settlement amount will be

7   received by class members who file claims.

8   (H)   The Parties have agreed on the form of the Notice of Class

9   Action Settlement ("Notice") to be provided to the Class as well as the

10  Claim Form and Request for Exclusion form which are attached to the

11  Memorandum of Points and Authorities filed concurrently herewith as

12  Exhibit 2, 3 and 4 respectively.

13  (I)   Releases by Plaintiffs and Class Members: The Plaintiffs and

14  Class Members who do not opt out of the settlement, and all FLSA

15  opt-in Plaintiffs will release certain claims against the Defendants and

16  related persons or entities. These claims include all federal and state

17  wage and hour claims that are related to unpaid wages, minimum

18  wage, and/or overtime wages, that they brought or could have brought

19  against the Defendants as alleged in the Second Amended Complaint.

20  All California Class Members will also waive any rights under

21  California Civil Code Section 1542.   All pending claims will be

22  dismissed with prejudice.

23  (K)   Notice to the Class: Court approved notice will be sent to all

24  class members via regular First-Class U.S. Mail, using the most

25  current mailing addresses available.

26

27

28

- 12 -

DECLARATION OF LAUREEN F. BAGLEY RE MOTION FOR PRELIMINARY APPROVAL OF CLASS

**EXHIBIT 5**

38.     Plaintiffs' Counsel has analyzed and evaluated the merits of the claims made against Defendants in the Litigation and the impact of this Agreement on Plaintiffs. Plaintiffs' Counsel has weighed the strength and weaknesses of Plaintiffs' claims against the substantial risks of continued litigation, including the possibility that the Litigation might result in no recovery for Plaintiffs or a less favorable recovery than is available through this Agreement and the reality that any recovery would be delayed, perhaps by many years.  In light of those factors, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of Plaintiffs.

Executed on this 26th day of August, 2015 at Longview, Texas.

Laureen F. Bagley

DECLARATION OF LAUREEN F. BAGLEY RE MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**EXHIBIT 5**