**THE LAW FIRM OF JOSEPH H. LOW, IV**
Joseph H. Low, IV (SBN. 194897)
E-mail: joseph@jhllaw.com
One World Trade Center, Suite 2320
Long Beach, CA 90831
Telephone:  (562) 901-0840
Facsimile:   (562) 901-0841

**SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM**
Laureen F. Bagley (*Pro Hac Vice*)
E-mail: lbagley@sloanfirm.com
101 E. Whaley Street
Longview, TX 75601
Telephone:  (903) 757-7000
Facsimile:   (903) 757-7574

JS-6

Attorneys for Plaintiffs,
DAVID RIBOT, *ET AL*.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RIBOT, PERRY HALL, JR., DEBORAH MILLS, ANTHONY BUTLER, JENNIFER BUTLER, JONATHAN LUNA, RITA DUNKEN, and LOIS BARNES, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FARMERS SERVICES, LLC., FARMERS INSURANCE EXCHANGE, and 21ST CENTURY INSURANCE COMPANY<br><br>Defendants. | CASE NO. 2:11-cv-02404-DDP-JCx<br>Assigned to<br>Honorable Dean D. Pregerson<br>Courtroom 3 – 2nd Floor<br><br>**CLASS ACTION**<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:          February 22, 2016<br>Time:         10:00 a.m.<br>Courtroom:  3 – 2nd Floor |

[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT

The unopposed Motion for Final Approval of Class and Collective Action Settlement, filed by Plaintiffs David Ribot, Anthony Butler, Jennifer Butler, Rita Dunken, Deborah Mills, Lois Barnes, Jonathan Luna, and Perry Hall, Jr., ("Plaintiffs") and Plaintiffs' unopposed Motion for Attorney's Fee, Reimbursement of Expenses and Incentive Awards to Lead Plaintiffs came on for hearing regularly in Courtroom 3 – 2nd Floor of the above referenced Court, the Hon. Pregerson presiding.  All parties appeared by counsel of record.  Defendants, Farmers Insurance Exchange, Farmers Services, LLC, and 21st Century Insurance Company ("Defendants") do not oppose the motion.  No objection or opposition from any class member or third-party has been received.

## **ORDER FINALLY APPROVING CLASS SETTLMENT**

Having fully considered the Plaintiffs' Notice of Motion, supporting Memorandum of Points and Authorities, and the Declaration of Bruce Holman, Plaintiffs' unopposed Motion for Attorney's Fee, Reimbursement of Expenses and Incentive Awards to Lead Plaintiffs and its supporting documents, and the arguments of counsel presented to the Court at the hearing of this motion, and with GOOD CAUSE APPEARING, the Court hereby rules as follows:

1. The Court GRANTS the Parties' request for Final Approval of Class Action settlement.  The Court has jurisdiction over the claims of the Class Members asserted in this proceeding and over all Parties to the action.  The Court finds the terms and conditions contained in the Class Action Settlement Agreement ("Settlement"), are fair, reasonable, and adequate.

2. The Court finds that: (1) the settlement amount of $600,000 is fair and reasonable to the Class members, when the strength of their claims is balanced against the probable outcome of further litigation relating to maintaining class certification through trial, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted

such that Class Counsel were able to reasonably evaluate the strength and value of the class claims; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; (4) the proposed Settlement is supported by the opinion of experienced and well-qualified Class Counsel; and (5) the Settlement Class has expressed support of the Settlement as evidence by the receipt of zero (0) objections and only seven (7) requests for exclusion from the class members.

3. The Court finds that, as stated in the Declaration of Bruce Holman on behalf of the Claims Administrator, the Notice of Class Action Settlement documents mailed to the Class ("Notice"), fully and accurately informed the Class Members of all material elements of the proposed Class Settlement and of their opportunity to object to or comment thereon. The Notice was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with applicable law.

4. The Court further finds that Class Counsel's requested fees award of $200,000 (the "Fee Award"), which equals 33.33% of the Gross Settlement Amount, is reasonable. The action was actively prosecuted by Class Counsel, and the Fee Award is justified under a lodestar approach as the reasonable number of hours spent litigating this matter and the 2015 hourly rates of Sloan, Bagley, Hatcher & Perry Law Firm, Law Firm of Joseph H. Low, IV and The Zelbst Law Firm are reasonable, and commensurate with similarly skilled and experienced attorneys in the applicable legal market.

5. In addition, the Fee Award is justified under the percentage-of-the-recovery methodology as a fee equal to one-third of the total recovery has been approved by numerous courts as reasonable and consistent with market-based contingency fee agreements. *See Vasquez v. Coast Valley Roofing*, 266 F.R.D. 482 (E.D. Cal. 2010) (where 33% award of attorney's fees totaled only 56% of the lodestar calculation of attorney's fees); *Chavez v. Petrissans*, Case No. 1:08-cv-

00122-LJO-GSA, ECF No. 89 (E.D. Cal. Dec. 15, 2009) (awarding 33% of common fund in attorney's fees where award amounted to roughly 65% of the class counsel's calculated lodestar); *Romero v. Producers Dairy Foods, Inc.*, Case No. 1:05-cv-00484-DLB, ECF No. 150 (E.D. Cal. Nov. 14, 2007) (awarding 33% of common fund in attorney's fees where award amounted to roughly 31% of the attorney's lodestar calculated fees).

 6. The Court approves Class Counsel's request for recovery of $146,000 in actual costs and expenses in prosecuting this Action and finds that said costs and expenses were reasonably incurred in the prosecution of this case.

 7. The Court approves the payment of the total Incentive Award of $24,000 with $3,000.00 payable to each of the Lead Plaintiffs, David Ribot, Anthony Butler, Jennifer Butler, Rita Dunken, Deborah Mills, Lois Barnes, Jonathan Luna, and Perry Hall, Jr. These payments are in addition to their individual settlement payments. This award is fair and reasonable based on: the work each Class Representative provided to the Class; the risks they undertook in filing suit against their former employer; the duration of the litigation; and absence of any personal benefit to the Lead Plaintiffs beyond any other class member. In light of these factors, the Plaintiffs' incentive award is not disproportionate when weighed against the benefit to the Class of the non-reversionary, gross settlement amount of $600,000.

 8. The Court approves the payment of $29,986 to Rust Consulting, as the appointed Settlement Administrator for the purpose of the Settlement, for reasonable administration costs incurred and to be incurred to conclude the administration of this settlement.

 9. The Court approves the distribution of the Settlement payments to Class Members in the manner specified in the Settlement.

 10. The Court confirms the appointment of Sloan, Bagley, Hatcher & Perry Law Firm, Law Firm of Joseph H. Low, IV and the Zelbst Law Firm as Class

[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Counsel, and Plaintiff's David Ribot, Anthony Butler, Jennifer Butler, Rita Dunken, Deborah Mills, Lois Barnes, Jonathan Luna, and Perry Hall, Jr. as Class Representatives.

11. Based on the foregoing, the Court finds that the Settlement is fair, reasonable, and adequate as to the Class, Plaintiffs and Defendants, and is the product of good faith, arm's-length negotiations between the Parties, and further, that the Settlement agreement is consistent with public policy, and fully complies with all applicable provisions of law. Accordingly, the Court hereby finally and unconditionally approves the Settlement Agreement.

12. Accordingly, GOOD CAUSE APPEARING, the Court hereby ORDERS the following implementation schedule, using the definition set forth in the Settlement, for further proceedings.

| Action | Deadline |
|---|---|
| Defendant to pay the Settlement Administrator the Maximum Settlement Payment of $600,000. | Within fifteen (15) business days after the Final Effective Date of the Settlement.<br><br>("Final Effective Date" is defined as the date by which the time for appeal of the present Order and Judgment has been exhausted without any appeals having been filed, or all such appeals have been voluntarily or involuntarily dismissed, or the appropriate appellate court has finally affirmed the present Order and Judgment.) |
| Settlement Administrator will mail the required payments under the Settlement to the Class, Lead Plaintiffs, Class Counsel for attorneys' fees and expenses. | Within thirty (30) days after the Final Effective Date of this Settlement Agreement. |

13. With this final approval of the Settlement, it is hereby ordered that all claims that are released as set forth in the Stipulation of Settlement are deemed

- 4 -
[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

released, and Class Members are hereby barred from prosecuting these released claims against the Released Parties.

14. The Court retains continuing jurisdiction over this Settlement solely for purposes of enforcing this Agreement, addressing Settlement administration matters, and addressing such post-judgment matters as may be appropriate under Court rules or applicable law. The Parties shall inform the Court, by filed declaration, once all Settlement Funds are finally distributed.

## JUDGMENT

This Court hereby enters Final Judgment in this case, and dismisses it with prejudice, in accordance with the terms of the Settlement Agreement. This Final Judgment constitutes a final judgment pursuant to Federal Rule of Civil Procedure 54(a).

It is hereby ORDERED, ADJUDGED and DECREED that Judgment is hereby ENTERED on the terms set forth above.

Dated: February 23, 2016

HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT